UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

                    Plaintiff,

    v.

KING COUNTY, *et al.*,

                    Defendants.

Case No. C16-1655-RAJ-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Kyle Canty has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed plaintiff's original complaint, his first amended complaint, his responses to the Order to Show Cause, and the balance of the record, concludes that plaintiff has failed to state a cognizable ground for relief in this action.  This Court therefore recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff Kyle Canty is currently confined at the King County Jail in Seattle, Washington where he is awaiting trial in King County Superior Court on charges of felony harassment and

REPORT AND RECOMMENDATION - 1

assault in the third degree.  On October 24, 2016, plaintiff presented to this Court for filing a

civil rights complaint under 42 U.S.C. § 1983 in which he alleged a series of claims, all

apparently related to his ongoing criminal case.  (Dkt. 1.)  Specifically, plaintiff alleged that: (1)

the King County Prosecutor's Office filed charges against him without having probable cause;

(2) the Seattle Police Department engaged in misconduct by making up lies about him; (3) his

speedy trial rights have been violated; (4) the prosecutor had him sent to Western State Hospital

in retaliation for him taking his case to trial; (5) the prosecutor and the court refused to allow him

to subpoena witnesses; (6) the prosecutor and the court refused to open his court proceedings to

the public; and (7) the prosecutor and the court prevented him from filing motions alleging

constitutional violations in the superior court.  (*See* Dkt. 1-1 at 3, 5.)

Plaintiff identified King County, the Seattle Police Department, the City of Seattle, and

the State of Washington as defendants in his complaint.  (*See id*. at 1-3.)  Though not entirely

clear, plaintiff appeared to seek release from custody, dismissal of his criminal charges, and $60

million in damages.  (*See id*. at 4.)

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a

claim upon which relief could be granted in this civil rights action.  Thus, on November 4, 2016,

the Court issued an Order directing plaintiff to show cause why this action should not be

dismissed.  (Dkt. 6.)  Plaintiff was advised in the Order to Show Cause that the claims asserted in

his complaint were all inextricably intertwined with his pending state court criminal proceedings,

and that federal courts will generally not intervene in a pending state court criminal proceeding

absent extraordinary circumstances where the danger of irreparable harm is both great and

immediate.  (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Plaintiff was further

advised that his complaint did not reveal any extraordinary circumstances which would appear to

REPORT AND RECOMMENDATION - 2

1    justify this Court's intervention in his ongoing state court criminal proceedings.  (Dkt. 6 at 2.)

2    Plaintiff was granted thirty days to file a response to the Order to Show Cause.  (*Id*.)

3         On November 14, 2016, the Court received a letter from plaintiff explaining that he had

4    prepared an amended complaint for filing prior to having received the Court's Order to Show

5    Cause.  (Dkt. 7.)  The Court received plaintiff's first amended complaint the following day.

6    (Dkt. 8.)  Plaintiff alleges in his amended complaint that:  (1) he was illegally taken into custody

7    by the Seattle Police Department ("SPD") on July 8, 2016 and was detained at Harborview

8    Medical Center ("HMC") pursuant to RCW 71.05.153 and RCW 71.05.180, statutes governing

9    the involuntary detention of individuals with mental disorders; (2) he was unlawfully arrested a

10   second time by SPD on July 13, 2016 upon his release from HMC; (3) he was illegally

11   interrogated by SPD while being transferred from HMC to jail via ambulance; (4) a probable

12   cause hearing was unlawfully held without plaintiff being present or any lawyer appearing on his

13   behalf; (5) he was improperly charged with felony harassment; (6) the bail amount set by the

14   court is excessive; (6) he has been denied stand-by counsel; (7) he has filed motions in his

15   criminal proceedings which have been illegally denied; (8) he has been denied a speedy trial; (9)

16   he was set-up by SPD so that he can't legally own a firearm; (10) he has been subjected to

17   multiple prosecutions for the same alleged crime; and (11) defendants are trying to convict him

18   based on false information.  (Dkt. 8.)

19        Plaintiff maintains that these alleged unlawful actions by defendants have violated his

20   rights under the First, Second, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.  (*See*

21   *id*.)  Plaintiff identifies the same four defendants in his amended complaint as were named in his

22   original complaint, and he appears to seek relief in the form of damages and an injunction to halt

23   the current criminal prosecution.  (*Id*. at 24-25.)

REPORT AND RECOMMENDATION - 3

1    On November 16, 2016, the Court received from plaintiff two apparent responses to the

2    Order to Show Cause.  (*See* Dkt. 9 at 1-3 and 4-6.)  Plaintiff asserts in his first response to the

3    Order to Show Cause that extraordinary circumstances justify this Court's intervention in his

4    ongoing criminal proceedings, though he appears to rely on the same arguments asserted in his

5    complaints regarding the constitutionality of the current criminal prosecution.  (*Id*. at 1-3.)

6    Plaintiff asserts in his second response that his first amended complaint cures the deficiencies in

7    his original complaint and that this case should therefore not be dismissed.  (*Id*. at 4-6.)

8    Neither plaintiff's amended complaint, nor his responses to the Order to Show Cause,

9    satisfy the Court that this action should be permitted to proceed.  It remains the case that the

10   claims asserted in this civil rights action are inextricable intertwined with plaintiff's ongoing

11   state court criminal proceedings.  As was explained in the Court's Order to Show Cause, federal

12   courts will generally not intervene in a pending state court criminal proceeding absent

13   extraordinary circumstances where the danger of irreparable harm is both great and immediate.

14   *Younger v. Harris*, 401 U.S. 37 (1971).  Plaintiff's amended complaint, like his original

15   complaint, does not reveal any extraordinary circumstances which would appear to justify this

16   Court's intervention in his ongoing state court criminal proceedings.  (*Id*.)  Plaintiff has a venue

17   available to him in which to raise his constitutional claims, and that is the superior court in his

18   pending criminal case.  If plaintiff is unable to obtain relief in the trial court, the state appellate

19   courts remain available to him as well.

## CONCLUSION

21   For the foregoing reasons, this Court recommends that this action be dismissed without

22   prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a cognizable ground for

23   relief.  A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 4

1       Objections to this Report and Recommendation, if any, should be filed with the Clerk and

2    served upon all parties to this suit by no later than **December 19, 2016**.  Failure to file objections

3    within the specified time may affect your right to appeal.  Objections should be noted for

4    consideration on the District Judge's motion calendar for the third Friday after they are filed.

5    Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

6    timely objections are filed, the matter will be ready for consideration by the District Judge on

7    **December 23, 2016.**

8       This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

9    seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

10   assigned District Judge acts on this Report and Recommendation.

11      DATED this 28th day of November, 2016.

12

13   _James P. Donohue_____

JAMES P. DONOHUE
14   Chief United States Magistrate Judge

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 5