UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY<br>VS.           Plaintiff,<br><br>KING COUNTY, et al.,<br>         defendants. | Case No. 2:16-CV-01655-RAJ-JPD<br><br>RE: ORDER TO Show Cause |

(1) MR. Kyle Lydell Canty the plaintiff brings now this action before the United States District Court Western District of Washington At Seattle, challenging Constitutionally the State of Washington's Pursuant to RCW 71.05 Involutary Commitment MR. Canty has now been Prosecuted under RCW 71.05 illegally, meaning King County knowingly, intentionally, maliciously, harmfully, and willfully did not follow proper procdures

P 1 of 6

(2) King County DHMP's even falsified their statements along with the Seattle Police Departments help in a joint effort to violate Mr. Canty's Second Amendment Constitutional rights pursuant to RCW 71.05, if a person is Involuntary Committed for more than fourteen days, the person's Second Amendment Constitutional rights are void, meaning the person is now prohibited from owning a fire Arm. The defendants King County, and the Seattle Police department even wrote about what their intentions were in the State of Washingtons own discovery. MR. Canty the plaintiff is a "pro se" litigant in the State of Washington vs. Kyle Canty Case therefore he has the discovery and now does the federal courts.

(3) After further review of RCW 71.05 it is now known by the Plaintiff MR. Canty that the defendants King County and the Seattle police department needed a Judges order to begin with pursuant to RCW 71.05. The defendants knowingly, intentionally, maliciously, harmfully, and willfully committed these acts of terrorism and then wrote about it in the state of Washington discovery, and the defendants also left a paper trail in the plaintiff's medical records from Harborview medical center, in which the Plaintiff MR Canty requested his own medical records from inside King County Jail where he has been unconstitutionally held at since July 13, 2016.

(4) Harborview medical center released MR. Canty the Plaintiff, after the 72 hour evaluation period not including Sat. or Sun

P 3 of 6

MR. Canty was released from Harborview medical center on July 13, 2016 but then arrested on the same day on the same bogus charges! The King County Prosecutors office, King County DHMPIS, and the Seattle Police Department all knowingly, maliciously, intentionally, harmfully, and willfully conspired together, their own documents along with the plaintiff's medical records with out a reasonable Doubt can 100% prove these facts

(5) MR. Canty the plaintiff, also is challenging Constitutionally the state of Washington's pursuant to RCW 10.77.060 MR. Canty brings this Second Challenge before the federal Courts, on the legal merit that King County Prosecutors, along with King County Judges Should not be given Second third or fourth chances to

P 4 of 6

With out probable cause further create a "Danger of irreparable, irreversible, and malicious harm to the Plaintiff, We are Consirdering this extraordinary Circumstances, also since the plaintiff's 60 day Speedy rights have been purposely violated by King County Prosecutor Aubony G. Burns since July 13, 2016, furthermore pursuant to RCW 71.05 and RCW 10.77.60, both of these proceedings are appart of MR. Canty's permanent health records against his religious beliefs, against his own free will, thus creating a "Danger of irreparable, irreversible and malicious harm to the plaintiff, this is indeed a extraordinary Circumstance that requires the Honorable Chief United States Magistrate Judge James P. Donohue's attention

P 5 of 6

Prepared by:

__2___11/21/2016__
Kyle Lydell Canty
BA# 216020036
King County Jail
500 5th Ave
Seattle WA 98104


All Paralegal Work
Prepared by:

__2___11/21/2016__
Kyle Lydell Canty
BA# 216020036
King County Jail
500 5th Ave
Seattle WA 98104


P 6 of 6


WESTLAW

### 71.05.245. Determination of grave disability, likelihood of serious harm, or need of assisted
West's Revised Code of Washington Annotated | Title 71. Mental Illness | Effective: July 24, 2015 *(Approx. 2 pages)*

> West's Revised Code of Washington Annotated
> Title 71. Mental Illness (Refs & Annos)
> Chapter 71.05. Mental Illness (Refs & Annos)

**Proposed Legislation**

---

Effective: July 24, 2015

West's RCWA 71.05.245

### 71.05.245. Determination of grave disability, likelihood of serious harm, or need of assisted outpatient treatment--Use of recent history evidence

Currentness

(1) In making a determination of whether a person is gravely disabled, presents a likelihood of serious harm, or is in need of assisted outpatient mental health treatment in a hearing conducted under RCW 71.05.240 or 71.05.320, the court must consider the symptoms and behavior of the respondent in light of all available evidence concerning the respondent's historical behavior.

(2) Symptoms or behavior which standing alone would not justify civil commitment may support a finding of grave disability or likelihood of serious harm, or a finding that the person is in need of assisted outpatient mental health treatment, when: (a) Such symptoms or behavior are closely associated with symptoms or behavior which preceded and led to a past incident of involuntary hospitalization, severe deterioration, or one or more violent acts; (b) these symptoms or behavior represent a marked and concerning change in the baseline behavior of the respondent; and (c) without treatment, the continued deterioration of the respondent is probable.

(3) In making a determination of whether there is a likelihood of serious harm in a hearing conducted under RCW 71.05.240 or 71.05.320, the court shall give great weight to any evidence before the court regarding whether the person has: (a) A recent history of one or more violent acts; or (b) a recent history of one or more commitments under this chapter or its equivalent provisions under the laws of another state which were based on a likelihood of serious harm. The existence of prior violent acts or commitments under this chapter or its equivalent shall not be the sole basis for determining whether a person presents a likelihood of serious harm.

For the purposes of this subsection "recent" refers to the period of time not exceeding three years prior to the current hearing.

**Credits**

[2015 c 250 § 8, eff. July 24, 2015; 2010 c 280 § 3, eff. July 1, 2014; 1999 c 13 § 6; 1998 c 297 § 14.]

**Notes of Decisions (3)**

West's RCWA 71.05.245, WA ST 71.05.245

The statutes and Constitution are current with all laws from the 2016 Regular and First Special Sessions of the Washington legislature.

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2016 Thomson Reuters

**WESTLAW**

71.05.030. Commitment laws applicable
West's Revised Code of Washington Annotated | Title 71. Mental Illness   (Approx. 2 pages)

West's Revised Code of Washington Annotated
  Title 71. Mental Illness (Refs & Annos)
    Chapter 71.05. Mental Illness (Refs & Annos)

West's RCWA 71.05.030

### 71.05.030. Commitment laws applicable

Currentness

Persons suffering from a mental disorder may not be involuntarily committed for treatment of such disorder except pursuant to provisions of this chapter, chapter 10.77 RCW, chapter 71.06 RCW, chapter 71.34 RCW, transfer pursuant to RCW 72.68.031 through 72.68.037, or pursuant to court ordered evaluation and treatment not to exceed ninety days pending a criminal trial or sentencing.

**Credits**
[1998 c 297 § 4; 1985 c 354 § 31; 1983 c 3 § 179; 1974 ex.s. c 145 § 4; 1973 2nd ex.s. c 24 § 2; 1973 1st ex.s. c 142 § 8.]

Notes of Decisions (3)

West's RCWA 71.05.030, WA ST 71.05.030
The statutes and Constitution are current with all laws from the 2016 Regular and First Special Sessions of the Washington legislature.

**End of Document**                © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2016 Thomson Reuters                                THOMSON REUTERS



WESTLAW

### 71.05.010. Legislative intent (Effective until April 1, 2018)
West's Revised Code of Washington Annotated   Title 71. Mental Illness   Effective: May 14, 2015 to March 31, 2018   *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
 Title 71. Mental Illness (Refs & Annos)
  Chapter 71.05. Mental Illness (Refs & Annos)

Proposed Legislation

Effective: May 14, 2015 to March 31, 2018

West's RCWA 71.05.010

71.05.010. Legislative intent *(Effective until April 1, 2018)*

Currentness

(1) The provisions of this chapter are intended by the legislature:

(a) To protect the health and safety of persons suffering from mental disorders and to protect public safety through use of the parens patriae and police powers of the state;

(b) To prevent inappropriate, indefinite commitment of mentally disordered persons and to eliminate legal disabilities that arise from such commitment;

(c) To provide prompt evaluation and timely and appropriate treatment of persons with serious mental disorders;

(d) To safeguard individual rights;

(e) To provide continuity of care for persons with serious mental disorders;

(f) To encourage the full use of all existing agencies, professional personnel, and public funds to prevent duplication of services and unnecessary expenditures; and

(g) To encourage, whenever appropriate, that services be provided within the community.

(2) When construing the requirements of this chapter the court must focus on the merits of the petition, except where requirements have been totally disregarded, as provided in *In re C.W.*, 147 Wn.2d 259, 281 (2002). A presumption in favor of deciding petitions on their merits furthers both public and private interests because the mental and physical well-being of individuals as well as public safety may be implicated by the decision to release an individual and discontinue his or her treatment.

### Credits
[2015 c 269 § 1, eff. May 14, 2015; 1998 c 297 § 2; 1997 c 112 § 2; 1989 c 120 § 1; 1973 1st ex.s. c 142 § 6.]

Notes of Decisions (20)

West's RCWA 71.05.010, WA ST 71.05.010
The statutes and Constitution are current with all laws from the 2016 Regular and First Special Sessions of the Washington legislature.

**End of Document**   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2016 Thomson Reuters


THOMSON REUTERS

# WESTLAW

## 71.05.012. Legislative intent and finding
West's Revised Code of Washington Annotated    Title 71. Mental Illness    *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
 Title 71. Mental Illness (Refs & Annos)
  Chapter 71.05. Mental Illness (Refs & Annos)

West's RCWA 71.05.012

### 71.05.012. Legislative intent and finding

Currentness

It is the intent of the legislature to enhance continuity of care for persons with serious mental disorders that can be controlled or stabilized in a less restrictive alternative commitment. Within the guidelines stated in *In Re LaBelle* 107 Wn. 2d 196 (1986), the legislature intends to encourage appropriate interventions at a point when there is the best opportunity to restore the person to or maintain satisfactory functioning.

For persons with a prior history or pattern of repeated hospitalizations or law enforcement interventions due to decompensation, the consideration of prior mental history is particularly relevant in determining whether the person would receive, if released, such care as is essential for his or her health or safety.

Therefore, the legislature finds that for persons who are currently under a commitment order, a prior history of decompensation leading to repeated hospitalizations or law enforcement interventions should be given great weight in determining whether a new less restrictive alternative commitment should be ordered.

**Credits**
[1997 c 112 § 1.]

Notes of Decisions (3)

West's RCWA 71.05.012, WA ST 71.05.012
The statutes and Constitution are current with all laws from the 2016 Regular and First Special Sessions of the Washington legislature.

**End of Document**    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2016 Thomson Reuters


THOMSON REUTERS



Name: Kyle Lydell Canty
Bkg.#: 216020036
King County Correctional Facility
500 5th Ave
Seattle, WA 98104

Clerk, United States
District Court
United States Courthouse
700 Stewart Street
Suite 2310
Seattle, WA 98101