UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

                              Plaintiff,

        v.

KING COUNTY, *et al.*,

                              Defendants.

Case No. C16-1655-RAJ-JPD

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT

        This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff Kyle Canty filed

the instant action while he was confined at the King County Jail where he was awaiting trial in

King County Superior Court on charges of felony harassment and assault in the third degree.

Plaintiff presented his original complaint to the Court for filing on October 24, 2016.  Plaintiff

alleged therein a series of claims, all apparently related to his ongoing criminal case.

Specifically, plaintiff alleged that (1) the King County Prosecutor's Office filed charges against

him without having probable cause, (2) the Seattle Police Department engaged in misconduct by

making up lies about him, (3) his speedy trial rights had been violated, (4) the prosecutor had

him sent to Western State Hospital in retaliation for him taking his case to trial, (5) the

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 1

prosecutor and the court refused to allow him to subpoena witnesses, (6) the prosecutor and the court refused to open his court proceedings to the public, and (7) the prosecutor and the court prevented him from filing motions alleging constitutional violations in the superior court. (*See* Dkt. 1-1 at 3, 5.)

Plaintiff identified King County, the Seattle Police Department, the City of Seattle, and the State of Washington as defendants in his complaint. (*See id*. at 1-3.)  Though not entirely clear, plaintiff appeared to seek release from custody, dismissal of his criminal charges, and $60 million in damages. (*See id*. at 4.)

On November 4, 2016, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed based on plaintiff's failure to state in his complaint any claim upon which relief could be granted. (Dkt. 6.)  Plaintiff was advised in the Order to Show Cause that the claims asserted in his complaint were all inextricably intertwined with his pending state court criminal proceedings, and that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Plaintiff was further advised that his complaint did not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court criminal proceedings. (*Id*.)  Plaintiff was granted thirty days to file a response to the Order to Show Cause. (*Id*.)

On November 14, 2016, the Court received a letter from plaintiff explaining that he had prepared an amended complaint for filing prior to having received the Court's Order to Show Cause. (Dkt. 7.)  The Court received plaintiff's first amended complaint the following day.

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 2

(Dkt. 8.)  Plaintiff alleges in his amended complaint that:  (1) he was illegally taken into custody by the Seattle Police Department ("SPD") on July 8, 2016 and was detained at Harborview Medical Center ("HMC") pursuant to RCW 71.05.153 and RCW 71.05.180, statutes governing the involuntary detention of individuals with mental disorders; (2) he was unlawfully arrested a second time by SPD on July 13, 2016 upon his release from HMC; (3) he was illegally interrogated by SPD while being transferred from HMC to jail via ambulance; (4) a probable cause hearing was unlawfully held without him being present or any lawyer appearing on his behalf; (5) he was improperly charged with felony harassment; (6) the bail amount set by the court is excessive; (6) he has been denied stand-by counsel; (7) he has filed motions in his criminal proceedings which have been illegally denied; (8) he has been denied a speedy trial; (9) he was set-up by SPD so that he can't legally own a firearm; (10) he has been subjected to multiple prosecutions for the same alleged crime; and (11) defendants are trying to convict him based on false information.  (*Id*.)

Plaintiff maintains that these alleged unlawful actions by defendants violated his rights under the First, Second, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.  (*See id*.) Plaintiff identifies the same four defendants in his amended complaint as were named in his original complaint, and he appears to seek relief in the form of damages and an injunction to halt the current criminal prosecution.  (*Id*. at 24-25.)

On November 16, 2016, the Court received from plaintiff two apparent responses to the Order to Show Cause.  (*See* Dkt. 9 at 1-3 and 4-6.)  Plaintiff asserts in his first response to the Order to Show Cause that extraordinary circumstances justify this Court's intervention in his ongoing criminal proceedings.  (*Id*. at 1-3.)  Plaintiff asserts in his second response that his first

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 3

1  amended complaint cures the deficiencies in his original complaint and that this case should

2  therefore not be dismissed.  (Dkt. 9 at 4-6.)

3       On November 28, 2016, this Court issued a Report and Recommendation recommending

4  that this action be dismissed on the grounds that plaintiff's claims remained inextricably

5  intertwined with his ongoing state court criminal proceedings and his amended complaint did not

6  reveal any extraordinary circumstances which would justify this Court's intervention in his those

7  proceedings.  However, at the time the Report and Recommendation was issued, the Court was

8  unaware that plaintiff had filed a supplement to his first amended complaint.  (*See* Dkt. 10.)  The

9  Report and Recommendation was thereafter withdrawn as it did not take into account the new

10 factual allegations set forth in plaintiff's supplement.  (*See* Dkt. 12.)

11      On November 29, 2016, the Court received from plaintiff yet another response to the

12 Order to Show Cause, a response which adds little to his previous responses.  (Dkt. 13.)  On

13 December 1, 2016, plaintiff notified the Court that the criminal matter pending against him in

14 King County Superior Court had been dismissed.  (Dkt. 17.)  Additional materials submitted on

15 December 1, 2016 reveal that the criminal case was dismissed with prejudice after the court

16 determined that plaintiff's cellular telephone, which was destroyed by the police, constituted

17 materially exculpatory evidence which could not be replicated or presented via other comparable

18 evidence.  (*See* Dkt. 14.)

19      Given that the criminal charges underlying plaintiff's civil rights complaint have been

20 dismissed with prejudice, it appears that a majority of the claims set forth in plaintiff's first

21 amended complaint are likely moot.  Plaintiff may conceivably have viable claims remaining,

22

23 ORDER DECLINING TO SERVE AMENDED
   COMPLAINT AND GRANTING LEAVE TO
   FILE SECOND AMENDED COMPLAINT - 4

such as those alleging false arrest/unlawful detention, but further amendment will be required if plaintiff wishes to pursue such claims.

Based on the foregoing, and this Court's review of plaintiff's first amended complaint, including plaintiff's supplement to that complaint, the Court hereby finds and ORDERS as follows:

(1)     In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable under § 1983 solely on the basis of the individual's supervisory responsibility or position.  *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978).  Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).  A local government unit or municipality can be sued as a "person" under § 1983.  *Monell*, 436 U.S. at 691.  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id.*  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 5

(2)     The Court declines to order that plaintiff's first amended complaint be served on defendants because his pleading is deficient in the following respects:

(a)     Plaintiff identifies the Seattle Police Department as a defendant in his first amended complaint.  However, police departments are generally not considered suable entities separate from the city itself.  *See West v. Waymire*, 114 F.3d 646, 647 (7th Cir. 1997); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1400 n. 1 (2d Cir. 1996); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992).  Because the Seattle Police Department is not a legal entity subject to suit under § 1983, plaintiff may not proceed against the police department in this action.

(b)     Plaintiff identifies the City of Seattle and King County as defendants in this action, but he fails to identify any custom or policy of either of these entities which caused him harm of federal constitutional dimension.  In fact, plaintiff's claims appear to implicate the conduct of individual employees of these entities rather than the entities themselves.  However, plaintiff fails to name as defendants any of the individuals who participated in causing the alleged harm.  If plaintiff wishes to proceed against individual employees of the named entities, plaintiff must specifically identify those individuals as defendants, he must identify the constitutional right he believes was violated by the conduct of each individual, and he must allege specific facts demonstrating that each named individual personally participated in causing the alleged harm.

(c)     Plaintiff identifies the State of Washington as a defendant in his first amended complaint.  The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983.  *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  In addition, it is well established that, under the Eleventh Amendment, an

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 6

unconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here. *See Whiteside v. State of Washington*, 534 F.Supp. 774 (D.C. Wash. 1982). Thus, plaintiff may not proceed against the State of Washington in this civil rights action.

(d)     The Court notes that plaintiff's first amended complaint contains references to various provisions of the federal criminal code as set forth in Title 18 of the United States Code. Plaintiff is advised that his apparent reliance on such provisions to support his claims is misplaced as such provisions apply only in federal criminal actions initiated by a proper prosecuting authority.

(3)     Plaintiff may file a second amended complaint curing the above noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. The second amended complaint must carry the same case number as this one. If no second amended complaint is timely filed, the Court will recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any second amended complaint must clearly identify each intended defendant, the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim against each defendant, and the specific relief requested. Plaintiff is further advised that his second amended complaint must consist of a single document. He will

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 7

not be permitted to supplement the pleading, as he did with his first amended complaint, without first obtaining leave of Court to do so.

(4)     The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

DATED this 4th day of January, 2017.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 8