UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE CANTY,<br><br>                Plaintiff,<br><br>   v.<br><br>KING COUNTY, *et al*.,<br><br>                Defendants. | Case No. C16-1655-RAJ-JPD<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECUSAL |

This is a civil rights action proceeding under 42 U.S.C. § 1983.  This matter comes before the Court at the present time on plaintiff's motions seeking to have the undersigned removed from this case.[1]  (*See* Dkts. 33, 34.)  Pursuant to LCR 3(e), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear

---

[1] Plaintiff attempted to file these motions with the Ninth Circuit Court of Appeals, but the Ninth Circuit forwarded the motions to this Court for consideration.

ORDER DENYING PLAINTIFF'S
MOTIONS FOR RECUSAL - 1

such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Section 455 states in relevant part that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Plaintiff asserts in his motions that the undersigned is attempting to protect the proposed defendants in this action, and that the undersigned has placed plaintiff in danger as a result of his bias in favor of defendants. Plaintiff asserts as well that the undersigned has attempted to deflect any perceived bias by blaming plaintiff for deficiencies in his prior submissions rather than acknowledging the seriousness of the accusations plaintiff has leveled against defendants.

At this point in the proceedings, this Court's role has essentially been limited to performing the screening function mandated by 28 U.S.C. § 1915A. The Court has taken no position whatsoever with respect to the merits of plaintiff's claims. As the record makes clear, it is this Court's view that plaintiff has yet to submit a viable pleading; *i.e.* one which adequately states a cause of action under § 1983. The Court has explained to plaintiff why it believes this to be the case, and it has provided plaintiff guidance as to what a viable pleading must contain and an opportunity to present such a pleading. The fact that plaintiff disagrees with this Court's assessment regarding the viability of his prior pleadings is simply not sufficient to establish either personal bias or prejudice, and therefore does not constitute a valid basis for recusal.

As plaintiff has identified no valid basis for recusal, and as this Court perceives no justification for recusing voluntarily, the Clerk shall refer plaintiff's motions (Dkts. 33, 34) to the Chief Judge for consideration pursuant to LCR 3(e). The Clerk shall also send copies of this

ORDER DENYING PLAINTIFF'S
MOTIONS FOR RECUSAL - 2

1  Order to plaintiff and to the Honorable Richard A. Jones.

2  DATED this 3rd day of April, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTIONS FOR RECUSAL - 3