UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, et al.,<br><br>Defendants. | CASE NO. C16-1655 RAJ-JPD<br><br>ORDER ON REVIEW OF REQUEST TO RECUSE |

Plaintiff has filed a civil rights proceeding under 42 U.S.C. § 1983, which action was assigned to the Honorable Richard A. Jones of this District. The matter was referred to United States Magistrate Judge James P. Donohue. To date, Judge Donohue's rulings in Plaintiff's case have been confined to the sufficiency of Plaintiff's pleadings.

According to Judge Donohue, thus far, Plaintiff has failed to successfully submit a complaint articulating claims which can properly be heard in federal court; specifically, he has continually asserted claims which were inextricably intertwined with his state criminal court proceedings, in addition to failing to articulate the "extraordinary circumstances" which would allow a federal court to intervene in a pending state criminal prosecution. *See* Dkts. #6 and #21.

Plaintiff responded by filing a "Motion Pursuant to 28 U.S.C. 455(A), (B), (1)" and "Motion Pursuant to 28 U.S.C. 144" (Dkts. #33 and #34[1]) requesting the recusal of the

---

[1] Plaintiff improperly filed these pleadings with the Ninth Circuit Court of Appeals, which referred them to the District Court.

ORDER ON REVIEW OF REQUEST TO RECUSE- 1

Magistrate Judge. Judge Donohue, upon review of Plaintiff's motion, declined to recuse himself. Dkt. #35. In accordance with the Local Rules of this District, the matter has been referred to the Presiding Judge for review of that decision. LCR 3(e).

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Plaintiff cites no reason or evidence in support of his position other than the rulings of Judge Donohue. He claims that Judge Donohue is "trying to protect the Seattle Police

Department and their officers, the City of Seattle, and King County and their employee's several officers who work for the Seattle Police Department [*sic*]." Dkt. #33 at 1. He presents no evidence of this (the Court can only speculate that Plaintiff has interpreted the refusal to accept his filings to date as an attempt to "shield" the Defendants from liability), and a review of Judge Donohue's rulings reveals only that he has extended every effort in attempting to help Plaintiff understand what he needs to do in order to file a complaint which states a proper cause of action.

A judge's conduct in the context of past or pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued adverse rulings against a party. If Plaintiff believes that Judge Donohue has committed legal error in his rulings, he is entitled to make that argument on appeal to the Ninth Circuit Court of Appeals; he is not entitled to recusal of the judge who made the rulings.

The Court finds no evidence upon which to reasonably question Judge Donohue's impartiality and AFFIRMS his denial of Plaintiff's requests that he recuse himself (Dkts. #33 and #34).

The Clerk SHALL provide copies of this Order to Plaintiff and to all counsel of record.

Dated this 11 day of April, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE