Exhibit (A)

## CLERK'S MINUTES

SCOMIS CODE: DSMHRG

Judge: Catherine Shaffer
Bailiff: Yayi Ding
Court Clerk: Nico Ceja
Reporter: JoAnne Leatiota
Digital Record: W-829

Dept. 11
Date: 11/28/2016

### KING COUNTY CAUSE NO.: 16-1-03103-6 SEA

### State of Washington vs Kyle Canty

**Appearances:**

State appearing by DPA Aubony Burns
Defendant appearing in person, pro se

### MINUTE ENTRY

This cause comes on for Trial

9:08:00 START

The Court and Respective Counsel discuss court proceedings and scheduling of trial

The Court and Respective Counsel discuss Defendant's request to obtain material off of his cell phone as evidence

The State informs the Court that the Defendant's cell phone has been destroyed

Respective Counsel to return 11/29/16 with written arguments on why the phone was destroyed, and what exculpatory evidence may have been lost in the process

Court Adjourns, to continue 11/29/16 at 9:00 AM



Exhibit (A)

## State of Washington vs Kyle Canty
### King County Cause No. 16-1-03103-6 SEA

**Date:** 11/29/16

        Judge: Catherine Shaffer
        Bailiff: Yayi Ding
   Court Clerk: Nico Ceja
     Reporter: JoAnne Leatiota
Digital Record: W-829

**Continued from:** 11/29/16

### MINUTE ENTRY

All parties present

9:43:00 START

Respective Counsel present briefing

The Court and Respective Counsel discuss the Defendant's claims re exculpatory evidence loss, due to the destruction of his cell phone

Defendant's Motion to Dismiss with Prejudice is Granted

Order is signed

10:11:00 Court Adjourns

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE CANTY,<br><br>                    Plaintiff,<br><br>     v.<br><br>KING COUNTY, *et al.*,<br><br>                    Defendants. | Case No. C16-1655-RAJ-JPD<br><br>ORDER RE: PLAINTIFF'S PENDING MOTIONS |

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion pursuant to 28 U.S.C. § 1404, plaintiff's motion to challenge clerks of the court, and plaintiff's motion pursuant to 18 U.S.C. § 3006A. (Dkts. 30, 31, 32.) The Court, having reviewed plaintiff's motions, finds and ORDERS as follows:

(1)   Plaintiff's motion pursuant to 28 U.S.C. § 1404 (Dkt. 30) is DENIED. Plaintiff seeks a change of venue "away from the corrupt City and Courts of Seattle," including the federal courts. While plaintiff asserts that a change of venue would be in the "interest of justice," he offers no evidence or argument to support this assertion. Plaintiff's conclusory allegation that all courts in Seattle are corrupt is simply insufficient to justify a change of venue.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

(2) Plaintiff's motion to challenge clerks of the court (Dkt. 31) is DENIED. Plaintiff, appears to take issue with the fact that the clerk who sent plaintiff a complaint form on which to file his amended complaint inserted the word "amended" on the form. Plaintiff believes this was improper, and he expresses a desire to write out his own amended complaint. Plaintiff also asserts in his motion that the clerks of this Court are purposely sending him unsealed mail.

Plaintiff offers no evidence that the clerk has acted improperly in relation to his case. The amended complaint form provided by the clerk's office is perfectly acceptable for use in this Court. However, if plaintiff would prefer to submit an amended complaint without using the form, that is acceptable as well so long as any amended complaint contains all of the information required by the form. With respect to the issue of unsealed mail, plaintiff is advised that all mail sent from the Court is properly sealed before mailing. If plaintiff has concerns about the condition of the mail he is receiving at the King County Jail, he should pursue those concerns through appropriate channels at that facility.

(3) Plaintiff's motion pursuant to 18 U.S.C. § 3006A (Dkt. 32) is DENIED. Plaintiff asserts in his motion that the Court has intentionally paraphrased his motions, complaints and other moving papers incorrectly, and he insists that the Court follow the law. Plaintiff goes on to explain the nature of his case, but he fails to make clear where he believes the Court has erred. If plaintiff believes the Court has mischaracterized one or more of his previous submissions, he may so advise the Court, but he must do so with specificity. To the extent plaintiff believes the Court has mischaracterized his claims, or the nature of this action, he has the opportunity to make any necessary clarifications in his second amended complaint should he elect to file one.

(4) The Court notes that the deadline for plaintiff to file his second amended complaint has passed. Given that the Court has now addressed the issues of immediate concern

to plaintiff, the Court deems it appropriate to grant plaintiff a final extension of time to file his second amended complaint. Accordingly, plaintiff is directed to file his second amended complaint not later than *May 22, 2017*. Failure to file a second amended complaint by this deadline will result in a recommendation that the instant action be dismissed.

(5) The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

DATED this 26th day of April, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3