LODGED
RECEIVED
MAIL
JUL 19 2017
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| KYLE LYDELL CANTY, Plaintiff, | Case No. 2:16-CV-01655-RAJ-JPD |
|---|---|
| VS. | MOTION PURSUANT TO RULE 5.1 (FRCP) |
| CITY OF SEATTLE et al, Defendants | CONSTITUTIONAL CHALLENGE TO A STATUTE - NOTICE, CERTIFICATION AND INTERVENTION |
| | NOTE ON MOTION CALENDAR AUGUST 13, 2017 |

COMES NOW, the Plaintiff Kyle Lydell Canty, In Propria Persona and of Sui Juris on the 10th day of the month of July year 2017, moves this Court pursuant to Rule 5.1(a)(b),(C),(D)

P1 of 4
Rule 5.1 (FRCP)

# I. Statement of facts

1. The Plaintiff Kyle Lydell Canty is now drawing into Question the Constitutionality of a State Statue Promptly (Please see Exhibit 1+2) Pursuant to RCW 71.05.153 Emergency detention of persons with mental disorder- Procedure and RCW 71.05.180 Detention Period for evaluation and treatment

2. The Plaintiff Kyle Lydell Canty is now drawing into Question the Constitutionality of the Whole Chapter of RCW 71- Covering mental illness, because if the State of Washington has a Whole Chapter on mental illness and King County and it's employee's the Defendant's along with the City of Seattle and it's officers are able to Knowingly, intentionally, maliciously, and willfully manipulate this Chapter at will to gain the

P 2 of 4
Rule 5.1 (FRCP)

County of King and the City of Seattle revenue from the federal government, thus the Question now becomes is this Chapter of RCW 71. Unconstitutional?

3. The Plaintiff Kyle Lydell Canty Clearly doesn't have any mental illness especially if he was able to penetrate and prevail in King County vs Corrupt Superior Courts the first time, however King County now wants revenge.

II. Relief Requested

1. Plaintiff Kyle Lydell Canty opposes the Defendants manipulation of the Whole Chapter of RCW 71. - including 71.05.153 and 71.05.180, thus Plaintiff hereby requests pursuant to Rule 5.1 (b), and under 28 USC 2403 Certify to the appropriate attorney

P 3 of 4
Rule 5.1 (FRCP)

(Attached are Exhibits 1+2.)

general that a Statue has been Questioned. (Certification by the Court)

2. Plaintiff Kyle Lydell Canty requests a public apology letter via the internet from all Defendants involved, and named in this Civil action

3. The Plaintiff Kyle Lydell Canty requests Changes to be made regarding this Chapter of RCW 71, and a bill to be passed in the name of Kyle Lydell Canty

Prepared by:

K 07/10/2017

Kyle Lydell Canty
BA# 216035994
500 Fifth Ave
Seattle WA 98104

P. 4 of 4
Rule 5.1 (FRCP)

**WESTLAW**

### 71.05.153. Emergency detention of persons with mental disorders--Procedure (Effective until April 1, 2018)
West's Revised Code of Washington Annotated   Title 71. Mental Illness   Effective: May 14, 2015 to March 31, 2018   *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
 Title 71. Mental Illness (Refs & Annos)
  Chapter 71.05. Mental Illness (Refs & Annos)

Proposed Legislation

Effective: May 14, 2015 to March 31, 2018

West's RCWA 71.05.153

### 71.05.153. Emergency detention of persons with mental disorders--Procedure *(Effective until April 1, 2018)*

Currentness

(1) When a designated mental health professional receives information alleging that a person, as the result of a mental disorder, presents an imminent likelihood of serious harm, or is in imminent danger because of being gravely disabled, after investigation and evaluation of the specific facts alleged and of the reliability and credibility of the person or persons providing the information if any, the designated mental health professional may take such person, or cause by oral or written order such person to be taken into emergency custody in an evaluation and treatment facility for not more than seventy-two hours as described in RCW 71.05.180.

(2) A peace officer may take or cause such person to be taken into custody and immediately delivered to a triage facility, crisis stabilization unit, evaluation and treatment facility, or the emergency department of a local hospital under the following circumstances:

(a) Pursuant to subsection (1) of this section; or

(b) When he or she has reasonable cause to believe that such person is suffering from a mental disorder and presents an imminent likelihood of serious harm or is in imminent danger because of being gravely disabled.

(3) Persons delivered to a crisis stabilization unit, evaluation and treatment facility, emergency department of a local hospital, or triage facility that has elected to operate as an involuntary facility by peace officers pursuant to subsection (2) of this section may be held by the facility for a period of up to twelve hours, not counting time periods prior to medical clearance.

(4) Within three hours after arrival, not counting time periods prior to medical clearance, the person must be examined by a mental health professional. Within twelve hours of notice of the need for evaluation, not counting time periods prior to medical clearance, the designated mental health professional must determine whether the individual meets detention criteria. If the individual is detained, the designated mental health professional shall file a petition for detention or a supplemental petition as appropriate and commence service on the designated attorney for the detained person. If the individual is released to the community, the mental health provider shall inform the peace officer of the release within a reasonable period of time after the release if the peace officer has specifically requested notification and provided contact information to the provider.

(5) Dismissal of a commitment petition is not the appropriate remedy for a violation of the timeliness requirements of this section based on the intent of this chapter under RCW 71.05.010 except in the few cases where the facility staff or designated mental health professional has totally disregarded the requirements of this section.

**Credits**
[2015 c 269 § 6, eff. May 14, 2015. Prior: 2011 c 305 § 8, eff. July 22, 2011; 2011 c 148 § 2, eff. April 22, 2011; 2007 c 375 § 8, eff. July 22, 2007.]

71.05.180. Detention period for evaluation and treatment (Effective un...    https://nextcorrectional.westlaw.com/Document/N3C5F7DB09E34...

Case 2:16-cv-01655-RAJ Document 63 Filed 07/19/17 Page 6 of 7
Case 2:16-cv-01655-RAJ-JPD Document 63 Filed 07/19/17 Page 5 of 6

WESTLAW   Exhibit 2

### 71.05.180. Detention period for evaluation and treatment (Effective until April 1, 2018)

West's Revised Code of Washington Annotated  Title 71. Mental Illness  Effective: [See Text Amendments] to March 31, 2018  *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
 Title 71. Mental Illness (Refs & Annos)
  Chapter 71.05. Mental Illness (Refs & Annos)

Effective: [See Text Amendments] to March 31, 2018

West's RCWA 71.05.180

### 71.05.180. Detention period for evaluation and treatment *(Effective until April 1, 2018)*

Currentness

If the evaluation and treatment facility admits the person, it may detain him or her for evaluation and treatment for a period not to exceed seventy-two hours from the time of acceptance as set forth in RCW 71.05.170. The computation of such seventy-two hour period shall exclude Saturdays, Sundays and holidays.

**Credits**
[1997 c 112 § 12; 1979 ex.s. c 215 § 11; 1974 ex.s. c 145 § 11; 1973 1st ex.s. c 142 § 23.]

**Notes of Decisions containing your search terms (0)**   View all 1

West's RCWA 71.05.180, WA ST 71.05.180
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

**End of Document**   © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters    THOMSON REUTERS

Name Kyle Lydell Canty
Bkg. #216035944
King County Correctional Facility
500 Fifth Avenue
Seattle, WA 98104-2332

Legal mail

FILED
LODGED
RECEIVED

JUL 19 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Clerk, U.S. District Court
U.S. Courthouse
700 Stewart Street Suite 2310
Seattle WA 98101