UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY<br>Plaintiff, | Case No. 2:16-CV-01655-RAJ-JPD |
| VS. | MOTION PURSUANT TO RULE 51 (FRCP) |
| CITY OF SEATTLE, et Al<br>Defendants. | INSTRUCTIONS TO THE JURY NOTE ON MOTION CALENDAR AUGUST 4, 2017 |

COMES NOW, the Plaintiff Kyle Lydell Canty, In Propria Persona and of Sui Juris on the 13th day of the month of July year 2017, moves this Court Pursuant to RULE 51 (a) REQUESTS, (b) INSTRUCTIONS (FRCP)

P 1 of 3
RULE 51 (FRCP)

I. Statement of facts

1. The Plaintiff Kyle Lydell Canty is choosing to disclose to all defendants Pursuant to Rule 51(a)(1) Requests, (b) Instructions (FRCP)

2. The Plaintiff's Proposed instructions are approved by the Washington State Supreme Court Committee on Jury instructions

3. The Plaintiff's Jury instructions Pursuant to WPI 340.01 Introductory Civil Rights Instruction

II. Relief Requested

1. The Plaintiff is requesting the Courts grant this motion for the following reasons
(a) The Plaintiff's 42 U.S.C. Section 1983 amended Complaint Conforms to the Proposed instructions

P 2 of 3
RULE 51 (FRCP)

(b) the proposed instructions are designed to acquaint the Jury with the general subject matter of Section 1983 lawsuit, The text of 42 U.S.C. Section 1983 is included in the introductory instruction to introduce the Jury to the Statutory basis of Civil rights Cause of action. (Please See Attached Exhibit 3)

Prepared by:

*X* 07/13/2017

Kyle Lydell Canty
BA# 216035994
500 Fifth Ave
Seattle WA 98104

P 3 of 3
RULE 51 (FRCP)

About the Author
Preliminary Materials
    Part I. General Instructions
    Part II. Negligence—Risk—Misconduct—Proximate Cause
    Part III. Issues—Burden of Proof
    Part IV. Damages
    Part V. Multiple Parties and Pleadings—Forms of Verdicts
    Part VI. Agency and Partnership—Torts
    Part VII. Statutory Violations
    Part VIII. Motor Vehicles
    Part IX. Particularized Standards of Conduct
    Part X. Owners and Occupiers of Land
    Part X-A. Eminent Domain
    Part XI. Workers' Compensation
    Part XII. Fraud
    Part XIII. Contracts
    Part XIV. Consumer Protection
    Part XV. Insurance Bad Faith
    Part XVI. Employment
    Part XVII. Civil Rights
        Chapter 340. Civil Rights—General Introductory Instructions
            WPI 340.00. Civil Rights—Introduction
            WPI 340.01. Introductory Civil Rights Instruction
            WPI 340.02. Civil Rights—Individual Defendant—Burden of Proof on the Issues
            WPI 340.03. Civil Rights—"Under Color of Law"—Definition
            WPI 340.04. Civil Rights—"Subjects" and "Causes to be Subjected"—Definition
            WPI 340.05. Civil Rights—Failure to Train or Inadequate Training—Municipal Liability—"Deliberate Indifference"—Definition

**WPI 340.01 Introductory Civil Rights Instruction**
Washington Practice Series TM   Washington Pattern Jury Instructions--Civil   *(Approx. 7 pages)*

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 340.01 (6th ed.)

Washington Practice Series TM
Washington Pattern Jury Instructions--Civil
Database updated June 2013

Washington State Supreme Court Committee on Jury Instructions

Part XVII. Civil Rights
Chapter 340. Civil Rights—General Introductory Instructions

WPI 340.01 Introductory Civil Rights Instruction

To enforce civil rights guaranteed to persons by [the United States Constitution] [federal statute(s)], Congress has enacted a law, known as Section 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(1) (Name of plaintiff) claims that (name of defendant) [subjected [him] [her] [it]] [caused [him] [her] [it] to be subjected] to the deprivation of a [constitutional] [federal statutory] right, in that (name of defendant) has:

(Set forth in simple form without undue emphasis or repetition those claims by the plaintiff that have not been withdrawn or ruled out by the court and are supported by the evidence. Summary descriptions of typical constitutional claims are set forth in the Comment below.)

(Name of plaintiff) claims that [(name of defendant) was acting under color of law at the time of the incident, and that] (name of defendant's) conduct was a [proximate] cause of injuries or damage to (name of plaintiff). (Name of defendant) denies these claims.

(2) [In addition, defendant[s] (name of individual defendant(s)) claim[s] the following affirmative defenses:

Chapter 341. Civil Rights—Municipal and Local Government Liability

Chapter 342. Civil Rights—Fourth Amendment—Unreasonable Search and Seizure

Chapter 343. Civil Rights—Conditions of Confinement

Chapter 348. Civil Rights—Damages and Verdict Forms

Part XVIII. Commercial Litigation

Part XIX. Involuntary Treatment

Part XX. Alcohol Liability

Part XXI. Nuisance

APPENDICES

(Set forth in simple form without undue emphasis or repetition any affirmative defenses that have not been withdrawn or ruled out by the court and are supported by the evidence.)

(Name of plaintiff) denies these claims.]

(3) [In addition, the defendant[s] (name of municipal defendant[s]) claim [s] the following affirmative defenses:

(Set forth in simple form without undue emphasis or repetition any affirmative defenses that have not been withdrawn or ruled out by the court and are supported by the evidence.)

(Name of plaintiff) denies these claims.]

(4) [(Name of defendant) further denies that (name of plaintiff) was injured or sustained damage.]

(5) [(Name of defendant) further denies the nature and extent of the claimed injuries or damage.]

## NOTE ON USE

Select the bracketed phrases or sentences as applicable.

This instruction is based upon the format of WPI 20.01 (Issues), adapted for a civil rights action under Section 1983, Title 42, U.S.C.A. Causes of action under Sections 1981 (contractual issues) and 1985 (conspiracy) are not addressed in these instructions. See WPI 340.00 (Civil Rights—Introduction).

This instruction, adapted appropriately, is designed for use in all Section 1983 cases. With regard to individual defendants, this instruction should be combined with instructions drawn from the remainder of WPI Chapter 340 (General Introductory Instructions). With regard to defendants that are local governmental entities, or individuals acting in their official capacities, combine this instruction with applicable instructions from WPI Chapter 341 (Municipal and Local Government Liability). See WPI 340.00 (Civil Rights—Introduction).

Regarding the bracketed word "proximate," see the detailed discussion of causation issues found in WPI 340.06 (Civil Rights—Causation—Comment Only). Instructions on causation must be carefully tailored to the specific case. See also WPI340.02, WPI340.04, WPI343.02, and WPI343.04 343.04, and the Notes on Use and Comments to these instructions.

The numbers in parentheses preceding each paragraph should not be included when the instruction is given. They

are used here for convenience in referring to paragraphs in this note and when instructions are being prepared for a particular case.

Paragraph (1) will always be used. In that paragraph, practitioners will need to summarize the constitutional claim at issue. See the Comment for examples of typical claim summaries. Insert the bracketed reference to "acting under color of law" if that is a contested issue in the case, and also use with WPI 340.03 (Civil Rights—"Under Color of Law"—Definition).

The pertinent paragraphs (2) through (5) should be selected according to the issues properly in the case and supported by the evidence. Paragraphs (2) and (3) are set forth separately, because defendants sued in their individual capacities have different defenses available to them than individuals sued in their official capacities or governmental entities, collectively designated municipal defendants. See the Comment below and the Comment to WPI 341.01 (Civil Rights—Municipal and Local Government Liability—General Introductory Instruction).

The instruction uses the word "persons." Section 1983 protects U.S. citizens and others who are within the jurisdiction of the United States. If factual issues exist as to whether the plaintiff falls within this scope, then the instruction will need to be modified.

If the case contains another type of claim, such as an action in tort, care should be taken to label the civil rights or Section 1983 instructions as such.

If the case involves a counter-claim by defendant, see WPI 20.02 (Issues—Claim and Counterclaim).

### COMMENT

**Changes made in 2013.** The instruction's first sentence was changed to use the word "persons" rather than "citizens." See the discussion of citizens later in this Comment. Brackets were added to the word "proximate." See the discussion in WPI 340.06 (Civil Rights—Causation—Comment Only).

**General.** With regard to the right of each party to have the trial court instruct on its theory of the case, see the Comment to WPI 20.01 (Issues).

This is an introductory instruction designed to acquaint the jury with the general subject matter of the Section 1983 lawsuit. The text of 42 U.S.C.A. Section 1983 is included in the introductory instruction to introduce the jury to the statutory basis of the civil rights cause of action.

A cause of action under Section 1983 requires proof that the defendant acted under color of state law, and that the defendant deprived the plaintiff of a right protected by the federal constitution or federal statute. Sintra, Inc. v. Seattle, 119 Wn.2d 1, 829 P.2d 765 (1992); Torrey v. City of Tukwila, 76 Wn.App. 32, 37, 882 P.2d 799 (1994). Federal action is not actionable under Section 1983. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).

**Citizens and others within the jurisdiction of the United States.** Section 1983 protects not only U.S. citizens, but also others within the jurisdiction of the United States. Accordingly, non-citizens may be covered under some circumstances. See Lynch v. Cannatella, 810 F.2d 1363, 1372–73 (5th Cir. 1987) (holding that the plaintiff was entitled to protection under the Fifth and Fourteenth Amendments against "gross physical abuse at the hands of state or federal officials" even though the plaintiff was an "excludable alien").

Whether a plaintiff qualifies as a citizen or as being within the jurisdiction of the United States will usually be determined as a matter of law. If factual issues exist, the instruction will need to be modified.

**Examples of claim descriptions for use in paragraph (1).** Section 1983 can cover a wide variety of constitutional claims. For some of the more typical claims, the committee sets forth below examples of how these claims may be summarized for purposes of the instruction's Paragraph (1). Practitioners should replace the labels "plaintiff" and "defendant" in these examples with the names of the parties.

> (1) [the defendant used unreasonable force against the plaintiff, depriving [him] [her] of a right guaranteed by the Fourth Amendment of the Constitution. The Fourth Amendment guarantees every person the right to be secure against unreasonable seizures of the person.]
> (2) [the defendant subjected [him] [her] to an unreasonable search of [his] [her] [person] [home] [papers and effects], depriving [him] [her] of a right guaranteed by the Fourth Amendment to the Constitution. The Fourth Amendment guarantees every person the right to be secure in his or her [person] [home] [papers and effects] against unreasonable searches and seizures.]
> (3) [the defendant [seized the plaintiff without reasonable suspicion] [arrested the plaintiff without probable cause], thereby depriving [him] [her] of a right guaranteed by the Fourth Amendment to the Constitution. The Fourth Amendment guarantees every

person the right to be secure in his or her person against unreasonable searches and seizures.]

(4) [the defendant deprived the plaintiff of life, liberty, or property without due process of law as guaranteed by the Fourteenth Amendment to the Constitution.]

(5) [the defendant took the plaintiff's private property for public use without just compensation, thereby depriving [him] [her] of a right guaranteed by the Fifth Amendment to the Constitution.]

(6) [the defendant deprived the plaintiff of equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution.]

(7) [the defendant subjected the plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.]

(8) [the defendant deprived the plaintiff of [his] [her] [its] right to freedom of speech in violation of the First Amendment to the Constitution.]

**Color of law.** The "color of law" element may be admitted or established by the court as a matter of law. See the Comment to WPI 340.03 (Civil Rights—"Under Color of Law"—Definition). Because the statute is quoted, however, it may be advisable to instruct the jury if color of law is not an issue. Cf. WPI 32.01 (Admitted Liability or Directed Verdict—Issues and Burden of Proof).

**Causation.** See the discussion of causation issues in WPI 340.02 (Civil Rights—Individual Defendant—Burden of Proof on the Issues), WPI 340.04 (Civil Rights—"Subjects" and "Causes to be Subjected"—Definition), and WPI 340.06 (Civil Rights—Causation—Comment Only).

**Corporate plaintiff.** The impersonal pronoun is included in the instruction because it appears that in appropriate circumstances a corporation may be a Section 1983 plaintiff. See CarePartners LLC v. Lashway, 545 F.3d 867 (9th Cir. 2008); Gomez v. Alexian Bros. Hosp., 698 F.2d 1019 (9th Cir.1983); Soranno's Gasco., Inc. v. Morgan, 874 F.2d 1310 (9th Cir. 1989). But see Erlich v. Glasner, 418 F.2d 226, 228 (9th Cir. 1969) (shareholder lacks standing).

**Affirmative defenses.** Affirmative defenses should be included when they involve jury issues. See, e.g., Smiddy v. Varney, 665 F.2d 261 (9th Cir. 1981) (independent prosecution), called into doubt on other grounds in Beck v. City of Upland, 527 F.3d 853, 864–65 (9th Cir. 2008).

**Qualified immunity.** Individual defendants in a Section 1983 action are entitled to qualified immunity from damages for civil liability if their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Qualified immunity is decided under a two-part test: first, does the plaintiff have sufficient facts to support a violation of a constitutional right; second, was the constitutional right at issue clearly established? The trial court has discretion to decide which part should be analyzed first, because one or the other question may be dispositive on summary judgment. Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

To determine whether a federal right is clearly established, courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. —, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011) (in a *Bivens* cause of action, the Court held that the United States Attorney General was immune from a lawsuit for damages, under qualified immunity doctrine, because there was no clearly established right concerning the Attorney General's approval of a material witness warrant for a terrorism suspect under then-existing Fourth Amendment jurisprudence). The qualified immunity inquiry is whether the federal right, under the constitution or laws of the United States, would have been clear to a reasonable defendant: "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 131 S.Ct. at 2083 (internal citation omitted); see also Torres v. City of Madera, 648 F.3d 1119 (9th Cir. 2011), cert. denied, 132 S.Ct. 1032, 181 L.Ed.2d 739 (2012) (holding that a police officer was not entitled to qualified immunity when Ninth Circuit case law made it clear that firing a gun at the chest of an unarmed, immobilized suspect was an unreasonable use of force; no qualified immunity when the officer mistakenly thought she had a taser gun in her hand instead of her pistol).

Normally, qualified immunity is decided by the court. Because it is an immunity from suit and not merely an affirmative defense, Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985), the court should resolve the issue of qualified immunity as soon as practicable. Pearson v. Callahan, 129 S.Ct. at 815. State law may be used as part of the analysis to determine whether a seizure was reasonable. State law is

relevant as to probable cause; state law is used to analyze whether the federal constitutional right under the Fourth Amendment was clearly established in the context of the state criminal law that the officers were using as a basis for the arrest. Pierce v. Multnomah County, 76 F.3d 1032, 1038–39 (9th Cir. 1996).

The issue should not be submitted to the jury for determination unless there are genuine issues of material fact. Johnson v. Jones, 515 U.S. 304, 313–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).

If issues of fact need to be determined by the trier of fact before the court can make a determination on qualified immunity, these issues typically are presented as a list of questions in a special verdict form. See Torres v. City of Los Angeles, 548 F.3d 1197, 1210–12 (9th Cir. 2008); Ortega v. O'Connor, 146 F.3d 1149, 1154–57 (9th Cir. 1998) (qualified immunity instruction upheld).

**Avoiding comments on the evidence.** When describing the relevant factors and the factual basis of the claim in a jury instruction, it is necessary to consider the Washington State Constitution, Article IV, Section 16, which prohibits the trial court from commenting on the evidence. If the court takes care to refrain from either explaining or criticizing evidence, and the court avoids any suggestion that the evidence proves a fact or element at issue, there is no comment on the evidence. See WPI 1.01 (Advance Oral Instruction for Civil Cases); Wash. Const. Art. IV, § 16; Kerr v. Cochran, 65 Wn.2d 211, 214–18, 396 P.2d 642 (1964); Tegland, 14A Washington Practice, Civil Procedure 31:20 (through 2010 pocket part).
[Current as of January 2013.]

Westlaw. © 2013 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

---

**End of Document**  © 2017 Thomson Reuters. No claim to original U.S. Government Works.