1

2

The Honorable Richard A. Jones
The Honorable James P. Donohue

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

KYLE LYDELL CANTY,

10

Plaintiff,

11

vs.

12

CITY OF SEATTLE, et. al.,

13

Defendants.

No. 2:16-cv-01655-RAJ-JPD

KING COUNTY DEFENDANTS'
CONSOLIDATED RESPONSE TO
PLAINTIFF'S PENDING MOTIONS
(DKTS. 47, 48, 49, 53, 61, 62, 63, 69,
70)

Noted: August 4, 2017

14

## I.    RELIEF REQUESTED

15

    Defendants King County, Gail Bonicalzi, and Melinda Hasegawa (King County

16

Defendants) request the Court deny Plaintiff's Motion for an Extension of Deadlines (Dkt 47),

Motion Regarding Un-redacted Filings (Dkt. 48), Motion for Injunctive Relief (Dkt. 49), Motion

17

Regarding a Constitutional Challenge (Dkt. 63), and Motion Regarding "Under color of law"

18

Definition (Dkt. 70).  Plaintiff's other motions do not appear to request any relief from this Court

19

and simply notify the Court and defendants of Plaintiff's belief regarding defendants' intent

20

(Dkt. 53) and Plaintiff's belief regarding the scope of discovery in this case (Dkts. 61, 62) and

21

make a premature offer of Proposed Jury Instructions (Dkt. 69).  King County Defendants

22

request this Court deny such motions as no relief is required (Dkts. 53, 61, 62, 69).

23

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## II.    FACTS RELEVANT TO MOTION

Plaintiff has filed an amended civil right complaint naming King County and Designated Mental Health Providers Gail Bonicalzi and Melinda Hasegawa.  (Dkt. 38) Plaintiff alleges that King County Defendants violated his rights under the Fourth, Fifth and Eighth Amendments by having him civilly committed at Harborview Medical Center for 72 hours.  (Dkt. 38).  On July 6 and 10, 2017, Plaintiff filed three pending motions.

## III.    ARGUMENT

### A.    General Response to Plaintiff's Motions and Intent to Join in the City of Seattle Defendant's Responses

King County Defendants join in the City of Seattle Defendants' response to Plaintiff's Motion for an Extension of Deadlines (Dkt. 54), City of Seattle Defendants' response to Plaintiff's Motion Regarding Un-redacted Filings (Dkt. 55), and City of Seattle Defendants' response to Motion Regarding Motive and Retaliation (Dkt. 65) rather than providing additional argument here.  King County Defendants also join in the City of Seattle Defendants response to Dkts. 52, 61, 62, 63, 69, and 70.

With regard to Plaintiff's Motion Regarding "Under color of law" Definition (Dkt. 70), King County Defendants further ask this court to deny such motion as no defendant contested the proper legal definition of such term in answer to Plaintiff's suit and have merely indicated that no defendant is required to admit or deny a conclusion of law (Dkts. 60, 64).

### B.    Motion Regarding Constitutionality of RCW 71.05

Plaintiff's "Motion Pursuant to Rule 5.1 (FRCP) Constitutional Challenge to a Statute" (Dkt. 63) attempts to question the constitutionality of RCW 71.05.  King County Defendants request that this Court deny Plaintiff's attempt to request this Court consider the constitutionality of this statute as it is not raised in his complaint as required nor has he served the proper parties. Fed. R Civ. P. 8(a); RCW 7.24.110.  Further, Plaintiff has not adequately pled a constitutional challenge to

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

the statute sufficient for defendants to respond to such challenge.  Because Plaintiff has not met his pleading or service burden, his motion must be denied.

### C.    Motion for Injunctive Relief

This Court should deny plaintiff's motion for injunctive relief because Plaintiff has not explained what he wants defendants to be enjoined from doing and has not demonstrated that he is legally entitled to a preliminary injunction. With regard to the first issue, Plaintiff makes a whole host of allegations against specific police officer defendants and then asks for a Temporary Restraining Order against all defendants (including both municipalities and Designated Mental Health Providers Bonicalzi and Hasegawa, (DMHPs)).  Nowhere in his motion does Plaintiff explain the rationale for a TRO against either municipality or the DMHPs or what any defendant would be restrained from doing.

Further, in order to obtain an injunction, the Plaintiff must establish 1) likelihood of success on the merits; 2) that he is likely to suffer irreparable harm in absence of preliminary relief; 3) that balance of hardships tip in his favor; and 4) that public interest favors injunction. *Seattle Mideast Awareness Campaign v. King County*, 771 F. Supp. 2d 1266, 1271 (2011)(citing *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365 at 374, 172 L.Ed.2d 249 (2008); *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1137-38 (9th Cir. 2011)). In this case, the Court need not proceed past the first factor, because plaintiff cannot establish his likelihood of success on the merits with regard to King County Defendants. His complaint names King County but fails to identify any custom or practice that allegedly violates his rights (as required by *Monell*[1]) and names two DMHPs for essentially doing their jobs to comport with the requirements of RCW 71.05.153.

---

[1] To state a constitutional claim against a municipality, a plaintiff must: 1) identify the specific "policy" or "custom;" 2) fairly attribute the policy or up to *Monell* analysis. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To state a constitutional claim against a municipality, a plaintiff must: 1) identify the specific "policy" or "custom;" 2) fairly attribute the policy or custom and fault for its creation to the municipality; and 3) establish the necessary "affirmative link" between the identified policy or custom and the specific constitutional violation. *City of Canton v. Harris,* 489 U.S. at 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Further, plaintiff must demonstrate that King County was the "moving force" behind the

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2

Second, Plaintiff is not likely to prevail on the merits because DMHPs should be entitled to absolute immunity for their quasi-judicial role in detaining individuals under the statute. *See*

3

*Mishler v. Clift,* 191 F.3d 998, 1009 (9th Cir.1999) (Absolute immunity appropriate where

4

medical board officials undertook both quasi-judicial and quasi-prosecutorial functions).  At a

5

minimum, all defendants in this matter are entitled to qualified immunity under RCW 71.05.120.

6

This immunity extends to any "peace officer responsible for detaining a person pursuant to this

7

chapter," as well as to any "county designated mental health professional, [or] the state, a unit of

8

local government, or an evaluation and treatment facility." RCW 71.05.120(1).  Additionally,

9

because the constitutionality of RCW 71.05.153 is not an open question defendants cannot be

10

interpreted to have violated any "clearly established right." *In re Det. of June Johnson*, 179 Wn. App. 579, 591, 322 P.3d 22 (2014) (holding that RCW 71.05.153 satisfies due process).

11

Next, plaintiff has failed to demonstrate that he would suffer irreparable harm in the absence

12

of preliminary relief. He has made no allegations that he would suffer irreparable harm by King

13

County Defendants in his motion yet he requests an injunction for a period of five years.  Further,

14

any alleged harm he claims in his motion is belied by the recent guilty finding in King County Superior Court that Plaintiff assaulted two police officers. *Declaration of Kanner, Ex. A.*

15

Finally, it is firmly established that a preliminary injunction is an extraordinary remedy never

16

awarded as a right. *Winter* at 376 (citing *Munaf v. Geren,* 533 U.S. 674, 689-690, 128 S.Ct. 2207,

17

2218-2219 (2008)). In exercising their discretion, "courts of equity should pay particular regard for

18

the public consequences in employing the extraordinary remedy of injunction." *Id.,* (citing *Romero-*

19

*Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982)).  Assuming Plaintiff's request is

20

that all King County and City of Seattle personnel have no contact with him for a period of five

21

22

23

injury alleged. *Bryan County Commissioners v. Brown,* 520 U.S. 397, 403-04 (1997). Plaintiff's claims fail because he cannot identify a custom, policy, or practice fairly attributable to King County that causes a violation of his constitutional rights. Nor can he show that King County is the "moving force" behind the injuries he alleges. King County did not enact RCW 71.05.153, the Washington State legislature did. Rather, King County is merely complying with the state statute requiring it.

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

years, granting such request would mean that he would be free to commit any crime within the City of Seattle and much of King County without consequence or that there would be no power to civilly commit him under RCW 71.05.153 even if he met the criteria under the statute because neither law enforcement nor the DMHPs would be able to act.  As is obvious, to grant Plaintiff's motion for injunction relief would undermine the purpose of the statute at issue in this case whose express purpose is that of public safety.  RCW 71.05.010(a).  Plaintiff has not demonstrated that public interest favors injunctive relief in this matter.

## IV.    CONCLUSION

For the foregoing reasons, King County defendants request that Plaintiff's motions be denied.

DATED this 28th day of July, 2017.

DANIEL T. SATTERBERG
King County Prosecuting Attorney


By: */s/ Samantha D. Kanner*
SAMANTHA D. KANNER, WSBA #36943
Senior Deputy Prosecuting Attorney
Attorneys for King County Defendants
500 Fourth Avenue, 9th Floor
Seattle, WA 98104
Telephone: (206) 296-8820
E-Mail: Samantha.Kanner@kingcounty.gov

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2

## CERTIFICATE OF FILING AND SERVICE

3

I hereby certify that on July 28, 2017, I electronically filed the foregoing document(s)

4

along with the Declaration of Samantha Kanner and Exhibit A, and Proposed Order Denying

5

Plaintiff's Motions with the Clerk of the Court using the CM/ECF E-Filing System, thus

6

electronically serving counsel for City of Seattle Defendants and caused a copy of the same

7

documents to be served on the following party via Regular USPS Mail:

8

**Kyle Lydell Canty**
**BA #216035994**
**King County Jail**
**500 5th Ave**
**Seattle, WA 98104**

9

10

11

I certify under penalty of perjury under the laws of the United States and the State of

12

Washington that the foregoing is true and correct.

13

DATED this 28th day of July, 2017.

14

15

16

*/s/Lindsey Macalalad*
LINDSEY MACALALAD
Legal Secretary

17

18

19

20

21

22

23

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819