James P. Donohue
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, et al.,<br><br>                Defendants. | NO.  2:16-CV-01655-RAJ-JPD<br><br>CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO SEVERAL MOTIONS FILED BY PLAINTIFF |

### I. RELIEF REQUESTED

Defendants City of Seattle and Officers Marshall Coolidge, Sean Culbertson, Timothy Renihan, and Hancock ("City of Seattle Defendants") file this response to the following motions filed by Plaintiff and request that each be denied for the reasons set forth herein:

- "Motion Pursuant to Rule 65 (FRCP) Injunctions and Restraining Orders," [Dkt. 49], construed by the court pursuant to its July 12, 2017 order as a Motion for Preliminary Injunction [Dkt. 52];

- "Motion Pursuant to Rule 5.1 (FRCP) Constitutional Challenge to a Statute – Notice Certification and Intervention" [Dkt. 63];

- "Motion Pursuant to 'Under Color of State Law' Definition" [Dkt. 70];

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE
TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD          1

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

- "Motion Pursuant to LCR 26 (a), (c), (f) Duty to Disclose General Provisions Governing Discovery" [Dkt. 61];
- "Motion Pursuant to Rule 51 (FRCP) Instructions to the Jury" [Dkt. 69]; and
- "Motion Pursuant to LCR 16 Pretrial Conferences Scheduling Management" [Dkt. 62]

The City of Seattle Defendants also join in the yet-to-be filed responses to these motions by Co-Defendants King County, Gail Bonicalzi, and Melinda Hasegawa.

## II.   STATEMENT OF FACTS

Plaintiff Pro Se has brought this civil rights action against the City of Seattle Defendants, as well as King County and several of its employees. Plaintiff has filed numerous documents that he has labeled as "motions" since initiating this action. Plaintiff originally filed complaint on November 5, 2016, and eventually filed an amended complaint on June 1, 2017. Dkts. 5, 38. Plaintiff's Complaint alleges the City of Seattle Defendants violated his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution during his detention on a civil commitment warrant. *Id.* Since filing his complaints, Plaintiff has filed a series of documents that he has labeled as "motions," although many do not make specific requests for relief from the court. The City of Seattle Defendants have previously responded to several of these prior motions.[1] This memorandum is the response by the City of Seattle Defendants to the most recent six motions, which are identified above.

## III.   STATEMENT OF ISSUES

(1) Should Plaintiff's request for a preliminary injunction be denied, because he has not satisfied the requirements of Fed. R. Civ. P. 65?

(2) Should Plaintiff's Motion Regarding the Constitutionality of RCW 71.05 be denied, because he has not alleged any claim in his complaint making a constitutional challenge to

---

[1] Defendants herein previously filed responses to Plaintiff's "Motion Pursuant to LCR 6(a) Computing and Extending Time," "Motion Pursuant to LCR 5.2 (a) Redaction of Filings" and "Motion and Declaration of Defendants [sic] Motive and Retaliation," Dkts. 47, 48, 53, 54, 55, and 65.

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE
TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD                2

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

the statute, has not adequately identified a constitutional challenge to the statute in his motion, and has not served the Washington State Attorney General as required by FRCP 5.1, 28 U.S.C.§ 2403, and RCW 7.24.110?

(3) Should Plaintiff's motion regarding jury instructions be denied as premature and improper under the court's Local Rules?

(4) Should the remainder of Plaintiff's outstanding motions be denied, because they are either premature or else do not make a proper request for relief as required by Fed. R. Civ. P. 7?

### IV.   EVIDENCE RELIED UPON

The City of Seattle Defendants rely on the pleadings and the court's file herein.

### V.   ARGUMENT

**A.   Plaintiff Has Not Satisfied Fed. R. Civ. P. 65's Requirements for a Preliminary Injunction**

Rule 65 governs the issuance of preliminary injunctions. Fed. R. Civ. P. 65. In order to obtain a preliminary injunction, Plaintiff must show that:

1) he is likely to succeed on the merits of the action;

2) he is likely to suffer irreparable harm in the absence of preliminary relief;

3) the balance of equities tips in his favor; and

4) an injunction is in the public interest.

*Stormans, Inc. v. Selecky*, 586 F.3d 1109, 112 (9th Cir. 2009); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22; *Davis v. Abercrombie*, 903 F. Supp. 2d 975, 993-94 (D. Haw. 2012). A preliminary injunction should only be granted where the merits of the case clearly favor one party over the other. *See Remlinger v. Nevada,* 896 F. Supp. 1012, 1015 (D. Nev. 1995). Cases best suited to preliminary injunction are those where the parties do not dispute the

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE
TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD    3

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

important facts but simply disagree about the legal consequnces of those facts. *Remlinger*, 896 F. Supp. at 1015.

The plaintiff bears the burden of persuasion. *Mich. Rehab. Clinic Inc., P.C. v. City of Detroit*, 310 F. Supp. 2d 867, 869 (E.D. Mich. 2004). A preliminary injunction is the strong arm of equity that should not be extended to cases which are doubtful or do not come within well-established principles of law. *Mich. Rehab. Clinic*, 310 F. Supp. 2d at 870. The proof required for the plaintiff to obtain a preliminary injunction is more stringent than the proof required to survive a summary judgment motion. *Id.*

Here, Plaintiff has not put forward any evidence (other than his own self-serving statements) that he is likely to prevail on the merits of his case. Even if Plaintiff has shown a likelihood of prevailing on the merits (which he has not), Plaintiff has not even addressed the remaining factors listed above—likelihood of irreparable harm without injunctive relief, the balance of equities, and the public interest—to demonstrate that a preliminary injunction is warranted in this case. Plaintiff bears the burden of persuading the Court that he is entitled to a preliminary injunction, and he has not carried his burden. The Court must accordingly deny Plaintiff's request.

**B.   Plaintiff's Motion Regarding the Constitutionality of RCW 71.05 is Improper, Because None of Plaintiff's Claims in Plaintiff's Complaint Challenges the Statute, Plaintiff Has Not Adequately Stated a Constitutional Challenge to the Statute, and Plaintiff Has Not Served the State Attorney General**

Without citing any authority, Plaintiff's motion regarding RCW 71.05 questions whether the entire statute is constitutional. To the extent Plaintiff is attempting to ask the court to hold some provision of the statute unconstitutional in this case, his motion is improper.

As a preliminary matter, the alleged unconstitutionality of the statute is not raised in Plaintiff's complaint. The subject matter of Plaintiff's lawsuit is limited by the allegations and claims pleaded. Fed. Rule Civ. Proc. 8 (a). Plaintiff's Complaint has not sought a declaratory

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE
TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD                    4

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

1   judgment that RCW 71.05 is unconstitutional. Unless this court grants a proper motion to amend
2   the complaint to add a new claim, this matter is not properly before the court.

3         Additionally, Plaintiff has not sued or given notice to the proper parties to challenge the
4   constitutionality of a state statute. If an action alleges that a state statute is unconstitutional, the
5   plaintiff must serve the state's Attorney General. FRCP 5.1; 28 U.S.C.§ 2403; RCW 7.24.110;
6   *see also* FRCP 19. There is nothing in the record indicating that Plaintiff has taken this required
7   step.

8         Even if it were not for the above deficiencies, Plaintiff has not made any specific
9   constitutional challenge to the statute. Plaintiff has not stated whether his challenge is a facial one
10  or an as-applied challenge. Plaintiff has also not shown that he satisfies the requirements of
11  justiciability or standing to make a challenge to the statute's constitutionality. *See Lujan v.*
12  *Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L.Ed.2d 351, 112 S.Ct. 2130 (1992). Plaintiff
13  fails to state what part of the statute he is asserting is unconstitutional or even to identify any
14  specific provision of the constitution that he is alleging the statute infringes upon. Washington
15  courts have previously held that the statute satisfies due process. *In Re Johnson*, 179 Wn. App.
16  579, 591, 322 P.3d 22 (2014) (holding "procedures in the emergency detention statute provide
17  adequate protection against erroneous detention."). Because Plaintiff has not met his burden on
18  any of these dispositive issues, his motion must be denied on its face.

19  **C.  Plaintiff's Motion Regarding Jury Instructions Is Premature and Improper Under
20  the Court's Local Rules**

21        Plaintiff has filed another motion requesting that the court give his proposed jury
22  instruction (WPI 340.01 Introductory Civil Rights Instruction), attached to the motion as
23  Exhibit 3. The City of Seattle Defendants oppose this motion as being premature. The court
24  has not yet issued a case management order or other order directing the filing of proposed jury
25  instructions. *See* Fed. R. Civ. P. 16(b)(1), (3) (court will issue scheduling order containing
26  case deadlines); Fed. R. Civ. P. (a)(1) (a party may file and furnish to every other party written

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE
TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD     5

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

requests for the jury instructions it wants the court to give a the close of evidence or at any earlier reasonable time that the court orders).  Additionally, Plaintiff's request and his attached proposed jury instruction do not conform to this Court's prescriptions for jury instructions outlined in the local rules.  *See* W. Wash. LCR 51(e)-(i) (providing guidance on the procedure and substance of proposed jury instructions.)  The court should deny Plaintiff's Motion based on its prematurity and non-conformance with court rules.

**D.    Plaintiff's Other Motions Are Either Premature or Else Do Not Make Any Proper Request for Relief from the Court**

The remainder of the motions filed by Plaintiff – those relating to the element of "under color of state law" in § 1983 and that refer to discovery and pre-trial conferences, do not state any proper request for relief from the court.  For example, Plaintiff requests that "the Courts [sic] give all Defendants the legal definition to 'under color of state law' . . ."  Plaintiff's motion is not focused on any particular defendant, and it provides no factual background about what actions he is claiming were taken under state law.  To the extent that this legal element of his claim against individual defendants in this matter is disputed, the issue can be decided following any needed discovery, either by the court on a pre-trial summary judgment motion or by the fact finder at trial.  Plaintiff's other motions concerning pretrial conferences and discovery simply state information about discovery and Plaintiff's plan to submit certain exhibits at trial, but they do not make any request to the court for any relief.

As the City of Seattle Defendants pointed out previously in their response to a prior motion filed by Plaintiff, motions must: 1) be in writing; 2) state with particularity the ground for seeking the order; and 3) state the relief sought.  *Id.* Courts have generally given liberal interpretation to Rule 7(b)'s requirement that motions "state with particularity the grounds therefor."  *Harkins v. Ford Motor Co.*, 437 F2d 276 n.1 (3d Cir. Pa. 1970).  However, Rule 7(b)'s requirement that moving party state with particularity grounds for his motion is not intended to be merely a matter of form but real and substantial. *Steingut v. National City Bank*,

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE
TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD                       6

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

36 F Supp 486, 487 (D.N.Y. 1941). "[M]otions giving no reasons have no effect" and should be denied. *Stephenson v. Deutsche Bank AG*, 282 F. Supp. 2d 1032, 1041 n.7 (D. Minn. 2003), quoting *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515, 516 (7th Cir. 1992). Courts have usually interpreted Fed. R. Civ. P. 7(b) strictly, refusing to recognize requests for relief not specified in the moving papers. *De Lorenzo v. Fed. Deposit Ins. Corp.*, 268 F. Supp. 378, 381 (S.D.N.Y. 1967). Because the remainder of Plaintiff's outstanding motions neither request any particular relief from the court nor give any grounds for the court to take a particular action in this case, they should be denied as improper under Rule 7.

## VI. CONCLUSION

For all the forgoing reasons, Plaintiff's numerous motions described above should be denied.

DATED this 28th day of July, 2017.

    s/ John R. Nicholson_____
    JOHN R. NICHOLSON WSBA #30499
    Freimund Jackson & Tardif, PLLC
    701 5th Avenue, Suite 3545
    Seattle, WA 98104
    Telephone: (206) 582-6001
    Facsimile: (206) 466-6085
    Johnn@fjtlaw.com
    Attorneys for Defendants City of Seattle,
    Officer Marshall Coolidge, Sean Culbertson,
    Timothy Renihan and Officer Hancock

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD     7

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

# CERTIFICATE OF SERVICE

I certify that on the 28th day of July, 2017, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Pro se Plaintiff,<br><br>Kyle Lydell Canty<br>#216035994<br>King County Jail (Seattle)<br>500 5th Ave.<br>Seattle, WA 98104 | ( X )  U.S. Mail |
| Samantha D. Kanner, WSBA #36943<br>Deputy Prosecuting Attorney<br>King County Prosecuting Attorney's Office<br>500 Fourth Avenue, 9th Floor<br>Seattle, WA  98104<br>(206) 296-8820<br>SamanthaKanner@kingcounty.gov | ( X )  Electronic Service |

DATED this 28th day of July, 2017, in Seattle, Washington.

s/Kathie Fudge_____
KATHIE FUDGE, Legal Assistant to
GREGORY E. JACKSON
701 5TH Avenue, Suite 3545
Seattle, WA  98104
kathief@fjtlaw.com

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO SEVERAL MOTIONS FILED BY PLAINTIFF
NO. 2:16-CV-01655-RAJ-JPD            8

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085