UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FILED
LODGED
RECEIVED  MAIL

AUG 04 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

| | |
|---|---|
| KYLE LYDELL CANTY<br>Plaintiff, | Case No. 2:16-CV-01655-RAJ-JPD |
| VS.<br><br>CITY OF SEATTLE, et Al<br>Defendants. | PLAINTIFF'S MOTION AND NOTICE OF POLICIES AND PROCEDURES PURSUANT TO CIVIL COMITMENT "ORAL ARGUMENT REQUESTED" |

COMES NOW, the Plaintiff Kyle Lydell Canty, In Propria Persona and of Sui Juris on the 28th day of the Month of July year 2017, hereby moves the Courts and all defendants Pursuant to Civil Comitment Policies AND Procedures Violations

P 1 of 12

# I. Evidence relied upon

The Plaintiff Kyle Lydell Canty rely on the Revised Code of Washington Title 71. Mental Illness, and Chapter 71.05. Mental Illness of the Same Revised Code of Washington

# II. Statement of issues

Should the Defendants be allowed to Continue to blame the Plaintiff even When none of the Defendants followed the Strict Policies and Procedures of Revised Code of Washington's Title 71. Mental Illness and Chapter 71.05. Mental Illness?

# III. LAW and Argument

Pursuant to RCW 71.05.245 (1),(2),(3) none of the Defendants Knew that the Plaintiff Was gravely disabled or posed a serious likeli hood of Serious harm to himself

P 2 of 12

or others because pursuant to
this Statue the Court must Con-
Sider the Symptoms and behavior
of the respondent in light of
all available evidence Concerning
the respondent's historical behavior
The funny fact is the Plaintiff
never had any Court date Prior to
July 8th, 2016, also the Plaintiff
has no historical mental health
issues Prior to July 8th, 2016.

Pursuant to RCW 71.05.237 Judic-
ial Proceeding, none of the Defend-
ants met it's burden of Proof in
Showing Whether the Plaintiff
Presents a likelihood of Serious
harm to himself or others, because
there Was never any real True
Court date - This Was all a Scam
on the behalf of all of the
defendants especially King County
and that Creep Daniel T. Satter-
berg

P 3 of 12

Pursuant to RCW 71.05.220
Property of Committed Person
none of the Defendants especi
ally Gail Bonicalzi followed this
Statue, and didn't take reason-
able precautions to inventory, and
Safeguard the personal property
of the Person detained.

Pursuant to RCW 71.05.190 Persons
not admitted-Transportation-
Detention of arrested person
Pending return to Custody
none of the Defendants followed
this Statue especially this obse-
ssed Creep Timothy Renihan,
Completely ass backwards, Its
Clear that this State Statue
States the person has to be
in Jail first, and the Plaintiff
Was never in Jail Prior to the
date of July 8th, 2016

Pursuant to RCW 71.05.458
Law enforcement referral

P 4 of 12

Threatened or attempted Sui-
cide - Contact by mental health
Professional, none of the Defend-
ants followed this statue espe-
cially Gail Bonicalzi, There is
no Documentation of Gail
Bonicalzi the mental health pro-
fessional's attempt to Contact
and assess the Plaintiff at any
time before the date of July 8th,
2016, it is not Procedure for the
designated mental health Provider
Gail Bonicalzi to assess the Person
Who is alledged to have some type
of mental disorder ahead of time.

Pursuant to RCW 71.05.030 - Comm-
itment laws applicable, none
of the Defendants followed this
Statue especially King County and
it's employee's Clearly the Statue
States Quote " Persons Suffering
from a mental disorder may
not be involuntarily Committed
for treatment of such disorder

P 5 of 12

except Pursuant to a Court order" example 10.77 RCW, Clearly none of the defendants Can prove that there was any Court order before July 8th, 2016!

Pursuant to RCW 71.05.010 Legislative intent, all of the defendants intentionally, Knowingly and maliciously manipulated this statue and has been doing this for a very long time now, and for the following reasons, this is the specific argument Pursuant to RCW 71.05.010- (a) How Would any of the defendants be trying to protect the health and safety of the Plaintiff or protect public safety if they don't really have Proof that the Plaintiff Was Prior to July 8th, 2016 suffering from mental disorders? like the Plaintiff said many times before the defendants set this whole scam up. (D)

P6 of 12

none of the defendants safe
guarded the individual rights
when they didn't follow the
policies and procedures that the
Plaintiff has listed in this motion
(6) by the defendants not follow-
ing the policies and procedures
of Title 71, Chapter 71.05 they
have engaged in inappropriate
activities that perminately affects
the Plaintiff and his medical rec-
ords. (G) none of the defendants
even really knew the Plaintiff
before July 8, 2016 to even offer
him services, the Plaintiff was
never locked up before this date
and never had any felonies before
the date of July 8, 2016

Pursuant to RCW 71.05.160 Petition
for inital detention defendants
King County and it's employee's
Gail Bonicalzi (designated mental
health professional) or filing
mental health professional melinda

P 7 of 12

Hasegawa never Personally observed the Plaintiff Kyle Lydell Canty being gravely disabled or Present himself with a likelihood to Comitt serious harm to himself or others Timothy Renihan along With the City of Seattle Clearly lied about the Plaintiff by saying stuff like he had guns, bullets, etended Magazines, the City of Seattle and it's officers Continued With this lie and at the trial when asked about the evidence Timothy Renihan Could not Produce it, and then admitted that he destroyed all of the Plaintiff's Personal Property as well, this was the federal Brady Violation the resulted in the 8.3CrR motion for dismissal With Prejudice being granted, The Charges that were dismissed With Prejudice were Felony Harassment of a Police Officer and Felony assault in the third degree on a Police Officer

P 8 of 12

Pursuant to RCW 71.05.360 Rights of involuntarily detained Persons all of the defendants City of Seattle and it's officers, along with King County and it's employee's, Clearly Violated this Statue because none of the defendants Can Prove that there Was ever a Probable Cause hearing held Pursuant to this Statue, there Was also never any type of Court Proceeding held in any form on any level, that is required in order to Civilly Comitt a Person in the State of Washington, King County and it's employee's, along with the City of Seattle and it's officers manipulated, falsified documents and Violated the rights of the Plaintiff Pursuant to this Whole Statue (Please See attached Exhibit 7)

(Exhibits 5-15 + Bonus Attached)
(Exhibit M Attached

P 9 of 12

# IV.    Relief Requested

The Plaintiff Kyle Lydell Canty requests that the Federal Courts of the Western District of Washington Pursuant to 28 U.S.C. Section 128(b), along with the Hon. Richard A. Jones, and Hon. James P. Donohue grant a declaration that the acts and omissions described herein violate the Policies and Procedures Pursuant to the Civil Comitment Statues/Revised Code of Washington Title 71., Chapter 71.05 Mental Illness, Thus further violating his rights under the Constitution and the laws of the United States

# V.    Conclusion

Pursuant to RCW 71.05.012 Legislative intent and finding it is the intent of the legislature to enhance Continuity of

P 10 of 12

Care for Persons With serious mental disorders that Can be Controlled or stabilzed in a less restrictive alternative Commitment. Within the guidelines Stated in In Re LaBelle 107 Wn. 2d 196 (1986), the legislature intends to encourage appropriate interventions at a Point When there is the best opportunity to restore the person to or maintain satisfactory functioning, "For Persons With a prior history or Pattern of repeated hospitalizations or law enforcement intervetions" Quote due to decompesation, the Consideration of prior mental history is Particularly relevant in determing whether the Person Would receive, if released, Such Care as is essential for his or her health or Safety

Once again the Plaintiff Kyle Lydell Canty never had Prior to

P 11 of 12

(Exhibits 5-15 + Bonus Attached)
(Exhibit M Attached

the date of July 8th, 2016
Prior history or Pattern of repe-
ated hospitalizations due to dec-
ompesation, however all of the
defendants lied and said that he
did. The defendants would include
King County and it's employee's
along with City of Seattle along
with it Police officers (Please see
attached Exhibit M) Exhibit M
Proves this statement and is
the defendants own statement
that they gave to AMR/EMt


Prepared by:

✗ 07/28/2017
under penalty
of Perjury                    Kyle Lydell Canty
                              BA# 216035994
                              500 Fifth Ave
                              Seattle WA 98104

                         Executed July 28, 2017

P 12 of 12

(EXHIBIT 2) (EXHIBIT M)

## NARRATIVE

RESPONDED TO A 911 CALL FOR A 30 YR OLD M

S
PER SPD OFFICERS CALLED AMR TO TRANSPORT THE PT DUE TO THE PT MAKING VERBAL THREATS TO SHOOT AND KILL OFFICERS. PER SPD DETECTIVE THE PT HAS BEEN UNDER THEIR RADAR FOR NUMEROUS MONTHS AND DURING THIS TIME PERIOD THE PT HAS MADE THREATS TOWARDS THE POLICE AND FBI THREATENING TO SHOOT AND KILL THEM. PER SPD AND US MARSHALLS THE PT STATED HE WAS TRYING TO FIND A HAND GUN TODAY. PER SPD THE PT WAS WALKING AROUND WITH A BOX OF MAGAZINES IN SEARCH OF A GUN. THE PT DENIED ANY MEDICAL CARE. THE PT DENIED TO SPEAK TO MYSELF AND OR MY PARTNER. THE PT DENIED TO ANSWER ANY OF THE QUESTIONS I HAD FOR HIM.

PER OFFICERS THE PT HAS A KNOWN MENTAL HEALTH MEDICAL HX
O
UPON ARRIVAL THE PT IS SEEN LYING DOWN ON HIS STOMACH WITH SPD OFFICERS RESTRAINING HIM WITH SPD OFFICERS HOLDING HIM DOWN. THE PT'S HANDS ARE IN CUFFS AND BEHIND HIS BACK. THE PT IS OBSERVED SHOUTING "I WANT A LAWYER, I WANT A LAWYER, ETC". THE PT IS OBSERVED ABLE TO SPEAK/ SHOUT IN FULL SENTENCES. THE PT IS OBSERVED ABLE TO BREATH ADEQUATELY WITH EQUAL CHEST RISE AND FALL. THE PT IS AT THIS TIME PLACED ON THE GURNEY BY SPD AND AMR PERSONNEL. THE PT'S LEGS ARE PUT INTO RESTRAINTS AND THE PT'S ARMS REMAIN IN HANDCUFFS. THE PT IS SEAT BELTED TO THE GURNEY AND PLACED INTO THE AMBULANCE. THE PT DID NOT LET ME TAKE A SET OF VITALS. THE PT WAS UNCOOPERATIVE TO UNCUFF AND TAKE HIS JACKET OFF TO TAKE A SET OF VITALS. SPD WOULD NOT ALLOW THE CUFFS TO BE REMOVED. HEAD TO TOE EXAM (COMPLLETED VISUALLY) DID NOT REVEAL ANY ABNORMALITIES OR DEFORMITIES AT THIS TIME.

PLEASE SEE OBJECTIVE FINDINGS FOR FURTHER INFORMATION.

LUNG SOUNDS CLEAR AND EQUAL BI LAT GCS 15 GOOD CMS PUPILS PERRL

A
INVOL BY SPD AND MARSHALLS

P
LOADED THE PT ONTO THE GURNEY
PLACED LEG RESTRAINTS ON THE PT AND THE PT'S ARMS REMAINED HANDCUFFED BEHIND HIS BACK
LOADED THE PT INTO THE AMBULANCE
HEAD TO TOE EXAM COMPLETED VISUALLY
TRANSPORTED THE PT TO HMC ED
TRANSFERRED CARE TO THE RN IN ED PEZ
GAVE VERBAL REPORT

TWO OFFICERS RODE WITH IN THE AMBULANCE TO THE HOSPITAL

*ALL COMPLETED W/O INCIDENT

## FOLLOW-UP-CARE

FOLLOW-UP:          FOLLOW-UP-DATE:          FOLLOW-UP-TIME:

FOLLOW-UP CARE:

## RUN COMPLETION

PRIVACY PRACTICES: DUE TO THE PATIENT'S MEDICAL CONDITION, A PAPER VERSION OF THE NOTICE WAS LEFT AT THE HOSPITAL FOR T.

Case #: 839504
PCR: 201607081954795751
Date of Service: 07/08/2016
Patient: Kyle Canty
Page: 3 of 3
Printed : 7/8/2016

Exhibit 5

WESTLAW

**71.05.012. Legislative intent and finding**
West's Revised Code of Washington Annotated | Title 71. Mental Illness  *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
  Title 71. Mental Illness (Refs & Annos)
    Chapter 71.05. Mental Illness (Refs & Annos)

West's RCWA 71.05.012

**71.05.012. Legislative intent and finding**

Currentness

It is the intent of the legislature to enhance continuity of care for persons with serious mental disorders that can be controlled or stabilized in a less restrictive alternative commitment. Within the guidelines stated in *In Re LaBelle* 107 Wn. 2d 196 (1986), the legislature intends to encourage appropriate interventions at a point when there is the best opportunity to restore the person to or maintain satisfactory functioning.

For persons with a prior history or pattern of repeated hospitalizations or law enforcement interventions due to decompensation, the consideration of prior mental history is particularly relevant in determining whether the person would receive, if released, such care as is essential for his or her health or safety.

Therefore, the legislature finds that for persons who are currently under a commitment order, a prior history of decompensation leading to repeated hospitalizations or law enforcement interventions should be given great weight in determining whether a new less restrictive alternative commitment should be ordered.

**Credits**
[1997 c 112 § 1.]

Notes of Decisions (4)

West's RCWA 71.05.012, WA ST 71.05.012
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

| **End of Document** | © 2017 Thomson Reuters. No claim to original U.S. Government Works. |
|---|---|

WestlawNext. © 2017 Thomson Reuters

THOMSON REUTERS

Case 2:16-cv-01855-RAJ   Document 80   Filed 08/04/17   Page 15 of 30

Exhibit 6

WESTLAW

**71.05.010. Legislative intent (Effective until April 1, 2018)**
West's Revised Code of Washington Annotated    Title 71. Mental Illness    Effective: May 14, 2015 to March 31, 2018    *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
   Title 71. Mental Illness (Refs & Annos)
      Chapter 71.05. Mental Illness (Refs & Annos)

Effective: May 14, 2015 to March 31, 2018

West's RCWA 71.05.010

**71.05.010. Legislative intent *(Effective until April 1, 2018)***

Currentness

(1) The provisions of this chapter are intended by the legislature:

(a) To protect the health and safety of persons suffering from mental disorders and to protect public safety through use of the parens patriae and police powers of the state;

(b) To prevent inappropriate, indefinite commitment of mentally disordered persons and to eliminate legal disabilities that arise from such commitment;

(c) To provide prompt evaluation and timely and appropriate treatment of persons with serious mental disorders;

(d) To safeguard individual rights;

(e) To provide continuity of care for persons with serious mental disorders;

(f) To encourage the full use of all existing agencies, professional personnel, and public funds to prevent duplication of services and unnecessary expenditures; and

(g) To encourage, whenever appropriate, that services be provided within the community.

(2) When construing the requirements of this chapter the court must focus on the merits of the petition, except where requirements have been totally disregarded, as provided in *In re C.W.*, 147 Wn.2d 259, 281 (2002). A presumption in favor of deciding petitions on their merits furthers both public and private interests because the mental and physical well-being of individuals as well as public safety may be implicated by the decision to release an individual and discontinue his or her treatment.

**Credits**
[2015 c 269 § 1, eff. May 14, 2015; 1998 c 297 § 2; 1997 c 112 § 2; 1989 c 120 § 1; 1973 1st ex.s. c 142 § 6.]

Notes of Decisions (20)

West's RCWA 71.05.010, WA ST 71.05.010
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

End of Document      © 2017 Thomson Reuters. No claim to original U.S. Government Works.

 THOMSON REUTERS

Case 2.16-cv-01655-RAJ   Document 80   Filed 08/04/17   Page 16 of 30

Exhibit 7 1-3 Pgs



WESTLAW

**71.05.360. Rights of involuntarily detained persons (Effective until April 1, 2018)**
West's Revised Code of Washington Annotated    Title 71. Mental Illness    Effective: June 9, 2016 to March 31, 2018    *(Approx. 3 pages)*

> West's Revised Code of Washington Annotated
>   Title 71. Mental Illness (Refs & Annos)
>     Chapter 71.05. Mental Illness (Refs & Annos)

Proposed Legislation

Effective: June 9, 2016 to March 31, 2018

West's RCWA 71.05.360

### 71.05.360. Rights of involuntarily detained persons *(Effective until April 1, 2018)*

Currentness

(1)(a) Every person involuntarily detained or committed under the provisions of this chapter shall be entitled to all the rights set forth in this chapter, which shall be prominently posted in the facility, and shall retain all rights not denied him or her under this chapter except as chapter 9.41 RCW may limit the right of a person to purchase or possess a firearm or to qualify for a concealed pistol license.

(b) No person shall be presumed incompetent as a consequence of receiving an evaluation or voluntary or involuntary treatment for a mental disorder, under this chapter or any prior laws of this state dealing with mental illness. Competency shall not be determined or withdrawn except under the provisions of chapter 10.77 or 11.88 RCW.

(c) Any person who leaves a public or private agency following evaluation or treatment for mental disorder shall be given a written statement setting forth the substance of this section.

(2) Each person involuntarily detained or committed pursuant to this chapter shall have the right to adequate care and individualized treatment.

(3) The provisions of this chapter shall not be construed to deny to any person treatment by spiritual means through prayer in accordance with the tenets and practices of a church or religious denomination.

(4) Persons receiving evaluation or treatment under this chapter shall be given a reasonable choice of an available physician, physician assistant, psychiatric advanced registered nurse practitioner, or other professional person qualified to provide such services.

(5) Whenever any person is detained for evaluation and treatment pursuant to this chapter, both the person and, if possible, a responsible member of his or her immediate family, personal representative, guardian, or conservator, if any, shall be advised as soon as possible in writing or orally, by the officer or person taking him or her into custody or by personnel of the evaluation and treatment facility where the person is detained that unless the person is released or voluntarily admits himself or herself for treatment within seventy-two hours of the initial detention:

(a) A judicial hearing in a superior court, either by a judge or court commissioner thereof, shall be held not more than seventy-two hours after the initial detention to determine whether there is probable cause to detain the person after the seventy-two hours have expired for up to an additional fourteen days without further automatic hearing for the reason that the person is a person whose mental disorder presents a likelihood of serious harm or that the person is gravely disabled;

(b) The person has a right to communicate immediately with an attorney; has a right to have an attorney appointed to represent him or her before and at the probable cause hearing if he or she is indigent; and has the right to be told the name and address of the attorney that the mental health professional has designated pursuant to this chapter;

(c) The person has the right to remain silent and that any statement he or she makes may be used against him or her;

(d) The person has the right to present evidence and to cross-examine witnesses who

testify against him or her at the probable cause hearing; and

(e) The person has the right to refuse psychiatric medications, including antipsychotic medication beginning twenty-four hours prior to the probable cause hearing.

(6) When proceedings are initiated under RCW 71.05.153, no later than twelve hours after such person is admitted to the evaluation and treatment facility the personnel of the evaluation and treatment facility or the designated mental health professional shall serve on such person a copy of the petition for initial detention and the name, business address, and phone number of the designated attorney and shall forthwith commence service of a copy of the petition for initial detention on the designated attorney.

(7) The judicial hearing described in subsection (5) of this section is hereby authorized, and shall be held according to the provisions of subsection (5) of this section and rules promulgated by the supreme court.

(8) At the probable cause hearing the detained person shall have the following rights in addition to the rights previously specified:

(a) To present evidence on his or her behalf;

(b) To cross-examine witnesses who testify against him or her;

(c) To be proceeded against by the rules of evidence;

(d) To remain silent;

(e) To view and copy all petitions and reports in the court file.

(9) Privileges between patients and physicians, physician assistants, psychologists, or psychiatric advanced registered nurse practitioners are deemed waived in proceedings under this chapter relating to the administration of antipsychotic medications. As to other proceedings under this chapter, the privileges shall be waived when a court of competent jurisdiction in its discretion determines that such waiver is necessary to protect either the detained person or the public.

The waiver of a privilege under this section is limited to records or testimony relevant to evaluation of the detained person for purposes of a proceeding under this chapter. Upon motion by the detained person or on its own motion, the court shall examine a record or testimony sought by a petitioner to determine whether it is within the scope of the waiver.

The record maker shall not be required to testify in order to introduce medical or psychological records of the detained person so long as the requirements of RCW 5.45.020 are met except that portions of the record which contain opinions as to the detained person's mental state must be deleted from such records unless the person making such conclusions is available for cross-examination.

(10) Insofar as danger to the person or others is not created, each person involuntarily detained, treated in a less restrictive alternative course of treatment, or committed for treatment and evaluation pursuant to this chapter shall have, in addition to other rights not specifically withheld by law, the following rights:

(a) To wear his or her own clothes and to keep and use his or her own personal possessions, except when deprivation of same is essential to protect the safety of the resident or other persons;

(b) To keep and be allowed to spend a reasonable sum of his or her own money for canteen expenses and small purchases;

(c) To have access to individual storage space for his or her private use;

(d) To have visitors at reasonable times;

(e) To have reasonable access to a telephone, both to make and receive confidential calls, consistent with an effective treatment program;

(f) To have ready access to letter writing materials, including stamps, and to send and receive uncensored correspondence through the mails;

(g) To discuss treatment plans and decisions with professional persons;

pursuant to an administrative hearing under RCW 71.05.215;

(i) Not to consent to the performance of electroconvulsant therapy or surgery, except emergency lifesaving surgery, unless ordered by a court under RCW 71.05.217;

(j) Not to have psychosurgery performed on him or her under any circumstances;

(k) To dispose of property and sign contracts unless such person has been adjudicated an incompetent in a court proceeding directed to that particular issue.

(11) Every person involuntarily detained shall immediately be informed of his or her right to a hearing to review the legality of his or her detention and of his or her right to counsel, by the professional person in charge of the facility providing evaluation and treatment, or his or her designee, and, when appropriate, by the court. If the person so elects, the court shall immediately appoint an attorney to assist him or her.

(12) A person challenging his or her detention or his or her attorney shall have the right to designate and have the court appoint a reasonably available independent physician, physician assistant, psychiatric advanced registered nurse practitioner, or licensed mental health professional to examine the person detained, the results of which examination may be used in the proceeding. The person shall, if he or she is financially able, bear the cost of such expert examination, otherwise such expert examination shall be at public expense.

(13) Nothing contained in this chapter shall prohibit the patient from petitioning by writ of habeas corpus for release.

(14) Nothing in this chapter shall prohibit a person committed on or prior to January 1, 1974, from exercising a right available to him or her at or prior to January 1, 1974, for obtaining release from confinement.

(15) Nothing in this section permits any person to knowingly violate a no-contact order or a condition of an active judgment and sentence or an active condition of supervision by the department of corrections.

## Credits

[2016 c 155 § 8, eff. June 9, 2016; 2009 c 217 § 5, eff. July 26, 2009; 2007 c 375 § 14, eff. July 22, 2007; 2005 c 504 § 107, eff. July 1, 2005; 1997 c 112 § 30; 1974 ex.s. c 145 § 25; 1973 1st ex.s. c 142 § 41.]

## Notes of Decisions (5)

West's RCWA 71.05.360, WA ST 71.05.360
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters                    THOMSON REUTERS

Case 2:16-cv-01655-RAJ   Document 80   Filed 08/04/17   Page 19 of 30

Exhibit 8

WESTLAW

**71.05.220. Property of committed person (Effective until April 1, 2018)**
West's Revised Code of Washington Annotated   Title 71. Mental Illness   Effective: [See Text Amendments] to March 31, 2018   *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
Title 71. Mental Illness (Refs & Annos)
Chapter 71.05. Mental Illness (Refs & Annos)

Effective: [See Text Amendments] to March 31, 2018

West's RCWA 71.05.220

**71.05.220. Property of committed person *(Effective until April 1, 2018)***

Currentness

At the time a person is involuntarily admitted to an evaluation and treatment facility, the professional person in charge or his or her designee shall take reasonable precautions to inventory and safeguard the personal property of the person detained. A copy of the inventory, signed by the staff member making it, shall be given to the person detained and shall, in addition, be open to inspection to any responsible relative, subject to limitations, if any, specifically imposed by the detained person. For purposes of this section, "responsible relative" includes the guardian, conservator, attorney, spouse, parent, adult child, or adult brother or sister of the person. The facility shall not disclose the contents of the inventory to any other person without the consent of the patient or order of the court.

**Credits**
[1997 c 112 § 17; 1973 1st ex.s. c 142 § 27.]

West's RCWA 71.05.220, WA ST 71.05.220
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

---

**End of Document**                              © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters



WESTLAW

EXhibit 9

**71.05.190. Persons not admitted--Transportation--Detention of arrested person pending return to custody (Effe...**
West's Revised Code of Washington Annotated    Title 71. Mental Illness    Effective: July 22, 2011 to March 31, 2018    *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
Title 71. Mental Illness (Refs & Annos)
Chapter 71.05. Mental Illness (Refs & Annos)

Effective: July 22, 2011 to March 31, 2018

West's RCWA 71.05.190

**71.05.190. Persons not admitted--Transportation--Detention of arrested person pending return to custody *(Effective until April 1, 2018)***

Currentness

If the person is not approved for admission by a facility providing seventy-two hour evaluation and treatment, and the individual has not been arrested, the facility shall furnish transportation, if not otherwise available, for the person to his or her place of residence or other appropriate place. If the individual has been arrested, the evaluation and treatment facility shall detain the individual for not more than eight hours at the request of the peace officer. The facility shall make reasonable attempts to contact the requesting peace officer during this time to inform the peace officer that the person is not approved for admission in order to enable a peace officer to return to the facility and take the individual back into custody.

**Credits**
[2011 c 305 § 3, eff. July 22, 2011; 1997 c 112 § 13; 1979 ex.s. c 215 § 12; 1974 ex.s. c 145 § 12; 1973 1st ex.s. c 142 § 24.]

West's RCWA 71.05.190, WA ST 71.05.190
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

**End of Document**                          © 2017 Thomson Reuters. No claim to original U.S. Government Works.

 THOMSON REUTERS



EXhibit 10

**WESTLAW**

**71.05.030. Commitment laws applicable**
West's Revised Code of Washington Annotated  |  Title 71. Mental Illness    *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
   Title 71. Mental Illness (Refs & Annos)
      Chapter 71.05. Mental Illness (Refs & Annos)

West's RCWA 71.05.030

**71.05.030. Commitment laws applicable**

Currentness

Persons suffering from a mental disorder may not be involuntarily committed for treatment of such disorder except pursuant to provisions of this chapter, chapter 10.77 RCW, chapter 71.06 RCW, chapter 71.34 RCW, transfer pursuant to RCW 72.68.031 through 72.68.037, or pursuant to court ordered evaluation and treatment not to exceed ninety days pending a criminal trial or sentencing.

**Credits**
[1998 c 297 § 4; 1985 c 354 § 31; 1983 c 3 § 179; 1974 ex.s. c 145 § 4; 1973 2nd ex.s. c 24 § 2; 1973 1st ex.s. c 142 § 8.]

Notes of Decisions (3)

West's RCWA 71.05.030, WA ST 71.05.030
The statutes and Constitution are current with all legislation through the 2017 Second Special Session of the Washington legislature.



**End of Document**        © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters

THOMSON REUTERS

Exhibit 11

WESTLAW

**71.05.458. Law enforcement referral--Threatened or attempted suicide--Contact by mental health professional**
West's Revised Code of Washington Annotated  |  Title 71. Mental Illness    Effective: June 9, 2016    *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
  Title 71. Mental Illness (Refs & Annos)
    Chapter 71.05. Mental Illness (Refs & Annos)

Effective: June 9, 2016

West's RCWA 71.05.458

71.05.458. Law enforcement referral--Threatened or attempted suicide--Contact by
mental health professional

Currentness

As soon as possible, but no later than twenty-four hours from receiving a referral from a law
enforcement officer or law enforcement agency, excluding Saturdays, Sundays, and
holidays, a mental health professional contacted by the *designated mental health
professional agency must attempt to contact the referred person to determine whether
additional mental health intervention is necessary including, if needed, an assessment by a
*designated mental health professional for initial detention under RCW 71.05.150 or
71.05.153. Documentation of the mental health professional's attempt to contact and
assess the person must be maintained by the *designated mental health professional
agency.

**Credits**
[2016 c 158 § 5, eff. June 9, 2016.]

West's RCWA 71.05.458, WA ST 71.05.458
The statutes and Constitution are current with all laws from the 2016 Regular and Special
Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

---

**End of**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.
**Document**

WestlawNext. © 2017 Thomson Reuters                                    THOMSON REUTERS

4/17/2017 9:03 AM

WESTLAW

71.05.455. Law enforcement referrals to mental health agencies--Reports of threatened or attempted suicide--...
West's Revised Code of Washington Annotated | Title 71. Mental Illness | Effective: June 9, 2016 *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
Title 71. Mental Illness (Refs & Annos)
Chapter 71.05. Mental Illness (Refs & Annos)

Effective: June 9, 2016

West's RCWA 71.05.455

### 71.05.455. Law enforcement referrals to mental health agencies--Reports of threatened or attempted suicide--Model policy

Currentness

When funded, the Washington association of sheriffs and police chiefs, in consultation with the criminal justice training commission, must develop and adopt a model policy for use by law enforcement agencies relating to a law enforcement officer's referral of a person to a mental health agency after receiving a report of threatened or attempted suicide. The model policy must complement the criminal justice training commission's crisis intervention training curriculum.

**Credits**
[2016 c 158 § 2, eff. June 9, 2016.]

West's RCWA 71.05.455, WA ST 71.05.455
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

---

**End of Document**    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters


THOMSON REUTERS

Case 2:16-cv-01655-RAJ   Document 80   Filed 08/04/17   Page 24 of 30

Exhibit 12

WESTLAW

**71.05.190. Persons not admitted--Transportation--Detention of arrested person pending return to custody (Effe...**
West's Revised Code of Washington Annotated  |  Title 71. Mental Illness  |  Effective: July 22, 2011 to March 31, 2018   *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
  Title 71. Mental Illness (Refs & Annos)
     Chapter 71.05. Mental Illness (Refs & Annos)

Effective: July 22, 2011 to March 31, 2018

West's RCWA 71.05.190

71.05.190. Persons not admitted--Transportation--Detention of arrested person
pending return to custody *(Effective until April 1, 2018)*

Currentness

If the person is not approved for admission by a facility providing seventy-two hour evaluation and treatment, and the individual has not been arrested, the facility shall furnish transportation, if not otherwise available, for the person to his or her place of residence or other appropriate place. If the individual has been arrested, the evaluation and treatment facility shall detain the individual for not more than eight hours at the request of the peace officer. The facility shall make reasonable attempts to contact the requesting peace officer during this time to inform the peace officer that the person is not approved for admission in order to enable a peace officer to return to the facility and take the individual back into custody.

**Credits**
[2011 c 305 § 3, eff. July 22, 2011; 1997 c 112 § 13; 1979 ex.s. c 215 § 12; 1974 ex.s. c 145 § 12; 1973 1st ex.s. c 142 § 24.]

West's RCWA 71.05.190, WA ST 71.05.190
The statutes and Constitution are current with all legislation through the 2017 Second Special Session of the Washington legislature.

**End of**    © 2017 Thomson Reuters. No claim to original U.S. Government Works.
**Document**

WestlawNext. © 2017 Thomson Reuters



7/20/2017 6:55 PM

**EXhibit 13**

WESTLAW

**71.05.160. Petition for initial detention (Effective until April 1, 2018)**
West's Revised Code of Washington Annotated    Title 71. Mental Illness    Effective: September 26, 2007 to March 31, 2018    *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
Title 71. Mental Illness (Refs & Annos)
Chapter 71.05. Mental Illness (Refs & Annos)

Effective: September 26, 2007 to March 31, 2018

West's RCWA 71.05.160

**71.05.160. Petition for initial detention *(Effective until April 1, 2018)***

Currentness

Any facility receiving a person pursuant to RCW 71.05.150 or 71.05.153 shall require the designated mental health professional to prepare a petition for initial detention stating the circumstances under which the person's condition was made known and stating that there is evidence, as a result of his or her personal observation or investigation, that the actions of the person for which application is made constitute a likelihood of serious harm, or that he or she is gravely disabled, and stating the specific facts known to him or her as a result of his or her personal observation or investigation, upon which he or she bases the belief that such person should be detained for the purposes and under the authority of this chapter.

If a person is involuntarily placed in an evaluation and treatment facility pursuant to RCW 71.05.150 or 71.05.153, on the next judicial day following the initial detention, the designated mental health professional shall file with the court and serve the designated attorney of the detained person the petition or supplemental petition for initial detention, proof of service of notice, and a copy of a notice of emergency detention.

**Credits**
[2007 c 375 § 13, eff. July 22, 2007; 1998 c 297 § 9; 1997 c 112 § 10; 1974 ex.s. c 145 § 9; 1973 1st ex.s. c 142 § 21.]

West's RCWA 71.05.160, WA ST 71.05.160
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

---

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters

THOMSON REUTERS

WESTLAW

Exhibit 14

71.05.237. Judicial proceedings--Court to enter findings when recommendations of professional person not foll...
West's Revised Code of Washington Annotated    Title 71. Mental Illness    *(Approx. 2 pages)*

West's Revised Code of Washington Annotated
   Title 71. Mental Illness (Refs & Annos)
      Chapter 71.05. Mental Illness (Refs & Annos)

West's RCWA 71.05.237

### 71.05.237. Judicial proceedings--Court to enter findings when recommendations of professional person not followed

Currentness

In any judicial proceeding in which a professional person has made a recommendation regarding whether an individual should be committed for treatment under this chapter, and the court does not follow the recommendation, the court shall enter findings that state with particularity its reasoning, including a finding whether the state met its burden of proof in showing whether the person presents a likelihood of serious harm.

**Credits**
[1998 c 297 § 25.]

West's RCWA 71.05.237, WA ST 71.05.237
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters

THOMSON REUTERS

Case 2:16-cv-01655-RAJ   Document 80   Filed 08/04/17   Page 27 of 30

**WESTLAW**      Exhibit 15

71.05.245. Determination of grave disability, likelihood of serious harm, or need of assisted outpatient treatme...
West's Revised Code of Washington Annotated   Title 71. Mental Illness   Effective: July 24, 2015   (Approx. 2 pages)

West's Revised Code of Washington Annotated
  Title 71. Mental Illness (Refs & Annos)
    Chapter 71.05. Mental Illness (Refs & Annos)

Effective: July 24, 2015

West's RCWA 71.05.245

### 71.05.245. Determination of grave disability, likelihood of serious harm, or need of assisted outpatient treatment—Use of recent history evidence

Currentness

(1) In making a determination of whether a person is gravely disabled, presents a likelihood of serious harm, or is in need of assisted outpatient mental health treatment in a hearing conducted under RCW 71.05.240 or 71.05.320, the court must consider the symptoms and behavior of the respondent in light of all available evidence concerning the respondent's historical behavior.

(2) Symptoms or behavior which standing alone would not justify civil commitment may support a finding of grave disability or likelihood of serious harm, or a finding that the person is in need of assisted outpatient mental health treatment, when: (a) Such symptoms or behavior are closely associated with symptoms or behavior which preceded and led to a past incident of involuntary hospitalization, severe deterioration, or one or more violent acts; (b) these symptoms or behavior represent a marked and concerning change in the baseline behavior of the respondent; and (c) without treatment, the continued deterioration of the respondent is probable.

(3) In making a determination of whether there is a likelihood of serious harm in a hearing conducted under RCW 71.05.240 or 71.05.320, the court shall give great weight to any evidence before the court regarding whether the person has: (a) A recent history of one or more violent acts; or (b) a recent history of one or more commitments under this chapter or its equivalent provisions under the laws of another state which were based on a likelihood of serious harm. The existence of prior violent acts or commitments under this chapter or its equivalent shall not be the sole basis for determining whether a person presents a likelihood of serious harm.

For the purposes of this subsection "recent" refers to the period of time not exceeding three years prior to the current hearing.

### Credits

[2015 c 250 § 8, eff. July 24, 2015; 2010 c 280 § 3, eff. July 1, 2014; 1999 c 13 § 6; 1998 c 297 § 14.]

### Notes of Decisions (4)

West's RCWA 71.05.245, WA ST 71.05.245
The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

End of
Document

© 2017 Thomson Reuters. No claim to original U.S. Government Works.


THOMSON REUTERS

Case 2:16-cv-01655-RAJ   Document 80   Filed 08/04/17   Page 28 of 30

Bonus   Exhibit ☆

WESTLAW

**71.05.150. Detention or involuntary outpatient evaluation of persons with mental disorders--Procedure (Effecti...**
West's Revised Code of Washington Annotated    Title 71. Mental Illness    Effective: July 24, 2015 to March 31, 2018    *(Approx. 2 pages)*

> West's Revised Code of Washington Annotated
>> Title 71. Mental Illness (Refs & Annos)
>>> Chapter 71.05. Mental Illness (Refs & Annos)

📄 **Proposed Legislation**

Effective: July 24, 2015 to March 31, 2018

West's RCWA 71.05.150

### 71.05.150. Detention or involuntary outpatient evaluation of persons with mental disorders--Procedure *(Effective until April 1, 2018)*

Currentness

(1)(a) When a designated mental health professional receives information alleging that a person, as a result of a mental disorder: (i) Presents a likelihood of serious harm; (ii) is gravely disabled; or (iii) is in need of assisted outpatient mental health treatment; the designated mental health professional may, after investigation and evaluation of the specific facts alleged and of the reliability and credibility of any person providing information to initiate detention or involuntary outpatient evaluation, if satisfied that the allegations are true and that the person will not voluntarily seek appropriate treatment, file a petition for initial detention or involuntary outpatient evaluation. If the petition is filed solely on the grounds that the person is in need of assisted outpatient mental health treatment, the petition may only be for an involuntary outpatient evaluation. An involuntary outpatient evaluation may be conducted by any combination of licensed professionals authorized to petition for involuntary commitment under RCW 71.05.230 and must include involvement or consultation with the agency or facility which will provide monitoring or services under the proposed less restrictive alternative treatment order. If the petition is for an involuntary outpatient evaluation and the person is being held in a hospital emergency department, the person may be released once the hospital has satisfied federal and state legal requirements for appropriate screening and stabilization of patients.

(b) Before filing the petition, the designated mental health professional must personally interview the person, unless the person refuses an interview, and determine whether the person will voluntarily receive appropriate evaluation and treatment at an evaluation and treatment facility, crisis stabilization unit, or triage facility.

(2)(a) An order to detain to a designated evaluation and treatment facility for not more than a seventy-two-hour evaluation and treatment period, or an order for an involuntary outpatient evaluation, may be issued by a judge of the superior court upon request of a designated mental health professional, whenever it appears to the satisfaction of a judge of the superior court:

(i) That there is probable cause to support the petition; and

(ii) That the person has refused or failed to accept appropriate evaluation and treatment voluntarily.

(b) The petition for initial detention or involuntary outpatient evaluation, signed under penalty of perjury, or sworn telephonic testimony may be considered by the court in determining whether there are sufficient grounds for issuing the order.

(c) The order shall designate retained counsel or, if counsel is appointed from a list provided by the court, the name, business address, and telephone number of the attorney appointed to represent the person.

(3) The designated mental health professional shall then serve or cause to be served on such person, his or her guardian, and conservator, if any, a copy of the order together with a notice of rights, and a petition for initial detention or involuntary outpatient evaluation. After service on such person the designated mental health professional shall file the return of service in court and provide copies of all papers in the court file to the evaluation and

treatment facility and the designated attorney. The designated mental health professional shall notify the court and the prosecuting attorney that a probable cause hearing will be held within seventy-two hours of the date and time of outpatient evaluation or admission to the evaluation and treatment facility. The person shall be permitted to be accompanied by one or more of his or her relatives, friends, an attorney, a personal physician, or other professional or religious advisor to the place of evaluation. An attorney accompanying the person to the place of evaluation shall be permitted to be present during the admission evaluation. Any other individual accompanying the person may be present during the admission evaluation. The facility may exclude the individual if his or her presence would present a safety risk, delay the proceedings, or otherwise interfere with the evaluation.

(4) The designated mental health professional may notify a peace officer to take such person or cause such person to be taken into custody and placed in an evaluation and treatment facility. At the time such person is taken into custody there shall commence to be served on such person, his or her guardian, and conservator, if any, a copy of the original order together with a notice of rights and a petition for initial detention.

**Credits**

[2015 c 250 § 3, eff. July 24, 2015; 2011 c 148 § 5, eff. April 22, 2011; 2007 c 375 § 7, eff. July 22, 2007; 1998 c 297 § 8; 1997 c 112 § 8; 1984 c 233 § 1; 1979 ex.s. c 215 § 9; 1975 1st ex.s. c 199 § 3; 1974 ex.s. c 145 § 8; 1973 1st ex.s. c 142 § 20.]

---

Notes of Decisions containing your search terms (0)                View all 42

West's RCWA 71.05.150, WA ST 71.05.150

The statutes and Constitution are current with all laws from the 2016 Regular and Special Sessions and Laws 2017, chs. 1 to 4 of the Washington legislature.

---

**End of Document**          © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters



Name Kyle Lydell Canty
Bkg. # 216251114
King County Correctional Facility
500 Fifth Avenue
Seattle, WA 98104-2332

Clerk, Of Judge
Hon. Richard A. Jones
U.S. District Court
U.S. Courthouse
700 Stewart Street
Seattle WA 98101

98101834436 CO28

Legal mail

Legal mail