UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

        Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

        Defendants.

Case No. C16-1655-RAJ-JPD

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on three of plaintiff's pending motions: (1) Motion Pursuant to LCR 6(a) Computing and Extending Time; (2) Motion Pursuant to LCR 5.2(a) Redaction of Filings; and, (3) Motion and Declaration of Defendants Motive and Retaliation. (Dkts. 47, 48, and 53.) The City of Seattle defendants have filed responses to each of plaintiff's motions. (*See* Dkts. 54, 55 and 65.) The Court, having reviewed plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiff's Motion Pursuant to LCR 6(a) Computing and Extending Time (Dkt. 47) is DENIED. Plaintiff requests in his motion that he receive "always a sixty day deadline date not including according to King County the ten business days that it takes for Mr. Canty . . . to

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 1

physically received the U.S.P.S. mail in his hands here at this facility . . . ." Plaintiff asserts in support of this request that the King County Correctional Facility (KCCF) doesn't offer inmates access to the electronic filing system or to law books. (Dkt. 47 at 2.) Plaintiff further asserts that KCCF "has been intercepting all mail, opening it, and then giving it directly to the King County Prosecutor's Office and the Seattle Police Department . . . ." Defendants object to plaintiff's broad request for a sixty-day extension of all deadlines, and argue that requests for extensions or for relief from deadlines should be made only as needed. (*See* Dkt. 54.)

The Court agrees that requests for extensions or for relief from deadlines should be made only as needed and that each such request should be supported by good cause. While the Court understands that there can be delays associated with litigating an action from within the confines of a correctional facility, and that extensions of some deadlines may be necessary, plaintiff should not be relieved of the obligation to show that such extensions are necessary in any given instance simply because of the fact of his confinement. Plaintiff's request is over-broad and is therefore denied.

(2) Plaintiff's Motion Pursuant to LCR 5.2(a) Redaction of Filings (Dkt. 48) is DENIED. Plaintiff requests that the Court permit him to "send/submit all needed discovery, documents, exhibits, and some personal data identifiers 'unredacted.'" (*Id*. at 1-2.) Plaintiff's argument in support of his motion is not entirely clear, but he does attach to his motion two documents which he apparently wishes for the Court to permit him to file without redacting personal identifiers as required by LCR 5.2(a). The first document is a case investigation report prepared by the Seattle Police Department (SPD) which contains plaintiff's birth date and a Washington State identification number, and the second document is a letter directed to plaintiff

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 2

from the City of Seattle Department of Finance and Administrative Services advising that it would not be offering any settlement of plaintiff's claims. (*See* Dkt. 48 at 4, 5.)

Defendants, in their response to plaintiff's motion, indicate that they do not oppose plaintiff's request to waive his own right to allow filings with his personal identifiers, but do oppose permitting plaintiff to submit filings with personal identifiers of any other persons or parties in this matter. (*See* Dkt. 55.)

Plaintiff's motion to file unredacted documents is over-broad just as was his motion for an automatic sixty-day extension of all deadlines. If plaintiff wishes to submit unredacted documents, he must explain in each instance why he believes it is necessary to do so. With respect to the two documents submitted in conjunction with the instant motion, only one document, the SPD investigation report (Exhibit C), appears to contain information which should have been redacted. Given that plaintiff apparently does not wish to redact the information, the Court will direct that Exhibit C to plaintiff's motion (Dkt. 48 at 4) be placed under seal by the Clerk. Plaintiff's other exhibit, Exhibit D, does not appear to contain any personal identifiers which would be subject to redaction under LCR 5.2(a) and, thus, plaintiff's motion appears to be moot with respect to that document.

(3) Plaintiff's motion and Declaration of Defendants Motive and Retaliation (Dkt. 53) is STRICKEN. Plaintiff details in this motion his efforts to seek asylum in Canada, efforts which were ultimately unsuccessful, and he claims that the City of Seattle and its police officers used the denial of his asylum application as an opportunity to falsify information pertaining to plaintiff. However, nowhere in this motion does plaintiff identify what relief he is seeking, it appears that he is simply trying to put additional facts before the Court. Absent a specific

request for relief, the motion fails to comply with Fed. R. Civ. P. 7(b)(1)(C) and will therefore not be entertained further.

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Richard A. Jones.

DATED this 7th day of August, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 4