UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

                Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

                Defendants.

Case No. C16-1655-RAJ-JPD

ORDER STRIKING/DENYING PLAINTIFF'S PENDING MOTIONS AND STRIKING IMPROPER SUBMISSIONS

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on six of plaintiff's pending motions: (1) Motion Pursuant to LCR 26(a), (c), (f) Duty to Disclose; (2) Motion Pursuant to LCR 16 Pretrial Conferences Scheduling Management; (3) Motion Pursuant to Rule 5.1 (FRCP) Constitutional Challenge to a Statute; (4) Motion Pursuant to Rule 51 (FRCP) Instructions to the Jury; (5) Motion Pursuant to "Under Color of Law" Definition; and, (6) Second Motion Pursuant to Rule 5.1 (FRCP) Constitutional Challenge to a Statute. (Dkts. 61, 62, 63, 69, 70 and 76.) Defendants have filed responses addressing all but plaintiff's most recent motion. (*See* Dkts 72 and 74.) The Court, having

ORDER STRIKING/DENYING PLAINTIFF'S
PENDING MOTIONS AND STRIKING
IMPROPER SUBMISSIONS - 1

reviewed plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's Motion Pursuant to LCR 26(a), (c), (f) Duty to Disclose (Dkt. 61) and plaintiff's Motion Pursuant to LCR 16 Pretrial Conferences Scheduling Management (Dkt. 62) are STRICKEN. Plaintiff fails to identify in either of these motions the relief he is seeking, the motions therefore do not comply with Fed. R. Civ. P. 7(b)(1)(C), and, thus, the Court need not address the motions further.

(2) Plaintiff's Motion Pursuant to Rule 5.1 (FRCP) Constitutional Challenge to a Statute (Dkt. 63) is DENIED. Plaintiff indicates in the instant motion that he is seeking to challenge the constitutionality of Chapter 71 of the Revised Code of Washington, that which addresses mental illness, because defendants "are able to knowingly, intentionally, maliciously, and willfully manipulate this chapter at will to gain the County of King and the City of Seattle revenue from the federal government." (*Id*. at 2-3.) As defendants correctly note in their responses to plaintiff's motion, plaintiff did not allege any claim in his second amended complaint challenging the constitutionality of Chapter 71 and, thus, the issue is not properly before the Court at this juncture. (*See* Dkt. 72 at 2; Dkt. 74 at 4.) If plaintiff wishes to add claims to this action he must file a motion for leave to amend his complaint, and that motion must be accompanied by a proposed amended complaint.

(3) Plaintiff's Motion Pursuant to Rule 51 (FRCP) Instructions to the Jury (Dkt. 69) is STRICKEN as premature. This case is still in its preliminary stages. Defendants only recently filed their answers to plaintiff's second amended complaint, and a pretrial schedule has yet to be

ORDER STRIKING/DENYING PLAINTIFF'S
PENDING MOTIONS AND STRIKING
IMPROPER SUBMISSIONS - 2

established.  Assuming this case proceeds to trial at some future time, there will be ample opportunity for the parties to propose appropriate jury instructions.

(4)  Plaintiff's Motion Pursuant to "Under Color of State Law" Definition (Dkt. 70) is DENIED.  Plaintiff appears to take issue with a sentence in the City of Seattle defendants' answer to plaintiff's second amended complaint wherein defendants indicated that whether defendants acted "under color of State law" was not an averment of fact that required an answer. (*See* Dkt. 60 at 2.)  Plaintiff asks that the Court provide all defendants with a legal definition of "under color of State law" for reasons that are not at all clear from plaintiff's motion.  No defendant has contested the proper definition of this legal term, and any dispute as to whether this legal element has been met with respect to the claims asserted by plaintiff in his second amended complaint is more properly addressed in the context of a dispositive motion.

(5)  Plaintiff's Second Motion Pursuant to Rule 5.1 (FRCP) Constitutional Challenge to a Statute (Dkt. 76) is DENIED.  While plaintiff indicates in this motion that he is seeking to challenge the constitutionality of another state statute, it appears that he is actually seeking to challenge superior court criminal rules and the effect those rules had on his most recent arrest and prosecution.  Plaintiff's second amended complaint does not present any claims pertaining to plaintiff's most recent arrest and prosecution, his claims pertain solely to a previous arrest and prosecution.  Plaintiff is once again attempting to insert claims into this action which were not alleged in his second amended complaint.  As noted above, any attempt to amend must be done by way of a motion to amend.

(6)  Plaintiff's responses to defendants' answers to his second amended complaint (Dkts. 68, 71 and 77) are STRICKEN.  A response to an answer to a civil complaint is not a

ORDER STRIKING/DENYING PLAINTIFF'S
PENDING MOTIONS AND STRIKING
IMPROPER SUBMISSIONS - 3

proper pleading and is only permitted when specifically ordered by the Court. *See* Fed. R. Civ. P. 7(a)(7). The Court sees no need for the responses filed by plaintiff and, thus, those submissions are properly stricken from the record. Plaintiff will have an opportunity to litigate the substance of his claims later in this action.

   (7) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Richard A. Jones.

   DATED this 10th day of August, 2017.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER STRIKING/DENYING PLAINTIFF'S
PENDING MOTIONS AND STRIKING
IMPROPER SUBMISSIONS - 4