UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

Defendants.

Case No. C16-1655-RAJ-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motion for preliminary injunctive relief. (Dkt. 49.) Defendants have filed responses opposing plaintiff's motion. (*See* Dkts. 72, 74.) The Court, having reviewed plaintiff's second amended complaint, his motion for preliminary injunctive relief, defendants' responses thereto, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

DISCUSSION

Plaintiff alleges in his second amended complaint, the operative pleading in this action, that defendants violated his constitutional rights by stalking and attempting to kill him between

REPORT AND RECOMMENDATION - 1

July 5 and July 7, 2016, by unlawfully arresting him on July 8, 2016 and having him civilly committed to Harborview Medical Center for mental health evaluation and treatment, and by unlawfully arresting him a second time on July 13, 2016. Plaintiff identifies the following defendants in his second amended complaint: the City of Seattle; King County; City of Seattle police officers Timothy Renihan, Sean Culbertson, Marshal Coolidge, and Andrew Hancock; and, King County mental health professionals Gail Bonicalzi and Melinda Hasegawa.

In his motion for preliminary injunctive relief, plaintiff reiterates his grievances against some of the City of Seattle police officers named in his second amended complaint, and he asks that all defendants named in his pleading be enjoined for a period of five years, though he does not specify what he wants defendants to be enjoined from doing during those five years.

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff does not specifically address in his motion for injunctive relief any of the factors identified above, and he identifies no relief that is necessary to preserve the status quo pending a determination on the merits.[1] Accordingly, plaintiff has not established any entitlement to preliminary injunctive relief.

---

[1] Plaintiff makes a conclusory assertion in his motion that the injuries he has suffered as a result of defendants' alleged misconduct are "irreparable," but he makes no effort to show that he will suffer further irreparable harm if preliminary relief is not granted.

REPORT AND RECOMMENDATION - 2

## CONCLUSION

Based upon the foregoing, this Court recommends that plaintiff's motion for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 31, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 1, 2017.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 10th day of August, 2017.

/s/ James P. Donohue

JAMES P. DONOHUE
Chief United States Magistrate Judge