The Honorable Richard A. Jones
The Honorable James P. Donohue

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, et al.,<br><br>Defendants. | No. 2:16-cv01655-RAJ-JPD<br><br>DECLARATION OF MELINDA HASEGAWA<br><br>**FILED UNDER SEAL** |

I, Melinda Hasegawa, declare and state:

1.  I am over eighteen years of age. I have personal knowledge of the facts contained in this declaration and am otherwise competent to testify to the matters in this declaration.

2.  I am employed as Designated Mental Health Professional ("DMHP") by King County Crises and Commitment Services. I have been a full time DMHP since 2010. DMHPs are hired through a merit-based process following an open job posting.

3.  I am a licensed, Clinical Social Worker in the State of Washington. I have held my professional licensure since June 6, 2003. I have a Masters Degree in Education Agency Counseling from Seattle University.  Each year I complete at least 36 hours of certified

DECLARATION OF MELINDA HASEGAWA (2:16-cv01655-RAJ-JPD) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  education credits in my field.  During my career, I have worked with assault survivors, been a

2  crisis line counselor, support group leader and coordinator, and worked with homeless,

3  developmentally disabled, and mentally ill clients.

4     4.   A DMHP is charged with the responsibility of evaluating individuals in crisis to

5  determine if they meet criteria for civil commitment under the Involuntary Treatment Act (ITA),

6  which is codified at RCW 71.05.  The DMHP position is established by the ITA statute and the

7  case law surrounding the civil commitment process.  As a DMHP, I am required to be familiar

8  with the ITA statute, pertinent case law, and other court requirements, as well as the mental

9  health and risk assessment issues that surround involuntary civil commitment.

10     5.   The primary role of a DMHP is to undertake a neutral investigation of persons

11  referred for possible civil commitment under the ITA and make an unbiased determination of

12  whether the person meets the statutory and constitutional requirements for civil commitment.

13  Under the legislative objectives of RCW 71.05.010, a DMHP is required to consider a number of

14  competing interests:

> (1) To prevent inappropriate, indefinite commitment of mentally disordered persons and to eliminate legal disabilities that arise from such commitment;
>
> (2) To provide prompt evaluation and timely and appropriate treatment of persons with serious mental disorders;
>
> (3) To safeguard individual rights;
>
> (4) To provide continuity of care for persons with serious mental disorders;
>
> (5) To encourage the full use of all existing agencies, professional personnel, and public funds to prevent duplication of services and unnecessary expenditures;
>
> (6) To encourage, whenever appropriate, that services be provided within the community;
>
> (7) To protect the public safety.

DECLARATION OF MELINDA HASEGAWA (2:16-cv01655-RAJ-JPD) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  Throughout my career as a DMHP, I have done my best to follow the legal directives that govern

2  ITA civil commitment.

3        6.     A person generally comes to the attention of the DMHP through a referral from an

4  outside agency or a private party.  Common referral sources included the courts, community

5  mental health providers, police, jails, probation, and community corrections.  In any given day,

6  the DMHPs would consider a large volume of referrals due to the population of King County.

7  After the referral was screened, an individual DMHP would be assigned to investigate the case,

8  and where possible, interview the person under consideration for possible civil commitment.

9        7.     There are two primary routes to bring about a civil commitment – Non-emergent

10 Detention and Emergent Detention.  Although the statutory procedures and criteria changed

11 somewhat over my career, these two general routes to civil commitment remained constant.  The

12 vast bulk of civil commitments initiated by the DMHPs are emergent, meaning that the person is

13 being evaluated for immediate detention for up to a 72 hour period of evaluation and treatment.

14 Immediate detention is necessary in situations where a person is currently suffering from a

15 mental condition that is so severe that it creates an imminent risk of harm to self or others that

16 cannot be addressed through community mental health treatment services.  Under RCW

17 71.05.153, if the statutory and constitutional criteria for an emergent detention is satisfied, a

18 DMHP has the statutory authority (without prior court authorization) to effect the detention of a

19 person for up to 72 hours for evaluation and treatment.  If the legal criteria for commitment are

20 satisfied, the decision on whether to commit an individual is always up to the discretion of the

21 DMHP.

22       8.     In contrast, Non-emergent Detention for 72 hour detention under RCW 71.05.150

23 requires court action before a person can be detained for civil commitment.  A Non-emergent

DECLARATION OF MELINDA HASEGAWA (2:16-cv01655-RAJ-JPD) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  Detention is initiated through a petition filed by the DMHP following a neutral investigation and

2  interview of the patient.  The patient remains free in the community until and unless the court

3  found probable cause to grant the petition and order a 72 hour detention.  Due to limited

4  resources, the DMHPs process very few Non-emergent Detention cases and focus resources on

5  the Emergent Detention cases.

6    9.    The referral and investigation of a person for civil commitment under the ITA is

7  memorialized in files maintained by King County Crisis and Commitment Services.  A file is

8  kept each person referred for possible civil commitment, which records facts about the person

9  and the civil commitment investigation.  It is prepared and maintained by employees of Crises

10  and Commitment Services.  In performing my duties as a DMHP, I generally rely on the

11  information that is contained in this file.  A copy of the Crises and Commitment Services file

12  related to Mr. Canty is attached as Exhibit 1.   DMHP Gail Bonicalzi took the intake for this case

13  but I conducted the investigation and made the decision regarding Emergent Detention.

14    10.  [redacted]

15  [redacted]

16  [redacted]

17  [redacted]

18  [redacted]

19  [redacted]

20  [redacted]

21  [redacted]

22  [redacted]

23  [redacted]

DECLARATION OF MELINDA HASEGAWA (2:16-cv01655-RAJ-JPD) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1. ████████

2. 11. ████████████████████████████████████
3. ████████████████████████████████████████
4. ████████████████

5. 12. ████████████████████████████████████
6. ████████████████████████████████
7. ████████████████████████████████████
8. ████████████████████████████████████
9. ████████████████████████████████
10. ████████████████████████████████████
11. ████████████████████████████████

12. 13. ████████████████████████████████████
13. ████████████████████████████████████
14. ████████████████████████████████████████
15. ████████████████████████████████████
16. ████████████████████████████████████
17. ████████████████████████████████████
18. ████████████████████████████████████████
19. ████████████████████████

20. 14. ████████████████████████████████████
21. ████████████████████████████████
22. ████████████████████████████████
23. ████████████████████████████████████████

DECLARATION OF MELINDA HASEGAWA (2:16-cv01655-RAJ-JPD) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

1

2

3

4

5      15.

6

7

8

9

10

11

12

13      16.     In considering Mr. Canty's detention under the ITA, I considered his case dispassionately, without any personal animus, and using my professional judgment.  Mr. Canty was unknown to me prior to coming in contact with him on July 9, 2016.  It was my sole desire to follow the dictates of the ITA.  In accord with the purposes of the ITA, he was committed for 72 hours so that he could be fully evaluated and treated for his mental condition, and not present any further danger to himself or others.  I had, and have, no ill will or feeling of personal animus against Mr. Canty, nor did his commitment benefit me in any way.

        I declare under penalty of perjury of the laws of the United States and the State of Washington that, to the best of my knowledge, the foregoing is true and correct.

DECLARATION OF MELINDA HASEGAWA (2:16-cv01655-RAJ-JPD) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2  DATED this 16 day of August, 2017.

3                                                                    *Melinda Hasegawa* (signature)
                                                                      MELINDA HASEGAWA
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DECLARATION OF MELINDA HASEGAWA (2:16-cv01655-RAJ-JPD) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819