The Honorable Richard A. Jones
The Honorable James P. Donohue

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>                        Plaintiff,<br><br>    vs.<br><br>CITY OF SEATTLE, et. al.,<br><br>                       Defendants. | No. 2:16-cv-01655-RAJ-JPD<br><br>KING COUNTY DEFENDANTS'<br>CONSOLIDATED RESPONSE TO<br>PLAINTIFF'S PENDING MOTIONS<br>(DKTS. 79, 80, 82, 85, 86)<br><br>Noted: August 25, 2017 |

## I.   RELIEF REQUESTED

Defendants King County, Gail Bonicalzi, and Melinda Hasegawa (King County Defendants) request the Court deny Plaintiff's Motion to Suppress Evidence (Dkt. 79), Motion Regarding Policies and Procedures (Dkt. 80), and "Emergency" Motion Pursuant to Qualified Immunity (Dkt. 82), Motion Regarding Question of Law (Dkt. 85), and Motion Regarding Sixth Amendment Rights (Dkt. 86).

## II.   FACTS RELEVANT TO MOTION AND EVIDENCE RELIED UPON

Plaintiff has filed an amended civil right complaint naming King County and Designated Mental Health Providers Gail Bonicalzi and Melinda Hasegawa.  Dkt. 38.  Plaintiff alleges that King County Defendants violated his rights under the Fourth, Fifth and Eighth Amendments by having him civilly committed at Harborview Medical Center for 72 hours.

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

This motion relies upon the records and pleadings filed in this matter, the Declaration of Gail Bonicalzi, the Second Declaration of Samantha Kanner, and the Declaration of Melinda Hasegawa and Exhibit 1. The facts of Plaintiff's civil commitment are contained in the unredacted sealed Declaration of Melinda Hasegawa as well as Exhibit 1. Those facts will not be repeated in this response so that this pleading can be filed unredacted and unsealed.

### III.   ARGUMENT

**A   Motion to Suppress Evidence (Dkt. 79)**

Plaintiff's Motion to Suppress Evidence appears to be made in response to King County Defendants providing this Court with notice of Plaintiff's recent conviction for assaulting two police officers as it was relevant to Plaintiff's claim of irreparable harm in his request for injunctive relief. Plaintiff is again prematurely seeking an evidentiary ruling. King County Defendants ask this court to deny this motion. Substantively, Plaintiff's request to suppress relies solely on his assertion that his Second Amended Complaint does not mention the assaults of police officers for which he was recently convicted in King County Superior Court. Further, he cites no authority supporting the suppression of this type of information.

Plaintiff is correct that his Second Amended Complaint does not refer to these assaults but is incorrect regarding their possible relevance in this case. However, Plaintiff has asserted in his suit that he did not meet the criteria for involuntary commitment and that defendants committed him based on some vendetta or conspiracy. In rebuttal to that assertion, Federal Rule of Evidence 404(b)(2) would permit evidence of Plaintiff's convictions to show motive, intent, and absence of mistake on the part of the defendants. Specifically, this evidence should be permitted to show that defendants' motive or intent was not one of malice and that defendants were not mistaken in their concern that Plaintiff posed a danger to police officers. As such, this evidence should be permitted to be heard by any trier of fact in this case.

**B.   Motion Pursuant to Question of Law (Dkt. 85)**

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Plaintiff's motion "Pursuant to Question of Law" fails to identify the relief he is seeking and therefore does not comply with Fed.R.Civ.P. 7(b)(1)(C). King County Defendants are unable to respond to this motion fully because they are not clear on what Plaintiff is seeking. Plaintiff references a claim that he filed a motion for default against King County Defendants but no such motion has been filed or served on King County Defendants. *Second Declaration of Samantha Kanner,* ¶3. Further, as King County Defendants have answered, default judgment is not appropriate.

### C. Motion to Regarding Sixth Amendment Violations (Dkt. 86)

Plaintiff's motion regarding his Sixth Amendment rights appears to be based entirely on allegations that he was treated inappropriately during his criminal trial or detention awaiting trial for the criminal case for which he was recently convicted.[1] (See Dkts. 73, 73-1). Claims regarding his treatment or detention in that case are not at issue in this suit. (Dkts. 38, 83). Further any claims regarding his detention are moot as Plaintiff has already been transferred to the custody of the Washington State Department of Corrections. *Second Declaration of Samantha Kanner,* ¶4. Likewise his claims regarding his criminal trial would be barred by *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364 (1994), because his motions necessarily imply the invalidity of his conviction or sentence. As his Second Amended Complaint contains none of these claims and as they would be moot or barred by *Heck v. Humphrey*.

### D. Motion Regarding Policies and Procedures (Dkt. 80) and "Emergency" Motion Pursuant to Qualified Immunity (Dkt. 82)

In so far as Plaintiff's motions may be construed to be asking for a dispositive ruling on the issues in this case, King County Defendants ask that the court strike Plaintiff's motions as they rely on factual assertions not supported by any evidence or in compliance with Fed.R.Civ.P. 56(c)(1) or LCR 7(d)(3). Both Plaintiff's motion Regarding Policies and Procedures (Dkt. 80),

---

[1] Counsel for King County Defendants has not seen Plaintiff's Exhibit 24 (Dkt. 86) as Plaintiff has not been serving undersigned counsel with copies of his motions. *Second Declaration of Kanner,* ¶3. The only documents King County Defendants have been able to see are those electronically filed with the court. *Id.*

KING COUNTY DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S PENDING MOTIONS (16-cv-01655-RAJ-JPD) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

and "Emergency" Motion Pursuant to Qualified Immunity (Dkt. 82) purport to make factual assertions regarding whether or not defendants complied with the Involuntary Treatment Act and whether or not they are entitled to qualified immunity but fail to provide any record of such facts. Further, King County Defendants expressly deny those claimed facts by way of the Declarations of Gail Bonicalzi and Melinda Hasegawa and Exhibit 1.[2]

Further, Plaintiff has requested that the court makes a finding that defendants have violated the policies or procedures of RCW 71.05 but then provides no factual assertions that defendants violated any portion of RCW 71.05.153. For example, Plaintiff describes that he didn't get a hearing regarding his involuntary commitment prior to July 8, 2016, however, a person can be committed by a Designated Mental Health Provider for 72 hours prior to a hearing being held. He further cites a number of other sections of the RCWs that are inapplicable to his situation. For example, he cites to RCW 71.05.190 regarding transporting of a person not admitted to a hospital. Plaintiff was admitted to Harborview Medical Center and was detained under 71.05.153, thus section 190 is inapplicable. Likewise, Plaintiff was not reported to be suicidal at any time and thus RCW 71.05.458 is also inapplicable. Plaintiff has failed to make any showing that defendants violated any policies or procedures.

Alternatively, Plaintiff's motions could be construed as seeking to strike defendants' affirmative defenses. Rule 8(b) of the Federal Rules of Civil Procedure requires a party to state "in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8(b)(1)(A). Pursuant to this court rule, King County Defendants have asserted the affirmative defense of absolute and qualified immunity. Plaintiff has provided no legal rationale as to why defendants would be prohibited from asserting any affirmative defenses. Given Plaintiff's failure to support his motion with both a factual record and legal authority, these motions should be denied.

---

[2] King County Defendants intend to file Motions for Summary Judgment on these issues.

KING COUNTY DEFENDANTS' CONSOLIDATED
RESPONSE TO PLAINTIFF'S PENDING MOTIONS
(16-cv-01655-RAJ-JPD) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## IV. CONCLUSION

For the foregoing reasons, King County Defendants request that Plaintiff's motions be denied.

DATED this 18th day of August, 2017.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: */s/ Samantha D. Kanner*
SAMANTHA D. KANNER, WSBA #36943
Senior Deputy Prosecuting Attorney
Attorneys for King County Defendants
500 Fourth Avenue, 9th Floor
Seattle, WA 98104
Telephone: (206) 296-8820
E-Mail: Samantha.Kanner@kingcounty.gov

KING COUNTY DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S PENDING MOTIONS (16-cv-01655-RAJ-JPD) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 18, 2017, I electronically filed the foregoing document(s) along with a Proposed Order Denying Plaintiff's Pending Motions with the Clerk of the Court using the CM/ECF E-Filing System, thus electronically serving counsel for City of Seattle Defendants and caused a copy of the same documents to be served on the following party via Regular USPS Mail:

**Kyle Lydell Canty**
**DOC #401358**
**Washington Corrections Center**
**PO Box 900**
**Shelton, WA 98584**

I certify under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 18th day of August, 2017.

*/s/Lindsey Macalalad*
LINDSEY MACALALAD
Legal Secretary

KING COUNTY DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S PENDING MOTIONS (16-cv-01655-RAJ-JPD) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819