Honorable Richard Jones
Honorable James P. Donohue

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, et al.,<br><br>      Defendants. | NO. 2:16-CV-01655-RAJ-JPD<br><br>CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 79, 80, 82, 85, AND 86]<br><br>**NOTED FOR CONSIDERATION:**<br>**August 25, 2017** |

### I. RELIEF REQUESTED

Defendants City of Seattle and Officers Marshall Coolidge, Sean Culbertson, Timothy Renihan, and Hancock ("City of Seattle Defendants") file this response to the following motions filed by Plaintiff:

- Plaintiff's Motion to Suppress Defendants Evidence of A Bench Trial Guilty Verdict [Dkt. 79];

- Plaintiff's Motion and Notice of Policies and Procedures Pursuant to Civil Comitment (sic) [Dkt. 80];

- Plaintiff's Emergency Motion Pursuant to Qualified Immunity [Dkt. 82];

- Plaintiff's Motion Pursuant to Question of Law [Dkt. 85]; and

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 79, 80, 82, 85, AND 86]
NO. 2:16-CV-01655-RAJ-JPD

1

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

- Plaintiff's Consolidated Notice and Motion Pursuant to Sixth Amendment Rights Violations/Foul Play/Habeas Corpus/Excessive Force [Dkt. 86].

The City of Seattle Defendants request that Plaintiff's Motions be denied or stricken for the reasons set forth herein. The City of Seattle Defendants also join in the yet-to-be filed responses to these motions by Co-Defendants King County, Gail Bonicalzi, and Melinda Hasegawa.

## II.    STATEMENT OF FACTS

Plaintiff *pro se* has brought this civil rights action against the City of Seattle Defendants, as well as King County and several of its employees. Plaintiff originally filed his complaint on November 5, 2016, and eventually filed an amended complaint on June 1, 2017. Dkts. 5, 38. Plaintiff's Complaint alleges the City of Seattle Defendants violated his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution during his detention on a civil commitment warrant. *Id.* The City of Seattle Defendants and King County Defendants asserted various defenses in their Answers to Plaintiff's Amended Complaint, including the affirmative defense of qualified immunity. Dkt. 60 at p. 6; Dkt. 64 at p. 5.

Plaintiff has filed numerous "motions" since initiating this action. These motions include the subjects of this response: a motion to suppress evidence of his recent convictions on two counts of Second Degree Assault [Dkt. 79]; a motion seeking a declaration from the Court that the Defendants violated various provisions of the civil commitment statutes, Chapter 71.05 RCW [Dkt. 80]; a motion challenging the Defendants' assertion of a qualified immunity affirmative defense [Dkt. 82]; a motion that the Court grant all of his motions and allow the case to proceed to trial [Dkt. 85]; and a motion requesting entry into the federal witness protection program or release from King County Jail [Dkt. 86].

## III.    STATEMENT OF ISSUES

(1)    Should Plaintiff's motion to exclude evidence be stricken as premature?

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 79, 80, 82, 85, AND 86] NO. 2:16-CV-01655-RAJ-JPD

2

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

(2) Should Plaintiff's motions seeking findings that Defendants violated Chapter 71.05 RCW and acted in bad faith be denied because they are unsupported by evidence?

(3) Should the remainder of Plaintiff's motions be stricken because they do not request relief that the Court can provide as required by Fed. R. Civ. P. 7?

## IV. EVIDENCE RELIED UPON

The City of Seattle Defendants rely on the pleadings and the court's file herein.

## V. ARGUMENT

### A. Plaintiff's Motion to Exclude Evidence of His Assault Convictions Should Be Stricken As Premature

Plaintiff requests that the Defendants be prohibited from using as evidence his recent conviction for two counts of Assault 2nd Degree in King County Cause No. 16-1-06917-3. Dkt. 79. It is not entirely clear why or how Plaintiff believes the Defendants will seek to use these convictions as evidence in this matter. Plaintiff's motion to exclude evidence is premature as this case is in its preliminary stages and no trial date is currently set. If and when the matter is set for trial, Plaintiff will have the opportunity to move for exclusion of evidence through motions *in limine* pursuant to the deadlines set by the Court. *See* Fed. R. Civ. P. 16(b)(3); W. Wash. LCR 16(b)(1) (contents of scheduling orders); LCR 7(d)(4) (motions *in limine*). The Court should strike Plaintiff's Motion as prematurely filed at this time.

### B. Plaintiff's Motions Regarding Defendants' Qualified Immunity Defense Should Be Denied Because They Are Improperly Made And Unsupported By Evidence

Read together, Plaintiff's motions for a declaration that Defendants violated Chapter 71.05 RCW [Dkt. 80] and challenging whether the Defendants acted in good faith during Plaintiff's involuntary commitment [Dkt. 82] appear to be requesting summary judgment on the Defendants' qualified immunity affirmative defense. Plaintiff's motions should be denied as improperly made and unsupported by evidence. Preliminarily, Plaintiff's motion should not

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 79, 80, 82, 85, AND 86]
NO. 2:16-CV-01655-RAJ-JPD

3

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

be considered because it does not comport with W. Wash. LCR 7(b). ("The argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself.")  Further, Plaintiff has provided no evidence to support his self-serving statements as required by Fed. R. Civ. P. 56(c)(1) or LCR 7(d)(3).  Plaintiff's motion for summary judgment, if it is in fact such, should be denied on these grounds.

Alternatively, Plaintiff's motions may be construed as motions to strike Defendants' qualified immunity affirmative defense.  The Federal Rules of Civil Procedure require the Defendants to state all of their affirmative defenses, including qualified immunity, in their Answers to Plaintiff's Complaint.  *See* Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1); Fed. R. Civ. P. 12(b).  Other than conclusory and self-serving statements, Plaintiff has provided no evidence or argument why Defendants' qualified immunity defense should be stricken.  Accordingly, Plaintiff's motions should be denied on these grounds as well.

**C.    The Balance Of Plaintiff's Motions Should Be Stricken Because They Do Not Make Any Proper Requests For Relief From The Court**

Plaintiff's remaining motions directed to the City of Seattle Defendants—requests that all his motions be granted and his case proceed to trial, and to be placed in witness protection or released from jail—do not state proper requests for relief from the Court.  Motions must: 1) be in writing; 2) state with particularity the ground for seeking the order; and 3) state the relief sought. Fed. R. Civ. P. 7(b)(1).  "[M]otions giving no reasons have no effect" and should be denied. *Stephenson v. Deutsche Bank AG*, 282 F. Supp. 2d 1032, 1041 n.7 (D. Minn. 2003), quoting *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515, 516 (7th Cir. 1992).  Plaintiff has provided the Court no legal authority for the relief sought in his motions and therefore his motions should be stricken as improper under Fed. R. Civ. P. 7.

/./././

CITY OF SEATTLE DEFENDANTS'
CONSOLIDATED RESPONSE TO
PLAINTIFF'S MOTIONS [DKTS. 79, 80, 82, 85, AND 86]
NO. 2:16-CV-01655-RAJ-JPD

4

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

/./././

## VI. CONCLUSION

For all the foregoing reasons, Plaintiff's motions contained in Dkts. 79, 80, 82, 85, and 86 should be stricken or denied.

DATED this 18th day of August, 2017.

s/ Amee J. Tilger_____
AMEE J. TILGER, WSBA #34613
Freimund Jackson & Tardif, PLLC
701 5th Avenue, Suite 3545
Seattle, WA 98104
Telephone: (206) 582-6001
Facsimile: (206) 466-6085
AmeeJ@fjtlaw.com
Attorneys for Defendants City of Seattle, Officer Marshall Coolidge, Sean Culbertson, Timothy Renihan and Officer Hancock

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 79, 80, 82, 85, AND 86]
NO. 2:16-CV-01655-RAJ-JPD

5

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

# CERTIFICATE OF SERVICE

I certify that on the 18th day of August, 2017, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Pro se Plaintiff,<br><br>Kyle Lydell Canty, Inmate #401358<br>WA State Department of Corrections<br>P.O. Box 900<br>Shelton, WA  98584 | ( X )  U.S. Mail |
| Samantha D. Kanner<br>Deputy Prosecuting Attorney<br>King County Prosecuting Attorney's Office<br>500 Fourth Avenue, 9th Floor<br>Seattle, WA  98104 | ( X )  Electronic Service |

DATED this 18th day of August, 2017, in Seattle, Washington.

s/Kathie Fudge_____
KATHIE FUDGE, Legal Assistant to
GREGORY E. JACKSON
701 5TH Avenue, Suite 3545
Seattle, WA  98104
kathief@fjtlaw.com

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 79, 80, 82, 85, AND 86]
NO. 2:16-CV-01655-RAJ-JPD

6

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085