The Honorable Richard A. Jones
The Honorable James P. Donohue

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

                      Plaintiff

  vs.

CITY OF SEATTLE, et. al.,

                     Defendants.

No. 2:16-cv-01655-RAJ-JPD

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS TO APPOINT COUNSEL/ PROHIBITING RETALIATION

NOTED FOR SEPTEMBER 15, 2017

## I. RELIEF REQUESTED

Defendants King County, Gail Bonicalzi, and Melinda Hasegawa (King County Defendants) request the Court strike Plaintiff Canty's Motion Prohibiting Retaliation (Dkt. 102) and deny Plaintiff's Motion for Appointment of Counsel (Dkt. 103).

## II. FACTS RELEVANT TO MOTION

Plaintiff has filed an amended civil rights complaint naming King County and Designated Mental Health Providers Gail Bonicalzi and Melinda Hasegawa. (Dkt. 38) Plaintiff alleges that King County Defendants violated his rights under the Fourth, Fifth and Eighth Amendments by

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO APPOINT COUNSEL (2:16-cv-01655-RAJ-JPD) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

having him civilly committed at Harborview Medical Center for 72 hours. (Dkt. 38). Plaintiff has since filed various motions with this Court.

### III. ARGUMENT

#### A. Motion Regarding Prohibition of Retaliation

Plaintiff's "Emergency Motion Pursuant to 42 USC 1997d Prohibition of Retaliation" (Dkt. 102) is a single page motion caption and 156 pages of interview transcripts of four Seattle Police Officers who are not defendants in this action. Plaintiff's caption page does not identify what relief he seeks and King County Defendants are unable to further ascertain the intent of such motion. As such, King County Defendants are unable to provide a substantive response to this motion and ask that it be stricken.

#### B. Motion for Appointment of Counsel

A *pro se* plaintiff in a civil case does not have a right to appointed counsel. See *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court has the discretion to appoint counsel for such a plaintiff, if indigent, under 28 U.S.C. § 1915(e)(1) when warranted by "exceptional circumstances." *Palmer*, 560 F.3d at 970 (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128, 125 S.Ct. 2941, 162 L.Ed.2d 867 (2005)). When a court is to determine whether exceptional circumstances in fact exist, two factors must be viewed together: 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
APPOINT COUNSEL (2:16-cv-01655-RAJ-JPD) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

While King County Defendants do not agree on the merits of his claims, Canty's *pro se* pleadings sufficiently articulate his claims, enabling the Court to find not only that he has a sufficient grasp of his civil rights case but also that he is able to articulate his case effectively without the assistance of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (district court's denial of appointment of counsel upheld where petitioner's pleadings demonstrated that he had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). While Canty has filed various motions that do not comport with court rules, he has filed others that substantially comport with the rules. Further, his pleadings are legible and lay out and discuss his various arguments. Additionally, any issues Canty may have with pursuing this action may be of his own making as Canty has refused mail at least twice from King County Defendants. *Third Declaration of Kanner,* ¶4-5. Further, it is unlikely that Canty will cooperate with any appointed attorney given his previous relationship with appointed counsel in his criminal case (Dkt. 86, p. 17-20).[1] Finally, as evidenced by various pleadings from his criminal case filed in this matter, Canty has represented himself in two different criminal cases (one where he obtained dismissal and one where he was convicted) (Dkts. 14, 38-1, 73-1).

Additionally, Canty has not shown that he is likely to succeed on the merits, which is dispositive of this motion. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Canty cannot succeed against King County because he cannot identify any custom or practice that allegedly violates his rights as required by *Monell*.[2] Further, Canty cannot prevail against DMHPs Hasegawa

---

[1] This document appears to have been filed under seal in the criminal matter given the contents of the motion/declaration. However, Mr. Canty has filed this as a public document in the instant case and its contents should be considered in light of this motion to appoint counsel.

[2] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
APPOINT COUNSEL (2:16-cv-01655-RAJ-JPD) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

and Bonicalzi because they are entitled to absolute immunity or qualified immunity regarding their actions under the Involuntary Treatment Act. The DMHPs should be entitled to absolute immunity because their role is a quasi-judicial one in detaining individuals under the statute. *See Mishler v. Clift,* 191 F.3d 998, 1009 (9th Cir.1999) (Absolute immunity appropriate where medical board officials undertook both quasi-judicial and quasi-prosecutorial functions). And at a minimum, they are entitled to qualified immunity under RCW 71.05.120. This immunity extends to any "peace officer responsible for detaining a person pursuant to this chapter," as well as to any "county designated mental health professional, [or] the state, a unit of local government, or an evaluation and treatment facility." RCW 71.05.120(1). Additionally, because the constitutionality of RCW 71.05.153 is not an open question defendants cannot be interpreted to have violated any "clearly established right." *In re Det. of June Johnson*, 179 Wn. App. 579, 591, 322 P.3d 22 (2014) (holding that RCW 71.05.153 satisfies due process). Given that Canty is unlikely to proceed on the merits, his motion for appointment of counsel should be denied.

## IV.  CONCLUSION

For the foregoing reasons, King County defendants request that Plaintiff's motions for appointed counsel be denied and his motion regarding retaliation be stricken.

DATED this 11th day of September, 2017 at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: */s/ Samantha D. Kanner*
SAMANTHA D. KANNER, WSBA #36943
Senior Deputy Prosecuting Attorney
Attorneys for King County Defendants
500 Fourth Avenue, 9th Floor
Seattle, WA 98104
Telephone: (206) 296-8820
E-Mail: Samantha.Kanner@kingcounty.gov

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
APPOINT COUNSEL (2:16-cv-01655-RAJ-JPD) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 11, 2017, I electronically filed the foregoing document(s) along with a Proposed Order Denying Plaintiff's Motion for Appointment of Counsel with the Clerk of the Court using the CM/ECF E-Filing System, thus electronically serving counsel for City of Seattle Defendants, and notifying of such filing to the following:

**Kyle Lydell Canty**
**DOC #401358**
**Washington Corrections Center**
**PO Box 900**
**Shelton, WA 98584**
**DOCWCCInmateFederal@DOC1.WA.GOV**

I certify under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 11th day of September, 2017.

/s/Lindsey Macalalad
LINDSEY MACALALAD
Legal Secretary

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO APPOINT COUNSEL (2:16-cv-01655-RAJ-JPD) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819