Hon. Richard Jones
Hon. James P. Donohue

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>                    Plaintiff,<br><br>   vs.<br><br>CITY OF SEATTLE, et al.,<br><br>                    Defendants. | NO. 2:16-CV-01655-RAJ-JPD<br><br>CITY OF SEATTLE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REGARDING WASHINGTON STATE DEPARTMENT OF CORRECTIONS<br><br>NOTED ON CALENDAR:<br>September 22, 2017 |

## I.     RELIEF REQUESTED

Defendants City of Seattle, Officer Marshall Coolidge, Sean Culbertson, Timothy Renihan and Officer Hancock (City of Seattle Defendants) request the Court deny Plaintiff's motion entitled, "motion pursuant to 'access to the law' intentional refusal on behalf of the Washington State Department of Corrections." Dkt. 104. Plaintiff has not sued the Washington State Department of Corrections ("DOC") in this lawsuit, and the record does not indicate that he has given DOC any notice of his motion. As a result, the motion must be denied.

CITY OF SEATTLE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REGARDING WASHINGTON STATE DEPARTMENT OF CORRECTIONS
NO. 2:16-CV-01655-RAJ-JPD

1

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

## II.     FACTS RELEVANT TO MOTION

Plaintiff's claims in this matter have been asserted against the City of Seattle, several Seattle police officers, King County, and several King County employees. Plaintiff's claims relate to his detention for involuntary treatment. Plaintiff has never named DOC as a defendant in this case. Nevertheless, the instant motion is based on complaints Plaintiff is apparently making to DOC, where he is currently incarcerated, regarding his access to the law library and/or other materials he claims to require for this litigation.

## III.     ARGUMENT

**Plaintiff's Motion Must Be Denied, Because Has Neither Sued DOC Nor Provided It Notice of The Instant Motion**

The instant motion by Plaintiff, which seeks "a writ to be signed for unlimited access to the law," relates exclusively to complaints he is making about DOC's restrictions on his access to the law library or legal materials. Dkt. 104. There are generally two types of access to court claims: "those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittoria*, 658 F.3d 1090, 1102 (9th Cir. 2011) (emphasis in original; citations omitted). The generalized complaint that Plaintiff has expressed in his motion appears to be one about DOC's failure to provide assistance rather than a complaint about any active interference. Applicable case law places significant limitations on a prisoner's right to assistance from an institution.[1]

---

[1] The right of assistance is limited to the pleading stage. *Silva,* 658 F.3d at 1102. The Supreme Court has emphasized that the Constitution does not guarantee inmates a right of access to a prison law library or to legal assistance as such, but instead guarantees a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. at 351 (quoting *Bounds v. Smith*, 420 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977))). Inmates are not guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. Rather, in *Lewis* the Supreme Court clarified that the constitutional right guaranteed is access to "[t]he tools . . . inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

CITY OF SEATTLE DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION
REGARDING WASHINGTON STATE
DEPARTMENT OF CORRECTIONS
NO. 2:16-CV-01655-RAJ-JPD

2

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

In any case, Plaintiff has asserted no claim in this matter based on denial of access to the courts, and given that DOC is not a defendant the court can only conclude from the record that Plaintiff has not given DOC notice of the instant motion. It should go without saying that the court cannot enter a writ or injunctive relief against DOC until and unless DOC is somehow provided proper notice of Plaintiff's motion and given an opportunity to respond. As a result, Plaintiff's motion must be denied.

## IV. CONCLUSION

For all the forgoing reasons, Plaintiff's motion regarding DOC should be denied.

DATED this 18th day of September, 2017.

> s/ John R. Nicholson_____
> JOHN R. NICHOLSON WSBA #30499
> Freimund Jackson & Tardif, PLLC
> 701 5th Avenue, Suite 3545
> Seattle, WA 98104
> Telephone: (206) 582-6001
> Facsimile: (206) 466-6085
> Johnn@fjtlaw.com
> Attorneys for Defendants City of Seattle,
> Officer Marshall Coolidge, Sean Culbertson,
> Timothy Renihan and Officer Hancock

CITY OF SEATTLE DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION
REGARDING WASHINGTON STATE
DEPARTMENT OF CORRECTIONS
NO. 2:16-CV-01655-RAJ-JPD

3

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

# CERTIFICATE OF SERVICE

I certify that on the 18th day of September, 2017, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF E-Filing Systems, and notifying of such filing to the following:

| | |
|---|---|
| Pro se Plaintiff,<br><br>Kyle Lydell Canty<br>DOC #401358<br>Washington Corrections Center<br>P.O. Box 900<br>Shelton, WA 98584<br>DOCWCCInmateFederal@DOC1.WA.GOv | ( X ) ECF Electronic Filing |
| Samantha D. Kanner, WSBA #36943<br>Deputy Prosecuting Attorney<br>King County Prosecuting Attorney's Office<br>500 Fourth Avenue, 9th Floor<br>Seattle, WA 98104<br>(206) 296-8820<br>SamanthaKanner@kingcounty.gov<br><br>Attorney for King County | ( X ) ECF Electronic Filing |

I certify under the penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 18th day of September, 2017, in Seattle, Washington.

                                              s/Kathie Fudge
                                              KATHIE FUDGE, Legal Assistant
                                              kathief@fjtlaw.com

CITY OF SEATTLE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REGARDING WASHINGTON STATE DEPARTMENT OF CORRECTIONS
NO. 2:16-CV-01655-RAJ-JPD

4

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085