Hon. Richard Jones
Hon. James P. Donohue

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, et al.,<br><br>　　　　　　Defendants. | NO.  2:16-CV-01655-RAJ-JPD<br><br>CITY OF SEATTLE DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO COMPEL DISCOVERY<br><br>NOTE ON MOTION CALENDAR: October 27, 2017 |

## I.　　RELIEF REQUESTED

Defendants City of Seattle, Officer Marshall Coolidge, Sean Culbertson, Timothy Renihan and Officer Hancock (hereinafter collectively "the City") request the Court dismiss Plaintiff Pro Se Kyle Canty's lawsuit both (1) as a discovery sanction pursuant to Fed. R. Civ. P. 37 (d)(2) based on his intentional refusal to answer discovery requests or to appear for his deposition and (2) as a remedy under LCR 41(b) based on his failure to prosecute by refusing to accept discovery and other documents mailed to him or to participate in the court's mandatory e-filing system.

In the altenrative, if the court declines to dismiss Mr. Canty's case at this time, it should enter an order compelling him to answer the City's discovery requests, to appear for his deposition, to cooperate in discovery, and to accept documents by mail, or else face dismissal

CITY OF SEATTLE DEFENDANTS' MOTION
TO DISMISS OR THE ALTERNATIVE TO
COMPEL DISCOVERY
NO. 2:16-CV-01655-RAJ-JPD

1

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

for any further noncompliance with these obligations. An extention of the deadline to complete discovery would also be necessary if the court declines to dismiss Mr. Canty's case at this time.

## II.   FACTS RELEVANT TO MOTION

### A.   Background Facts

This is a 42 U.S.C. § 1983 case involving claims brought by Plaintiff pro se Kyle Canty, an incarcerated individual. The pretrial scheduling order entered by the court on August 11, 2017 mandates that all discovery be completed by November 13, 2017. Dkt. 87. Sometime in August 2017 following his conviction in King County Superior Court, Mr. Canty was transferred from the King County Jail to the Washington Correctional Center ("WCC") in Shelton, Washington.[1] Since his transfer to WCC, Mr. Canty has consistently refused all items of mail that the City has sent to him. Jackson Decl., ¶3. On August 16, 2017, the City sent a set of interrogatories and requests for production to Mr. Canty by mail at WCC. *Id*. On September 1, 2017, these discovery requests were returned to the City unopened, with an indication on the envelope that Plaintiff had refused to accept them. *Id*., Ex. 1.

On September 6, 2017, the County had Mr. Canty personally served by an officer at WCC with a deposition notice and a subpoena for his deposition. *Id*., Ex. 2. The deposition was scheduled with the cooperation and agreement of the administration at WCC to take place in a conference room at the institution on September 14, 2017. *Id*., ¶ 4. Prior to the deposition taking place, the City also mailed Mr. Canty a letter requesting a discovery conference regarding the City's interrogatories and requests for production, which he had previously refused to accept by mail. *Id*., Ex. 3.[2] On the morning of Mr. Canty's deposition, counsel for all defendants and a court reporter appeared at WCC for the deposition. *Id*., ¶6 and Ex. 4.

---

[1] *See* Dkt. 98. The City has been informed that Mr. Canty is expected to be released from WCC at some time in November.

[2] On September 19, 2017, this letter was also returned unopened to the City, with an indication on the envelope that Mr. Canty had refused to accept it. Jackson Decl., ¶5.

CITY OF SEATTLE DEFENDANTS' MOTION
TO DISMISS OR THE ALTERNATIVE TO
COMPEL DISCOVERY
NO. 2:16-CV-01655-RAJ-JPD

2

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

Unfortunately, Mr. Canty refused to be deposed. *Id*. Counsel were allowed to attempt to speak to Mr. Canty from outside his cell, but Mr. Canty refused to leave the cell or to respond to counsel in any manner whatsoever. *Id*.

B.  **Certification Pursuant to FRCP 37 (d)(2)**

The City hereby certifies, pursuant to FRCP 37 (d)(2), that it has in good faith attempted to confer with Mr. Canty regarding the discovery that is the subject of this motion. As explained above, Mr. Canty is incarcerated at a DOC facility and has consistently refused to accept any mailed correspondence. *Id.*, ¶3. The City attempted to schedule a discovery conference with Mr. Canty at the time of his deposition on September 14, 2017 by sending him a letter in advance requesting the conference. *Id*., Ex. ¶ 3. At the time when the deposition was scheduled to take place, Mr. Canty not only refused to answer questions under oath, he refused to speak to counsel at all – even from inside his cell – for purposes of conferring about the City's discovery. *Id*., ¶ 6. Mr. Canty's complete failure to answer any discovery or even engage in a discussion about it has unfortunately required the City to resort to seeking relief from the court by way of this motion.

### III.  ARGUMENT

A.  **Plaintiff's Case Should Be Dismissed Either as a Discovery Sanction Pursuant to FRCP 37 (d) or For Failure to Prosecute Pursuant to LCR 41 (b)**

Mr. Canty's complete refusal to answer discovery or participate in a deposition is grounds for dismissal. Under FRCP 37 (d), a party's failure to attend his own deposition or to serve answers to interrogatories is grounds for a motion for sanctions. The sanctions permitted include dismissal of the action. *Id*. The Ninth Circuit has identified five factors that a court must consider before dismissing an action based on discovery sanctions:

(1) the public's interest in expeditions resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the party seeking sanctions;

CITY OF SEATTLE DEFENDANTS' MOTION
TO DISMISS OR THE ALTERNATIVE TO
COMPEL DISCOVERY
NO. 2:16-CV-01655-RAJ-JPD

3

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

*Conn. Gen. Life. Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)(citations omitted).

The fifth factor requires the court to assess "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* However, "[t]he most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Id*. at 1097 (citing *Valley Eng'rs v. Electric Eng'g Co*., 158 F.3d 1051, 1058 (9th Cir. 1998)). In addition to the five factors, the court must find that the party's conduct was due to "willfulness, fault, or bad faith." *Anheuser-Busch, Inc. v. Natural Beverage Distribs*., 69 F.3d 337, 348 (9th Cir. 1995). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgenson v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003).

Here, the public has a clear interst in expeditious resolution of this case, and there is no question that the court must be able to manage its docket. Sanctions short of dismissal will continue to result in prejudice to the defendants. Mr. Canty had notice that the City was taking his deposition. Despite his demonstrated ability to file repeated frivolous motions with this court, he failed to seek any protective court or other relief from this court before the deposition, but then refused to participate in the deposition once the defendants expended the time and resources of traveling to Shelton.

The City fully expected to bring a substantive motion for summary judgment in this matter based on Mr. Canty's failure to make out any prima facie claim for relief and/or the defendants' qualified immunity. However, in order to establish that there are no genuine issues

CITY OF SEATTLE DEFENDANTS' MOTION TO DISMISS OR THE ALTERNATIVE TO COMPEL DISCOVERY
NO. 2:16-CV-01655-RAJ-JPD

4

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

of material fact, the City must first have an opportunity to discover the facts Mr. Canty is claiming support his claims.  The City also has a right to obtain relevant medical records relating to Mr. Canty's metal health treatment, given that he alleges he was unlawfully detained for involuntary treatment under RCW 71.05.[3]  Mr. Canty's unexplained refusal to answer any questions or to provide the City access to his medical records precludes the defendants from discovering what he contends the facts in this case are.  Thus, case-dispositive discovery sanctions are appropriate under the criteria set forth by the Ninth Circuit.

Dismissal of this mater is also warranted based on Mr. Canty's failure to prosecute his case by refusing (1) to accept documents that are mailed to him and (2) to participate in this courty's mandatory e-filing system.  under LCR 41 (b)(2), "A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address."  A pro se party whose mail is returned must notify the court and the parties within sixty days, or else his or her case may be dismissed. *Id*.  The City is aware of Plaintiff's current mailing address at WCC, but he has repeatedly refused to accept mail from the City.  Since his transfer to WCC, the City's correspondence and discovery requests that have been mailed to Mr. Canty have been returned, reflecting his refusal to accept them.  Additionally, this court entered an order to show cause requiring Mr. Canty to explain in writing his non-compliance with the court's e-filing requirements.  Dkt. 113.  To date, the City has received no explanation from Mr. Canty why he is refusing to accept mail or participate in e-filing.  Given that Mr. Canty is refusing to accept any documents, refusing to communicate or correspond with counsel regarding this case, and refusing to participate in mandatory e-filing, dismissal of his case for failure to prosecute under LR 41 is also appropriate.

---

[3] *See, e.g.*, Amended Complaint, ¶ 22 ("[t]he plaintiff finds himself being civilly commited to Harborview Medical Center under false pretenses. Clearly Mr. Canty was set up and framed.")

CITY OF SEATTLE DEFENDANTS' MOTION TO DISMISS OR THE ALTERNATIVE TO COMPEL DISCOVERY
NO. 2:16-CV-01655-RAJ-JPD

5

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

1  **B.   In the Alternative, the Court Should Enter an Order Compelling Plaintiff to Answer the City's Discovery Requests and to Appear for His Deposition**

If the court does not dismiss this matter for the reasons set forth above, then it should enter an order compelling Mr. Canty to accept documents that are mailed to him, to answer the City's discovery requests, to sign and return the City's authorizations for his medical records, and to appear for his deposition.  An extension of the discovery cut-off will be necessary if the court chooses not to dismiss, because a second deposition of Mr. Canty will likely not be able to be completed by the current deadline of November 13, 2017.  If Mr. Canty further refuses to cooperate and violates the court's discovery order yet again, then this case should be dismissed under the discovery sanction factors described above.

## IV.   CONCLUSION

For all the forgoing reasons, the court should dismiss this matter with prejudice.  In the alternative, the court should enter an order compelling Mr. Canty to accept documents mailed to him, to answer the City's discovery requests, to sign authorizations for his medical records, to appear for his deposition, and to cooperate in responding to discovery.

DATED this 29th day of September, 2017.

> s/ John R. Nicholson_____
> JOHN R. NICHOLSON WSBA #30499
> Freimund Jackson & Tardif, PLLC
> 701 5th Avenue, Suite 3545
> Seattle, WA  98104
> Telephone:  (206) 582-6001
> Facsimile:  (206) 466-6085
> Johnn@fjtlaw.com
> Attorneys for Defendants City of Seattle,
> Officer Marshall Coolidge, Sean Culbertson,
> Timothy Renihan and Officer Hancock

CITY OF SEATTLE DEFENDANTS' MOTION TO DISMISS OR THE ALTERNATIVE TO COMPEL DISCOVERY
NO. 2:16-CV-01655-RAJ-JPD

6

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085

# CERTIFICATE OF SERVICE

I certify that on the 29th day of September, 2017, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF E-Filing Systems, and notifying of such filing to the following:

| | |
|---|---|
| Pro se Plaintiff,<br><br>Kyle Lydell Canty<br>DOC #401358<br>Washington Corrections Center<br>P.O. Box 900<br>Shelton, WA  98584<br>DOCWCCInmateFederal@DOC1.WA.GOv | ( X )  ECF Electronic Filing |
| Samantha D. Kanner, WSBA #36943<br>Deputy Prosecuting Attorney<br>King County Prosecuting Attorney's Office<br>500 Fourth Avenue, 9th Floor<br>Seattle, WA  98104<br>(206) 296-8820<br>SamanthaKanner@kingcounty.gov<br><br>Attorney for King County | ( X )  ECF Electronic Filing |

I certify under the penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 29th day of September, 2017, in Seattle, Washington.

                                          s/Kathie Fudge                        
                                        KATHIE FUDGE, Legal Assistant
                                        kathief@fjtlaw.com

CITY OF SEATTLE DEFENDANTS' MOTION
TO DISMISS OR THE ALTERNATIVE TO
COMPEL DISCOVERY
NO. 2:16-CV-01655-RAJ-JPD

7

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX:  (206) 466-6085