# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KYLE LYDELL CANTY,

        Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

        Defendants.

Case No. C16-1655-RAJ-JPD

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on eight of plaintiff's pending motions: (1) Motion to Suppress Defendants [sic] Evidence of a Bench Trial Guilty Verdict Not Pertaining to Cause No. 16-1-03103-6 SEA (Dkt. 79); (2) Motion and Notice of Policies and Procedures Pursuant to Civil Comitment [sic] (Dkt. 80); (3) Emergency Motion Pursuant to Qualified Immunity Plaintiff's Response to All Defendants (Dkt. 82); (4) Motion Pursuant to Question of Law (Dkt. 85); (5) Consolidated Notice and Motion Pursuant to Sixth Amend [sic] Rights Violations of U.S. Const./Foul Play/Habeas Corpus/Excessive Force (Dkt. 86); (6) Emergency Motion Pursuant to 42 U.S.C. 1997d Prohibition of Retaliation (Dkt. 102); (7) Proposed Motion of Appointment of

Counsel with Writ (Dkt. 103); and, (8) Motion Pursuant to "Access to the Law" Intentional Refusal on the Behalf of the Washington State Department of Corrections (Dkt. 104). Defendants have filed responses to the various motions addressed in this Order. (*See* Dkts 93, 95, 106, 108 and 115.) The Court, having reviewed plaintiff's motions, the responses thereto, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's Motion to Suppress Defendants [sic] Evidence of a Bench Trial Guilty Verdict Not Pertaining to Cause No. 16-1-03103-6 SEA (Dkt. 79) is DENIED. Plaintiff asks that defendants be precluded from using as evidence in this action his recent conviction for assaulting two police officers. The instant motion was apparently prompted by the King County defendants' reference to that guilty verdict in its response to plaintiff's motion for injunctive relief. Plaintiff contends that his recent conviction is unrelated to the criminal case which gives rise to the claims in this civil rights action, and that it is improper for defendants to rely on such evidence in this matter.

Defendants argue that plaintiff's request for an evidentiary ruling is premature, and that plaintiff has cited no authority supporting the suppression of evidence of this type. Defendants are correct. Plaintiff identifies nothing improper in the King County defendants' reference to the guilty finding in their response to plaintiff's motion for injunctive relief. The Court declines to speculate on whether such evidence might be admissible in another context during the course of these proceedings.

(2) Plaintiff's Motion and Notice of Policies and Procedures Pursuant to Civil Comitment [sic] (Dkt. 80), and his Emergency Motion Pursuant to Qualified Immunity Plaintiff's Response to All Defendants (Dkt. 82), are STRICKEN. These two motions appear to

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 2

constitute yet another attempt by plaintiff to respond to the contents of the answers filed by defendants earlier in this action. (*See* Dkts. 60, 64.) However, as plaintiff was previously advised, a response to an answer to a civil complaint is not a proper pleading and is only permitted when specifically ordered by the Court. *See* Fed. R. Civ. P. 7(a)(7). The Court sees no need for such responses in this case. To the extent these motions might properly be construed as requests for summary judgment, the submissions are deficient because plaintiff fails to properly support any of the assertions of fact set forth therein. *See* Fed. R. Civ. P. 56(e). If plaintiff wishes to seek summary judgment on any of the claims asserted in his second amended complaint, he must submit a properly identified dispositive motion which fully complies with Fed. R. Civ. P. 56, LCR 7(b)(1), and LCR 7(d)(3).

(3) Plaintiff's Motion Pursuant to Question of Law (Dkt. 85) is DENIED. The purpose of the instant motion is not clear. Plaintiff makes reference to a default judgment he claims to have filed against King County, but which was never received by the Court. He also appears to take issue with the manner in which the King County defendants have characterized the criminal charges which were dismissed in King County Superior Court and which gave rise to this lawsuit. The relief plaintiff requests in this motion is that he be allowed to bring defendants to justice and to proceed to trial, that all of his motions be granted, and that all future motions be noted on the calendar for oral argument. Plaintiff has not established in his motion any clear connection between his complaints about the King County defendants and the relief he seeks. Moreover, the relief plaintiff appears to seek is entirely improper. Plaintiff is advised that the question of whether he will be permitted to proceed to trial is premature, that he will be granted relief only when the motions he submits demonstrate an entitlement to the requested

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 3

relief, and that he will be bound by LCR 7(b)(4), as are all litigants in this Court, to indicate his desire for oral argument in the caption of each motion he submits for consideration.

(4) Plaintiff's Consolidated Notice and Motion Pursuant to Sixth Amend [sic] Rights Violations of U.S. Const./Foul Play/Habeas Corpus/Excessive Force (Dkt. 86) is DENIED. Plaintiff identifies in the instant motion various complaints he has about his recently completed criminal proceedings in King County Superior Court. However, as plaintiff himself has noted in other submissions, the claims asserted in this action relate entirely to a previous prosecution on unrelated charges and have nothing at all to do with plaintiff's recent conviction. The purpose of the instant motion is therefore unclear. Moreover, to the extent plaintiff seeks relief in the form of admission into the Federal Witness Protection Program, he has requested relief beyond the scope of what this Court can provide. And, to the extent plaintiff seeks release from the King County Correctional Facility, his request is moot because he has already been transferred into the custody of the Washington Department of Corrections.

(5) Plaintiff's Emergency Motion Pursuant to 42 U.S.C. 1997d Prohibition of Retaliation (Dkt. 102) is STRICKEN. The instant motion consists of a single page containing nothing but a caption. Plaintiff offers no argument, nor does he make any request for relief. Plaintiff attached to his motion 240 pages of exhibits, all of which appear to relate to his most recent criminal prosecution which, as noted above, is wholly unrelated to this action. The instant motion utterly fails to comply with Fed. R. Civ. P. 7(b)(1), and, thus, the Court need not address it further.

(6) Plaintiff's Proposed Motion of Appointment of Counsel with Writ (Dkt. 103) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 4

Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in his motion that he should not be forced to proceed by himself in this action because he has never passed the Washington State Bar Exam. He also cites to difficulties associated with litigating this action while confined in a state correctional facility and while indigent. Lack of legal training and lack of financial resources do not constitute exceptional circumstances sufficient to warrant appointment of counsel. In fact, these are circumstances faced by the vast majority of *pro se* litigants.

A significant number of *pro se* litigants also file and litigate actions from within the confines of correctional facilities. While this unquestionably presents challenges, it does not establish an entitlement to court appointed counsel particularly where, as here, plaintiff has clearly demonstrated an ability to articulate the legal and factual bases of his claims without the assistance of counsel. Plaintiff contends that he has been denied any "access to the law" at his current facility, but a review of the record suggests that plaintiff has been afforded some access to the prison law library and/or to a legal computer, he simply deems that access insufficient. (*See* Dkt. 104 at 3, 7.) Whether or not plaintiff is satisfied with the amount of legal access he has thus far received, he makes no showing that the purportedly limited access has interfered with his

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 5

ability to litigate this action. Should the limitations on plaintiff's law library access at some point interfere with his ability to meet court imposed deadlines, plaintiff may request an extension of specific deadlines by filing a proper motion for relief.

Finally, with respect to plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available to the Court at this juncture, this Court must conclude that plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.

(7) Plaintiff's Motion Pursuant to "Access to the Law" Intentional Refusal on the Behalf of the Washington State Department of Corrections (Dkt. 104) is DENIED. Plaintiff asserts that he has been denied access to the law at his current facility, the Washington Corrections Center (WCC), in violation of institutional policy and the United States Constitution. He asks that a "writ" be issued granting him unlimited access to the law, law books, paper, envelopes, and other legal supplies. However, the Washington Department of Corrections is not a party to this law suit and the Court therefore has no authority to direct its actions. Thus, this Court is unable to provide the relief plaintiff seeks by way of the instant motion.

The Court does note, however, that for purposes of litigating this action, plaintiff's need for legal supplies should be relatively limited as he is subject to the mandatory e-filing requirements applicable to all inmates in the custody of the Department of Corrections and, thus, he should need access only to paper and a writing implement. The sheer volume of plaintiff's submissions to date, many of which have questionable relevance to the claims he seeks to litigate in this action, belie any assertion that he lacks access to these basic resources. Moreover, it

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 6

appears that plaintiff has been granted some access to the prison law library and/or a legal computer, albeit not as much as he would prefer.  As noted above, if plaintiff finds himself unable to meet Court imposed deadlines because of limitations on his access to legal materials, the Court can adjust such deadlines upon submission of an appropriate request for relief which includes a showing of good cause.

      (8)    The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Richard A. Jones.

DATED this 5th day of October, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 7