Honorable Richard Jones
Honorable James P. Donohue

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>                     Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, et al.,<br><br>                     Defendants. | NO.  2:16-CV-01655-RAJ-JPD<br><br>CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 135, 136, AND 137]<br><br>NOTED FOR OCTOBER 27, 2017 |

## I.     RELIEF REQUESTED

Defendants City of Seattle and Officers Marshall Coolidge, Sean Culbertson, Timothy Renihan, and Hancock ("City of Seattle Defendants") file this response to the following motions filed by Plaintiff:

- Plaintiff's Motion and Notice Pursuant to 42 USC 1982 Property Rights of Citizens [Dkt. 135];

- Plaintiff's Motion and Notice to Challenge, Pursuant to LCR 77(c) Clerk's Authority (sic) [Dkt. 136]; and

- Plaintiff's Motion and Notice Pursuant to LCR 43 Taking Testimony Marking Exhibits [Dkt. 137].

CITY OF SEATTLE DEFENDANTS'
CONSOLIDATED RESPONSE TO
PLAINTIFF'S MOTIONS [DKTS. 135, 136,
AND 137]
NO. 2:16-CV-01655-RAJ-JPD

1

**FREIMUND JACKSON & TARDIF, PLLC**
**701 FIFTH AVENUE, SUITE 3545**
**SEATTLE, WA  98104**
**TEL: (206) 582-6001**
**FAX: (206) 466-6085**

The City of Seattle Defendants request that Plaintiff's Motions be denied for the reasons set forth herein.

## II. STATEMENT OF FACTS

Plaintiff *pro se* has brought this civil rights action against the City of Seattle Defendants, as well as King County and several of its employees. Plaintiff originally filed his complaint on November 5, 2016, and eventually filed an amended complaint on June 1, 2017. Dkts. 5, 38. Plaintiff's Complaint alleges the City of Seattle Defendants violated his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution during his detention on a civil commitment warrant. *Id.*

## III. STATEMENT OF ISSUES

(1) Should Plaintiff's motion regarding 42 USC § 1982 be denied, because Plaintiff has not stated any claim under this statute and Plaintiff has completely refused to answer discovery requests or appear for his deposition?

(2) Should Plaintiff's motion to disallow text-only orders as permitted by LCR 77 (c) be denied, because the motion is based exclusively on unsupported allegations and Plaintiff cites no authority to prohibit such orders?

(3) Should Plaintiff's motion under LCR 43 regarding the form of exhibits and the scheduling of witnesses be denied as premature?

## IV. EVIDENCE RELIED UPON

The City of Seattle Defendants rely on the pleadings and the court's file herein.

## V. ARGUMENT

**A.   Plaintiff Has Not Brought Any Claim Under 42 USC § 1982 and Plaintiff's Lawsuit Should Be Dismissed Based on His Refusal to Answer Any Discovery**

Plaintiff makes unsupported allegations that his property has been stolen and then cites 42 U.S.C. § 1982 to request "writs" ordering defendants to pay him and ordering the U.S. Attorney General to conduct "a full investigation on all of the defendants . . ." Dkt. 135, pp. 2-

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 135, 136, AND 137]
NO. 2:16-CV-01655-RAJ-JPD

2

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

3. However, Plaintiff's lawsuit does not seek relief under this statute. Rather, Plaintiff's Amended Complaint states, "This is a civil action authorized by 42 U.S.C. Section 1983"; it neither mentions § 1982 nor states facts sufficient to bring a claim under that statute. § 1982 deals only with racial discrimination in the owning and conveying of property. *See Jones v. Alfred Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Unless a motion to amend the complaint is filed and granted, Plaintiff's requests for relief under this statute are not properly before the court. Furthermore, the court-ordered investigation by the Attorney General that Plaintiff seeks is not relief that is available under the statute.

Additionally, the Defendants have attempted to ascertain the factual basis for Plaintiff's claims in this matter by propounding discovery to him and attempting to take his deposition. As explained in their pending motions, Plaintiff's case should be dismissed due to his complete and unexplained refusal to answer any discovery. Dkts. 121, 123. Just as the court should dismiss the claims set forth in Plaintiff's Complaint due to Plaintiff's discovery violations, the court should also refuse to entertain Plaintiff's new requests for relief under § 1982. Simply put, Plaintiff cannot refuse to engage in discovery to explain his claims and then ask the court for relief.

**B.    The Court Should Deny Plaintiff's Motion That Is Based Upon LCR 77 (c)**

Plaintiff's next motion cites LCR 77 (c), a rule that allows the clerk to enter text-only docket orders, which Plaintiff demands not be permitted. Plaintiff's motion is based on unsupported allegations, and Plaintiff cites no authority supporting any challenge to the court's authority to allow the clerk to enter such orders. Plaintiff's motion should therefore be denied.

**C.    The Court Should Deny Plaintiff's Motion Under LCR 43 as Premature**

Plaintiff next makes several requests under LCR 43 regarding exhibits and witnesses at trial. The court has not yet issued a pre-trial order, which will govern the manner and for marking and admitting exhibits as well as scheduling or witnesses that have been disclosed by

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 135, 136, AND 137]
NO. 2:16-CV-01655-RAJ-JPD

3

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

the parties. LCR 16 (e). At this time, Plaintiff's requests regarding the court's management of witnesses and exhibits at trial are premature

### VI.  CONCLUSION

For all the foregoing reasons, Plaintiff's motions contained in Dkts. 135, 136, and 137 should be denied.

DATED this 23rd day of October, 2017.

        s/ John R. Nicholson_____
        JOHN R. NICHOLSON, WSBA #30499
        Freimund Jackson & Tardif, PLLC
        701 5th Avenue, Suite 3545
        Seattle, WA  98104
        Telephone:  (206) 582-6001
        Facsimile:  (206) 466-6085
        JohnN@fjtlaw.com
        Attorneys for Defendants City of Seattle,
        Officer Marshall Coolidge, Sean Culbertson,
        Timothy Renihan and Officer Hancock

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 135, 136, AND 137]
NO. 2:16-CV-01655-RAJ-JPD

4

**FREIMUND JACKSON & TARDIF, PLLC**
**701 FIFTH AVENUE, SUITE 3545**
**SEATTLE, WA  98104**
**TEL: (206) 582-6001**
**FAX: (206) 466-6085**

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2017, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Pro se Plaintiff,<br><br>Kyle Lydell Canty, Inmate #401358<br>WA State Department of Corrections<br>P.O. Box 900<br>Shelton, WA  98584 | ( X )  Electronic Service |
| Samantha D. Kanner<br>Deputy Prosecuting Attorney<br>King County Prosecuting Attorney's Office<br>500 Fourth Avenue, 9th Floor<br>Seattle, WA  98104 | ( X )  Electronic Service |

DATED this 23rd day of October, 2017, in Seattle, Washington.

        s/Kathie Fudge
        KATHIE FUDGE, Legal Assistant to
        GREGORY E. JACKSON
        701 5TH Avenue, Suite 3545
        Seattle, WA  98104
        kathief@fjtlaw.com

CITY OF SEATTLE DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS [DKTS. 135, 136, AND 137]
NO. 2:16-CV-01655-RAJ-JPD

5

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA  98104
TEL: (206) 582-6001
FAX: (206) 466-6085