UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

                Plaintiff,

    v.

KING COUNTY, *et al.*,

               Defendants.

Case No. C16-1655-RAJ-JPD

ORDER STRIKING PLAINTIFF'S SUBMISSIONS AND RE-NOTING DISPOSITIVE MOTIONS

This is a civil rights action proceeding under 42 U.S.C. § 1983. On September 15, 2017, this Court issued an Order to Show Cause directing plaintiff to explain why he was not complying with the Court's mandatory Prisoner E-Filing Initiative. (Dkt. 113.) The Court noted in its Order that plaintiff had been repeatedly advised that his compliance with the E-Filing Initiative was mandatory, in accordance with General Order 06-16, and yet he continued to submit documents via the U.S. Mail. (*Id*.) Plaintiff was advised that his failure to provide a meaningful response to the Order to Show Cause would result in all non-complying documents submitted after the date of the Order being returned to him unfiled. (*Id*.)

Since the date of that Order, plaintiff has submitted 17 additional documents to the Court, all via U.S. Mail. (*See* Dkts. 117, 118, 119, 120, 127, 128, 131, 134, 135, 136, 137, 138, 139, 140, 141, 142, and 143.) Included among those documents is plaintiff's response to the Order to Show Cause in which he essentially asserts that he never entered into any agreement with the Court to comply with General Order 06-16, and he therefore isn't bound by the Court's mandatory Prisoner E-Filing Initiative. (Dkt. 134.) However, the General Order expressly states that the Prisoner E-Filing Initiative is "mandatory for all prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative." General Order No. 06-16. Plaintiff is housed at a Washington Department of Corrections (DOC) facility that is actively engaged in the Prisoner E-Filing Initiative, as he has been since his transfer into DOC custody, which means that his participation in the program is **mandatory**. Whether or not plaintiff agreed to participate in the E-Filing Initiative is, quite simply, irrelevant. Because the non-complying documents have already been filed, the Court will not return them to plaintiff but will, instead, simply strike them from the record and will not consider them further.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)	Plaintiff's submissions received since September 15, 2017 which are not in compliance with the Court's Prisoner E-Filing Initiative (Dkts. 117, 118, 119, 120, 127, 128, 131, 134, 135, 136, 137, 138, 139, 140, 141, 142, and 143) are STRICKEN. Any subsequent non-complying submissions will be stricken as well.

(2)	Also pending at the present time are the City of Seattle defendants' motion to dismiss or, in the alternative, to compel discovery (Dkt. 121), and the King County defendants' motion for dismissal and for summary judgment (Dkt. 123). The motions were both noted on the

ORDER STRIKING PLAINTIFF'S
SUBMISSIONS AND RE-NOTING
DISPOSITIVE MOTIONS - 2

Court's calendar for consideration on October 27, 2017, and both motions seek dismissal based on plaintiff's refusal to participate in the discovery process. Plaintiff has not responded in any fashion to defendants' dispositive motions, opting instead to occupy himself with filing a series of frivolous motions which in no way serve to advance this action. Though plaintiff has had ample time to file a response to the pending dispositive motions, the Court deems it appropriate to give plaintiff one final opportunity to respond given that a ruling in defendants' favor on the pending motions would result in termination of this action.

Accordingly, plaintiff is directed to file any response to defendants' pending dispositive motions not later than *November 27, 2017*. Plaintiff is advised, in this regard, that defendants have made a compelling argument for dismissal of this action based upon plaintiff's failure to participate in the discovery process. Just as participation in the Court's Prisoner E-Filing Initiative is mandatory, so to is participation in the discovery process mandatory. If plaintiff continues in his refusal to participate in discovery, this Court will have no alternative but to recommend dismissal of this action.

(3) Defendants' dispositive motions (Dkts. 121 and 123) are RE-NOTED on the Court's calendar for consideration on *December 1, 2017*.

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Richard A. Jones.

Dated this 30th day of October, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER STRIKING PLAINTIFF'S
SUBMISSIONS AND RE-NOTING
DISPOSITIVE MOTIONS - 3