| Applicant Name: | CANTY, KYLE | SSN: ***-**-0361 | Control Number: 98829938 |
|---|---|---|---|

### Report Summary

**Applicant's Status:** Complete
**Services Ordered:**

| Service | | Reference | Result |
|---|---|---|---|
| Enhanced National Criminal | C | | Clear |
| Social Security Trace For County Searches | C | CANTY, KYLE | Informational |
| Sex Offender Registry Check | C | | Clear |
| Score Report - County Record | C | CANTY, KYLE | **Not Competitive** |
| Score Report - Trace | C | CANTY, KYLE | Competitive |
| Global Terrorist Watchlist Search | C | | Clear |
| Misdemeanor/Other Public Record Information | C | WA, KING | Clear |
|   Alias Name Was Checked | | WA, KING | |
| County Criminal Record | C | KING, WA | **Alert** |
|   Alias Name Was Checked | | KING, WA | |
| Federal All Districts Record Check | C | ALL DISTRICTS | Clear |

| Product | Reference | Status | Result |
|---|---|---|---|

**Enhanced National Criminal** — Complete — Clear

Search Performed On 05/25/2018

**CLEAR**

**Social Security Trace For County Searches** — CANTY, KYLE — Complete — Informational

```
SSN TRACE FOR:                              REPORT DATE:
   CANTY, KYLE                                 05/23/2018
   XXX-XX-0361

TOTAL SUBJECTS RETURNED: 1

SUBJECT 1
   CANTY, KYLE L                            LAST SEEN:  04/2018
   1718 E SPEEDWAY BLVD                     FIRST SEEN: 09/2011
   TUCSON, AZ 85719
   ***HIGH RISK INDICATOR: PACKAGING SERVICE.

   CANTY, KYLE L                            LAST SEEN:  05/2018
   PO BOX 67792                             FIRST SEEN: 09/2006
   ROCHESTER, NY 14617

   CANTY, KYLE L                            LAST SEEN:  04/2018
   93 CONGRESS AVE                          FIRST SEEN: 09/2007
   ROCHESTER, NY 14611

   CANTY, KYLE L                            LAST SEEN:  05/2014
   1021 N 11TH AVE                          FIRST SEEN: 07/2011
   TUCSON, AZ 85705

   CANTY, KYLE L                            LAST SEEN:  02/2014
   153 AURAMAR DR                           FIRST SEEN: 09/2010
   ROCHESTER, NY 14609

   CANTY, KYLE L                            LAST SEEN:  08/2013
   1786 SAINT PAUL ST, APT 20               FIRST SEEN: 05/2013
   ROCHESTER, NY 14621
```

| Applicant Name:   CANTY, KYLE | SSN: ***-**-0361 | Control Number: 98829938 |
|---|---|---|

```
CANTY, KYLE L                          LAST SEEN:  09/2009
  312                                  FIRST SEEN: 09/2009
  MIDDLETOWN, PA 17057

CANTY, KYLE L                          LAST SEEN:  09/2009
  PO BOX 312                           FIRST SEEN: 09/2009
  MIDDLETOWN, PA 17057

CANTY, KYLE L                          LAST SEEN:  09/2009
  PO BOX 67475                         FIRST SEEN: 09/2006
  ROCHESTER, NY 14617

CANTY, KYLE L                          LAST SEEN:  09/2006
  2057 HUDSON AVE, APT E               FIRST SEEN: 06/2003
  ROCHESTER, NY 14617

CANTY, KYLE L                          LAST SEEN:  06/2006
  1310 DEWEY AVE, APT 2                FIRST SEEN: 03/2006
  ROCHESTER, NY 14613

CANTY, KYLE L                          LAST SEEN:  09/2005
  130 CALM LAKE CIR, APT C             FIRST SEEN: 09/2005
  ROCHESTER, NY 14612

CANTY, KYLE L                          LAST SEEN:  04/2005
  PO BOX 871                           FIRST SEEN: 03/2005
  LITTLE ROCK, AR 72203

CANTY, KYLE L                          LAST SEEN:  01/2005
  1624 DENNISON ST                     FIRST SEEN: 01/2005
  LITTLE ROCK, AR 72202

CANTY, KYLE L                          LAST SEEN:  08/2004
  E HUDSON AVE                         FIRST SEEN: 11/2003
  ROCHESTER, NY 14617

CANTY, KYLE L                          LAST SEEN:  05/2003
  32 WOODLAWN ST                       FIRST SEEN: 05/2003
  ROCHESTER, NY 14607

CANTY, KYLE L
  11838 PARLIAMENT ST, APT 1310
  SAN ANTONIO, TX 78216
```

END-USER IS NOTIFIED THAT FOR LEGAL AND PRACTICAL REASONS INFORMATION OBTAINED THROUGH A SOCIAL SECURITY NUMBER TRACE SHOULD BE USED ONLY TO VERIFY THE INFORMATION PROVIDED BY THE CONSUMER ON HIS/HER EMPLOYMENT APPLICATION. INFORMATION OBTAINED THROUGH A SOCIAL SECURITY NUMBER TRACE SHOULD NOT BE USED ALONE OR IN CONJUNCTION WITH ANY OTHER INFORMATION TO

**Sex Offender Registry Check**                                    **Complete**    **Clear**

Search Performed On 05/23/2018

There were no records found in the Registered Sex Offender database, including 50 states, Guam, Puerto Rico and the Northern Mariana Islands, matching the submitted search criteria based upon the information provided.

**Score Report - County Record**    **CANTY, KYLE**                **Complete**    **Alert**

Applicant Name:   CANTY, KYLE            SSN: ***-**-0361            Control Number: 98829938

DEFERRED WITHOUT ADDITIONAL REVIEW

| Score Report - Trace | CANTY, KYLE | Complete | Clear |
|---|---|---|---|

Trace Score Results:   Complete

| Global Terrorist Watchlist Search | | Complete | Clear |
|---|---|---|---|

Search Performed On 05/23/2018


No Match was found in the Global Terrorist Watchlist

| Misdemeanor/Other Public Record Info | WA, KING | Complete | Clear |
|---|---|---|---|

Please refer to County Criminal Record service for result information

| County Criminal Record | KING, WA | Complete | Alert |
|---|---|---|---|

\*\*\* ALIAS NAMES HAVE BEEN SEARCHED \*\*\*

WA, KING
-----------------------------------------
Source:    Applicant reported information
Year:      2017
Type:      Felony
Status:    Closed
Desc:      Assualt ( 2nd degree).

==================================================================


CASE INFORMATION

Case Number            16-1-06917-3 S1
Search Date            05/25/2011 to 05/25/2018
Court Jurisdiction     COUNTY
Jurisdiction           KING, WA
Country                US
Status                 CLOSED CASE
State                  WA
County                 KING


Charge Number          1

Final Charge           ASSAULT - SUBSTANTIAL BODILY HARM - SECOND DEGREE
Final Charge Type      FELONY
Disposition Type       GUILTY
Sentence               SUPERVISED PROBATION, 18 MONTHS
                       JAIL, 14 MONTHS
Outcome                CONVICTION
Disposition Date       08/10/2017




Charge Number          2

Final Charge           ASSAULT - SUBSTANTIAL BODILY HARM - SECOND DEGREE
Final Charge Type      FELONY
Disposition Type       GUILTY
Sentence               JAIL, 14 MONTHS
                       SUPERVISED PROBATION, 18 MONTHS

Page:   5 of 6

| | | |
|---|---|---|
| Applicant Name:   CANTY, KYLE | SSN: ***-**-0361 | Control Number: 98829938 |

```
Outcome                    CONVICTION
Disposition Date           08/10/2017




IDENTIFICATION FOUND

Name Found                 KYLE CANTY
DOB                        MATCHES
Comments                   OFFENSE DATE : 12/22/2016
```

| Federal All Districts Record Check | ALL DISTRICTS | Complete | Clear |
|---|---|---|---|

Federal Criminal All Districts Record Check*** CLEAR ***

Jurisdiction:     ALL DISTRICTS

Records Were Checked For a Minimum of Seven Years

All federal jurisdiction courts were checked and no Federal records were found based upon the information provided.

Support Us!



# 15 U.S. Code § 1681s-2 - Responsibilities of furnishers of information to consumer reporting agencies

**(a) DUTY OF FURNISHERS OF INFORMATION TO PROVIDE ACCURATE INFORMATION**

  **(1) PROHIBITION**

    **(A) Reporting information with actual knowledge of errors**
    A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

    **(B) Reporting information after notice and confirmation of errors** A person shall not furnish information relating to a consumer to any consumer reporting agency if—

      (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

      (ii) the information is, in fact, inaccurate.

    **(C) No address requirement**
    A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph (B) shall require a person to specify such an address.

    **(D) Definition**
    For purposes of subparagraph (A), the term "reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

  **(2) DUTY TO CORRECT AND UPDATE INFORMATION** A person who—

    **(A)** regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

    **(B)** has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

      shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

  **(3) DUTY TO PROVIDE NOTICE OF DISPUTE**
  If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

  **(4) DUTY TO PROVIDE NOTICE OF CLOSED ACCOUNTS**
  A person who regularly and in the ordinary course of business furnishes information to a consumer reporting agency regarding a consumer who has a credit account with that person shall notify the agency of the voluntary closure of the account by the consumer, in information regularly furnished for the period in which the account is closed.

  **(5) DUTY TO PROVIDE NOTICE OF DELINQUENCY OF ACCOUNTS**

    **(A) In general**
    A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action.

6/26/2018 15 U.S. Code § 1681s–2 - Responsibilities of furnishers of information to consumer reporting agencies | US Law | LII / Legal Information Institute

Case 2:16-cv-01655-RAJ Document 179-1 Filed 07/02/18 Page 6 of 9

**(B) Rule of construction** For purposes of this paragraph only, and provided that the consumer does not dispute the information, a person that furnishes information on a delinquent account that is placed for collection, charged for profit or loss, or subjected to any similar action, complies with this paragraph, if—

> (i) the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency;
>
> (ii) the creditor did not previously report the date of delinquency to a consumer reporting agency, and the person establishes and follows reasonable procedures to obtain the date of delinquency from the creditor or another reliable source and reports that date to a consumer reporting agency as the date of delinquency; or
>
> (iii) the creditor did not previously report the date of delinquency to a consumer reporting agency and the date of delinquency cannot be reasonably obtained as provided in clause (ii), the person establishes and follows reasonable procedures to ensure the date reported as the date of delinquency precedes the date on which the account is placed for collection, charged to profit or loss, or subjected to any similar action, and reports such date to the credit reporting agency.

**(6) DUTIES OF FURNISHERS UPON NOTICE OF IDENTITY THEFT-RELATED INFORMATION**

**(A) Reasonable procedures**
A person that furnishes information to any consumer reporting agency shall have in place reasonable procedures to respond to any notification that it receives from a consumer reporting agency under section 1681c–2 of this title relating to information resulting from identity theft, to prevent that person from refurnishing such blocked information.

**(B) Information alleged to result from identity theft**
If a consumer submits an identity theft report to a person who furnishes information to a consumer reporting agency at the address specified by that person for receiving such reports stating that information maintained by such person that purports to relate to the consumer resulted from identity theft, the person may not furnish such information that purports to relate to the consumer to any consumer reporting agency, unless the person subsequently knows or is informed by the consumer that the information is correct.

**(7) NEGATIVE INFORMATION**

**(A) Notice to consumer required**

> **(i) In general**
> If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 1681a(p) of this title furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.
>
> **(ii) Notice effective for subsequent submissions**
> After providing such notice, the financial institution may submit additional negative information to a consumer reporting agency described in section 1681a(p) of this title with respect to the same transaction, extension of credit, account, or customer without providing additional notice to the customer.

**(B) Time of notice**

> **(i) In general**
> The notice required under subparagraph (A) shall be provided to the customer prior to, or no later than 30 days after, furnishing the negative information to a consumer reporting agency described in section 1681a(p) of this title.
>
> **(ii) Coordination with new account disclosures**
> If the notice is provided to the customer prior to furnishing the negative information to a consumer reporting agency, the notice may not be included in the initial disclosures provided under section 1637(a) of this title.

**(C) Coordination with other disclosures** The notice required under subparagraph (A)—

> (i) may be included on or with any notice of default, any billing statement, or any other materials provided to the customer; and
>
> (ii) must be clear and conspicuous.

**(D) Model disclosure**

**(i) Duty of Bureau**
The Bureau shall prescribe a brief model disclosure that a financial institution may use to comply with subparagraph (A), which shall not exceed 30 words.

**(ii) Use of model not required**
No provision of this paragraph may be construed to require a financial institution to use any such model form prescribed by the Bureau.

**(iii) Compliance using model**
A financial institution shall be deemed to be in compliance with subparagraph (A) if the financial institution uses any model form prescribed by the Bureau under this subparagraph, or the financial institution uses any such model form and rearranges its format.

**(E) Use of notice without submitting negative information**
No provision of this paragraph shall be construed as requiring a financial institution that has provided a customer with a notice described in subparagraph (A) to furnish negative information about the customer to a consumer reporting agency.

**(F) Safe harbor**
A financial institution shall not be liable for failure to perform the duties required by this paragraph if, at the time of the failure, the financial institution maintained reasonable policies and procedures to comply with this paragraph or the financial institution reasonably believed that the institution is prohibited, by law, from contacting the consumer.

**(G) Definitions** For purposes of this paragraph, the following definitions shall apply:

**(i) Negative information**
The term "negative information" means information concerning a customer's delinquencies, late payments, insolvency, or any form of default.

**(ii) Customer; financial institution**
The terms "customer" and "financial institution" have the same meanings as in section 6809 of this title.

**(8) ABILITY OF CONSUMER TO DISPUTE INFORMATION DIRECTLY WITH FURNISHER**

**(A) In general**
The Bureau, in consultation with the Federal Trade Commission, the Federal banking agencies, and the National Credit Union Administration, shall prescribe regulations that shall identify the circumstances under which a furnisher shall be required to reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on a direct request of a consumer.

**(B) Considerations** In prescribing regulations under subparagraph (A), the agencies shall weigh—

(i) the benefits to consumers with the costs on furnishers and the credit reporting system;

(ii) the impact on the overall accuracy and integrity of consumer reports of any such requirements;

(iii) whether direct contact by the consumer with the furnisher would likely result in the most expeditious resolution of any such dispute; and

(iv) the potential impact on the credit reporting process if credit repair organizations, as defined in section 1679a(3) of this title, including entities that would be a credit repair organization, but for section 1679a(3)(B)(i) of this title, are able to circumvent the prohibition in subparagraph (G).

**(C) Applicability**
Subparagraphs (D) through (G) shall apply in any circumstance identified under the regulations promulgated under subparagraph (A).

**(D) Submitting a notice of dispute** A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that—

(i) identifies the specific information that is being disputed;

(ii) explains the basis for the dispute; and

(iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.

6/26/2018 15 U.S. Code § 1681s–2 - Responsibilities of furnishers of information to consumer reporting agencies | US Law | LII / Legal Information Institute

Case 2:16-cv-01655-RAJ   Document 179-1   Filed 07/02/18   Page 8 of 9

**(E) Duty of person after receiving notice of dispute** After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—

**(i)** conduct an investigation with respect to the disputed information;

**(ii)** review all relevant information provided by the consumer with the notice;

**(iii)** complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i(a)(1) of this title within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and

**(iv)** if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

**(F) Frivolous or irrelevant dispute**

**(i) In general** This paragraph shall not apply if the person receiving a notice of a dispute from a consumer reasonably determines that the dispute is frivolous or irrelevant, including—

**(I)** by reason of the failure of a consumer to provide sufficient information to investigate the disputed information; or

**(II)** the submission by a consumer of a dispute that is substantially the same as a dispute previously submitted by or for the consumer, either directly to the person or through a consumer reporting agency under subsection (b), with respect to which the person has already performed the person's duties under this paragraph or subsection (b), as applicable.

**(ii) Notice of determination**
Upon making any determination under clause (i) that a dispute is frivolous or irrelevant, the person shall notify the consumer of such determination not later than 5 business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the person.

**(iii) Contents of notice** A notice under clause (ii) shall include—

**(I)** the reasons for the determination under clause (i); and

**(II)** identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information.

**(G) Exclusion of credit repair organizations**
This paragraph shall not apply if the notice of the dispute is submitted by, is prepared on behalf of the consumer by, or is submitted on a form supplied to the consumer by, a credit repair organization, as defined in section 1679a(3) of this title, or an entity that would be a credit repair organization, but for section 1679a(3)(B)(i) of this title.

**(9) DUTY TO PROVIDE NOTICE OF STATUS AS MEDICAL INFORMATION FURNISHER**
A person whose primary business is providing medical services, products, or devices, or the person's agent or assignee, who furnishes information to a consumer reporting agency on a consumer shall be considered a medical information furnisher for purposes of this subchapter, and shall notify the agency of such status.

**(b) DUTIES OF FURNISHERS OF INFORMATION UPON NOTICE OF DISPUTE**

**(1) IN GENERAL** After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

**(A)** conduct an investigation with respect to the disputed information;

**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

**(C)** report the results of the investigation to the consumer reporting agency;

**(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

**(i)** modify that item of information;

6/26/2018 15 U.S. Code § 1681s-2 - Responsibilities of furnishers of information to consumer reporting agencies | US Law | LII / Legal Information Institute

Case 2:16-cv-01065-RAJ Document 19-1 Filed 07/02/18 Page 9 of 9

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

**(2) DEADLINE**
A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**(c) LIMITATION ON LIABILITY** Except as provided in section 1681s(c)(1)(B) of this title, sections 1681n and 1681o of this title do not apply to any violation of—

(1) subsection (a) of this section, including any regulations issued thereunder;

(2) subsection (e) of this section, except that nothing in this paragraph shall limit, expand, or otherwise affect liability under section 1681n or 1681o of this title, as applicable, for violations of subsection (b) of this section; or

(3) subsection (e) of section 1681m of this title.

**(d) LIMITATION ON ENFORCEMENT**
The provisions of law described in paragraphs (1) through (3) of subsection (c) (other than with respect to the exception described in paragraph (2) of subsection (c)) shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title.

**(e) ACCURACY GUIDELINES AND REGULATIONS REQUIRED**

**(1) GUIDELINES** The Bureau shall, with respect to persons or entities that are subject to the enforcement authority of the Bureau under section 1681s of this title—

(A) establish and maintain guidelines for use by each person that furnishes information to a consumer reporting agency regarding the accuracy and integrity of the information relating to consumers that such entities furnish to consumer reporting agencies, and update such guidelines as often as necessary; and

(B) prescribe regulations requiring each person that furnishes information to a consumer reporting agency to establish reasonable policies and procedures for implementing the guidelines established pursuant to subparagraph (A).

**(2) CRITERIA** In developing the guidelines required by paragraph (1)(A), the Bureau shall—

(A) identify patterns, practices, and specific forms of activity that can compromise the accuracy and integrity of information furnished to consumer reporting agencies;

(B) review the methods (including technological means) used to furnish information relating to consumers to consumer reporting agencies;

(C) determine whether persons that furnish information to consumer reporting agencies maintain and enforce policies to ensure the accuracy and integrity of information furnished to consumer reporting agencies; and

(D) examine the policies and processes that persons that furnish information to consumer reporting agencies employ to conduct reinvestigations and correct inaccurate information relating to consumers that has been furnished to consumer reporting agencies.

(Pub. L. 90–321, title VI, § 623, as added Pub. L. 104–208, div. A, title II, § 2413(a)(2), Sept. 30, 1996, 110 Stat. 3009–447; amended Pub. L. 108–159, title I, § 154(a), title II, § 217(a), title III, §§ 312(a)–(e)(1), 314(b), title IV, § 412(a), Dec. 4, 2003, 117 Stat. 1966, 1986, 1989–1993, 1995, 2002; Pub. L. 111–203, title X, § 1088(a)(2)(D), (11), July 21, 2010, 124 Stat. 2087, 2090.)

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*


Safely collect electronic medical records with secure online **HIPAA forms.**

About LII

Contact us

Advertise here