HON. Richard A. Jones

HON. James P. Donohue

```
_____ FILED   _____ ENTERED
_____ LODGED _____ RECEIVED
```

SG   AUG 03 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

KYLE LYDELL CANTY,

    Plaintiff,

VS

CITY OF SEATTLE, et al

    Defendants.

Case NO. 2:16-cv-01655-RAJ-JPD

Declaration of Law Firm

Freimund Jackson & Tardif, PLLC

With Exhibits Attached

## Certification of Oath

I Kyle Lydell Canty does certify and stand by this declaration of Bar Certified Gregory E. Jackson WSBA# 17541, and Bar Certified Amee J. Tilger WSBA# 34613. The Declaration of these two idiots shall be used against them, their law firm, all defendants and non-defendants such as the Federal Bureau of Retards, also it shall be used against them in the Karmic Laws of the Universe. Gregory E. Jackson and Amee J. Tilger are both above the age of 18 years old, do not have common sense, and are not logical thinkers. Attached is the original responses and signatures of Friemund Jackson & Tardif, PLLC.

                                                    Kyle Lydell Canty
                                                  77 S. Washington St.
                                                  Seattle WA, 98104

## Statement of issues

Should the Defendants continue to dig themselves a deeper hole even though the hole that the defendants have dug is deep already? Should the U. S. District Court Western District of Washington At Seattle Continue to dig themselves a deeper hole with its injustice towards the plaintiff Kyle Lydell Canty even though they know that they are dealing with a different breed of immortal who welcomes death according to the karmic Laws of this universe?

## Statement of Facts

1. In the plaintiff's first set of interrogatories to the defendants, the question was asked quote" Was the plaintiff Kyle Lydell Canty targeted out because he is Black or African descent living in the city of Seattle?" ( Please see attached exhibits for the defendants contradictory to the evidence responses)

2. In the plaintiff's first set of interrogatories to the defendants, the question was asked quote" did the plaintiff have any criminal record before July 8, 2016 or July 13, 2016?" ( Please see attached exhibits for the defendants contradictory to the evidence responses)

3. In the plaintiff's first set of interrogatories to the defendants, the question was asked quote" Has the plaintiff ever been civilly committed in any state in the United States including Washington State prior to July 8 2016?"( Please see attached exhibits for the defendants contradictory to the evidence responses)

4. In the plaintiff's first set of interrogatories to the defendants, the question was asked quote" Was the plaintiff under surveillance prior to July 8 2016 or July 13, 2016?"

Kyle Lydell Canty
77 S. Washington St.
Seattle WA, 98104

4. In the plaintiff's first set of interrogatories to the defendants, the question was asked quote" Was the plaintiff under surveillance prior to July 8 2016 or July 13, 2016?" (Please see attached exhibits for the defendants contradictory to the evidence responses)

5. In the plaintiff's first set of interrogatories to the defendants, the question was asked quote" Did any of the defendants know about the plaintiff applying for asylum in a different country prior to July 8 2016?"( Please see attached exhibits for the defendants contradictory to the evidence responses)

## Conclusion

So these two idiots Gregory Creep Jackoff oops Jackson and Amee Tilger thought they could fly until their wings were clipped. Stop crying to the judge like a little bitch Greg, asking him to save you, what a bunch of cowards. You better be worried about all the rest of the evidence that we have in our possession, as you all can see we don't bluff, You should have played it safe Greg but no you wanted to play this hard ball shit and do things the hard way after we warned you, you better wisen up in this game, we play for keeps creeps!

Prepared by:
*[signature]* 08/02/2018
Kyle Lydell Canty

"PEONS ARE ALWAYS TRYING TO ESCAPE THEIR FATE

GREGORY CREEP JACKOFF

YOU HAVE ALREADY LOST ACORDING TO THE PAPER WORK,

THE FURTHER YOU GO THE MORE IT WILL HURT,

WE WILL TEACH ALL OPPOSITION A VERY VAUABLE LESSON,

THROW IN THE TOWEL,

ONLY YOU CAN PREVENT FUTHER DAMAGE"! PHASE 2 SHALL BEGIN...

Kyle Lydell Canty
77 S. Washington St.
Seattle WA, 98104

Honorable Richard Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LYDELL CANTY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, et al.,<br><br>　　　　Defendants. | NO. 2:16-CV-01655-RAJ-JPD<br><br>CITY OF SEATTLE DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS PURSUANT TO RULE 33 (FRCP) |

Defendants City of Seattle and Officers Marshall Coolidge, Sean Culbertson, Timothy Renihan, and Hancock ("City of Seattle Defendants") provide the following answers and objections to Plaintiff's First Set of Interrogatories to Defendants Pursuant to Rule 33 (FRCP).

**OBJECTION:** The City of Seattle Defendants do not stipulate to any of the instructions set forth by Plaintiff in his original First Set of Interrogatories to Defendants. All answers and objections will be given in accordance with the Federal Rules of Civil Procedure.

INTERROGATORY NO. 1: Was the Plaintiff Kyle Lydell Canty targeted out because he is Black or of African descent living in the City of Seattle?

**ANSWER:** The City of Seattle Defendants object to this Interrogatory as ambiguous as to what is meant by "targeted out." The City of Seattle Defendants further object to this Interrogatory as vague as it does not specify to what individual(s) or entity(ies) it is addressed. Without waiving their objections and limiting the answer to the City of Seattle Defendants, No.

CITY OF SEATTLE DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS PURSUANT TO RULE 33 (FRCP)
NO. 2:16-CV-01655-RAJ-JPD

1

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

INTERROGATORY NO. 2:   Did the Plaintiff have any criminal record before July 8, 2016 or July 13, 2016?

ANSWER:   The City of Seattle Defendants object to this Interrogatory as vague and ambiguous as to whether "criminal record" refers to arrests, convictions, or both. This Interrogatory is also vague and ambiguous as to whether Plaintiff is asking about arrests and/or convictions within the State of Washington or in other jurisdictions. The City of Seattle Defendants also object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 to the extent it seeks information outside the City of Seattle Defendants' possession, custody, or control. The City of Seattle Defendants further object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 because it is not reasonably calculated to lead to the discovery of admissible evidence in this case. Without waiving their objections, the City of Seattle Defendants became aware on July 8, 2016 that Plaintiff had prior arrests in New York, Arizona, and Oregon.

INTERROGATORY NO. 3:   Has the Plaintiff ever been civilly committed in any state in the United States including Washington State, prior to July 8, 2016.

ANSWER:   The City of Seattle Defendants object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 to the extent it seeks information outside the City of Seattle Defendants' possession, custody, or control. Without waiving their objections, the City of Seattle Defendants are without knowledge to answer this Interrogatory.

INTERROGATORY NO. 4:   Was the Plaintiff under surveillance prior to July 8, 2016 or July 13, 2016?

ANSWER:   The City of Seattle Defendants further object to this Interrogatory as vague and ambiguous as it does not specify to what individual(s) or entity(ies) it is addressed nor does it define what is meant by "under surveillance". The City of Seattle Defendants object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 to the extent it seeks information outside the City of Seattle Defendants' possession, custody, or control. Without waiving their objections and limiting their answers to the City of Seattle Defendants, Plaintiff was briefly observed and followed by Seattle Police Department officers during a protest on July 7, 2016 due to Plaintiff's previous threats to

CITY OF SEATTLE DEFENDANTS'
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS
PURSUANT TO RULE 33 (FRCP)
NO. 2:16-CV-01655-RAJ-JPD

2

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

harm law enforcement and the killing of five police officers in Dallas. Observation of Plaintiff's movements ended on July 7, 2016 when the protest ended.

INTERROGATORY NO. 5: Did any of the Defendants know about the Plaintiff applying for asylum in a different Country prior to July 8, 2016?

ANSWER: The City of Seattle Defendants object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 to the extent it seeks information outside the City of Seattle Defendants' possession, custody, or control. Without waiving their objections, Defendant Culbertson was aware prior to July 8, 2016 that Plaintiff had sought asylum in a different country. Defendant Renihan learned on or about July 8, 2016 that Plaintiff had sought asylum in a different country. Plaintiff also sent via email a news article about his asylum request to Sgt. Nadia Fiorini with the Office of Professional Accountability on July 5, 2016.

INTERROGATORY NO. 6: Is the City of Seattle along with King County targeting homeless people by falsely civilly committing them, in order to get a false diagnosis from paid off Psychiatric Physicians at Harborview Medical Center?

ANSWER: The City of Seattle Defendants object to the inflammatory and inaccurate characterization of the City of Seattle Defendants' involvement in the civil commitment process. The City of Seattle Defendants also object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 to the extent it seeks information outside the City of Seattle Defendants' possession, custody, or control. The City of Seattle Defendants further object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 because it is not reasonably calculated to lead to the discovery of admissible evidence in this case. Without waiving their objections and limiting their response to the City of Seattle Defendants, No.

/././

/././

CITY OF SEATTLE DEFENDANTS'
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS
PURSUANT TO RULE 33 (FRCP)
NO. 2:16-CV-01655-RAJ-JPD

3

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

INTERROGATORY NO. 7: Does King County or the City of Seattle have any type of partnership with Harborview Medical Center?

ANSWER: The City of Seattle Defendants object to this Interrogatory as vague as to what is meant by "partnership" with Harborview Medical Center and overly broad as to "any type". This kind of vague, open-ended discovery request creates a trap for the City of Seattle Defendants that can easily produce claims that the City of Seattle Defendants did not completely respond to this Interrogatory. The City of Seattle Defendants object to this Interrogatory as beyond the scope of Fed. R. Civ. P. 26 as it is not reasonably calculated to lead to the discovery of admissible evidence in this matter. The City of Seattle Defendants further object to this Interrogatory as beyond the scope of permissible discovery under Fed. R. Civ. P. 26 and 33 to the extent it seeks information outside the City of Seattle Defendants' possession, custody, or control. Without waiving their objections, the City of Seattle Defendants are unable to answer this Interrogatory. If Plaintiff clarifies the information he is seeking, the City of Seattle Defendants will endeavor to respond.

RESPONSES DATED this 15th day of September, 2017.

*[signature]*

GREGORY E. JACKSON, WSBA #17541
JOHN R. NICHOLSON, WSBA #30499
AMEE J. TILGER, WSBA #34613
Freimund Jackson & Tardif, PLLC
701 5th Avenue, Suite 3545
Seattle, WA 98104
Telephone: (206) 582-6001
Facsimile: (206) 466-6085
gregj@fjtlaw.com
Attorneys for Defendants City of Seattle,
Officer Marshall Coolidge, Sean Culbertson,
Timothy Renihan and Officer Hancock

CITY OF SEATTLE DEFENDANTS'
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS
PURSUANT TO RULE 33 (FRCP)
NO. 2:16-CV-01655-RAJ-JPD

4

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085

## CERTIFICATE OF SERVICE

I certify that on the 15th day of September, 2017, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Pro se Plaintiff,<br><br>Kyle Lydell Canty<br>**Inmate #401358**<br>**Washington State Department of Corrections**<br>**P.O. Box 900**<br>**Shelton, WA   98584** | ( X )  U.S. Mail |
| Samantha D. Kanner, WSBA #36943<br>Deputy Prosecuting Attorney<br>King County Prosecuting Attorney's Office<br>500 Fourth Avenue, 9th Floor<br>Seattle, WA  98104<br>(206) 296-8820<br>SamanthaKanner@kingcounty.gov | ( X )  U.S. Mail |

DATED this 15th day of September, 2017, in Seattle, Washington.

*/s/ Kathie Fudge*
KATHIE FUDGE, Legal Assistant to
GREGORY E. JACKSON
701 5TH Avenue, Suite 3545
Seattle, WA  98104
kathief@fjtlaw.com

CITY OF SEATTLE DEFENDANTS'
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS
PURSUANT TO RULE 33 (FRCP)
NO. 2:16-CV-01655-RAJ-JPD

5

FREIMUND JACKSON & TARDIF, PLLC
701 FIFTH AVENUE, SUITE 3545
SEATTLE, WA 98104
TEL: (206) 582-6001
FAX: (206) 466-6085